IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, et al., | CV 21–108–M–DWM |
| Plaintiffs, | |
| and | ORDER |
| MONTANA NURSES ASSOCIATION, | |
| Plaintiff-Intervenors, | |
| vs. | |
| AUSTIN KNUDSEN, et. al. | |
| Defendants. | |

The Montana Nurses Association ("the Nurses") have filed a motion to intervene as a matter of right in this action pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, to intervene at the Court's discretion pursuant to Rule 24(b). (Doc. 11.) Defendants oppose that motion. (Doc. 22.)

Intervention as of right under Rule 24(a) is appropriate when the party seeking to intervene demonstrates the following: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the subject of the

1

action; (3) the applicant's ability to protect its interest may be impaired or impeded by the disposition of the action; and (4) the existing parties may not adequately represent the applicant's interest. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Id.* The review of an application to intervene "is guided primarily by practical considerations, not technical distinctions." *Id.* (quotation marks omitted). The practical considerations of this case indicate that intervention as a matter of right is appropriate.

The parties do not dispute that the Nurse's intervention is timely. Defendants assert that the Nurses fail to meet the remaining three elements. However, the Nurses have shown that their asserted interest is "protectable under some law" and that "there is a relationship between the legally protected interest and the claims at issue." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). The Nurses assert interests under federal safety workplace laws, federal disability laws, and the Montana Constitution, and those interests are related to the claims at the heart of this case. Moreover, the disposition of the action may impair or impede the Nurses' ability to protect its asserted interests because, as evinced by the requested relief in the Nurses' proposed complaint that

2

is comparatively broader than the relief sought by Plaintiffs, a ruling adverse to

Plaintiffs would impair the Nurses' ability to seek relief in a separate action.

Finally, while Defendants fairly note that the Nurses' proposed complaint raises

identical claims to those Plaintiffs raised, Plaintiffs nonetheless may not adequately

represent the Nurses' interests.  Contrary to Defendants' position, the broader relief

that the Nurses request is not a merely "negligible difference" that is subsumed by

Plaintiffs' Complaint.  Accordingly, the Nurses will be permitted to intervene as of

right.

Defendants also emphasize the Court's previous order that highlighted the

urgency of his action.  (*See* Doc. 22 at 14.)  Consistent with Federal Rule of Civil

Procedure 1, there remains an interest in reaching the "just, speedy, and

inexpensive determination" of this action.  If Defendants seek to dismiss the

Nurses' complaint on grounds previously raised in response to Plaintiffs'

complaint, the parties need not submit additional briefing on arguments previously

addressed as those arguments shall be deemed incorporated by reference.

IT IS ORDERED that the Nurses' motion to intervene, (Doc. 11), is

GRANTED.

IT IS FURTHER ORDERED that the Nurses' proposed complaint, (Doc.

11-1), is deemed FILED.

3

IT IS FURTHER ORDERED that the caption shall be amended as reflected

above.

DATED this 30 day of November, 2021.

15: 46 P.M.

Donald W. Molloy, District Judge
United States District Court

4