Raph Graybill
GRAYBILL LAW FIRM, PC
300 4th Street North
Great Falls, MT 59403
Phone: (406) 452-8566
Email: rgraybill@silverstatelaw.net

*Attorney for Plaintiff-Intervenor*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> and <br><br> MONTANA NURSES ASSOCIATION, <br><br> Plaintiff-Intervenor <br><br> v. <br><br> AUSTIN KNUDSEN, Montana Attorney General, and LAURIE ESAU, Montana Commissioner of Labor and Industry, <br><br> Defendants. | Cause No. 9:21-cv-108 <br><br> Hon. Donald W. Molloy <br><br><br> **PLAINTIFF-INTERVENOR'S PRELIMINARY PRETRIAL STATEMENT** |

Plaintiff-Intervenor the Montana Nurses Association ("MNA" or "the Nurses") respectfully submits this Preliminary Pretrial Statement pursuant to L.R. 16(2)(b)(1). Plaintiff-Intervenor joins and incorporates the submissions in

1

Plaintiffs' Preliminary Pretrial Statement and supplements them as follows:

### A. Factual Outline of the Case

Plaintiff-Intervenor challenges Mont. Code Ann. §§ 49-2-312 and 49-2-313 because the statutes are preempted by two provisions of the Americans with Disabilities Act ("ADA"), the Occupational Safety and Health Act ("OSHA") and implementing regulations, and a CMS regulation regarding vaccinations; and because the statutes violate the right to a clean and healthful environment under the Montana Constitution and the right to equal protection of the laws under the Montana and United States Constitutions. The operation of Mont. Code Ann. §§ 49-2-312 and 49-2-313 injures MNA members by denying them the protections of federal law and the Montana Constitution. MNA members are injured in their capacities as owners and operators of healthcare businesses, as employees who work in healthcare settings affected by the statutes, and as patients themselves. Plaintiff-Intervenors seek declaratory and prospective injunctive relief.

The Court examined Mont. Code Ann. §§ 49-2-312 and 49-2-313 in its Opinion and Order Granting in Part and Denying in Part the Motion for Preliminary Injunction (Doc. 53) and summarized their operation as follows:

> [Mont. Code Ann. § 49-2-312] prohibits persons and entities-with limited exceptions-from withholding goods, services, or employment "based on the person's vaccination status or whether the person has an immunity passport" . . . [while Mont. Code Ann. § 49-2-313] then exempts certain facilities from § 49-2-312, such as licensed nursing

homes, long-term care facilities, or assisted living facilities (collectively, "Exempted Facilities").

(Doc. 53 at 1-2).

Plaintiff-Intervenor is a nonprofit professional nurse association that promotes professional nursing practice, standards and education; represents professional nurses; and provides nursing leadership in promoting high quality healthcare. MNA represents approximately 18,000 Registered Nurses (RNs) in Montana, including more than 1000 licensed as Advanced Practice Registered Nurses (APRNs).

Defendants are responsible for the enforcement of Mont. Code Ann. §§ 49-2-312 and 49-2-313.

MNA members are employed and provide direct nursing care to patients in healthcare settings across Montana, including "health care facility[ies]," as defined in Mont. Code Ann. § 50-5-101(26)(a), hospitals, offices of private physicians, "state and local public health agencies and their public and private sector partners," Mont. Code Ann. § 50-1-101(12), federally qualified health centers, federal health facilities, state and local institutional settings like jails and correctional facilities, school settings, and others (collectively, "healthcare settings"). APRNs, who have enjoyed full practice authority for over 40 years in Montana, also provide primary and specialty healthcare as independent practitioners in the healthcare settings

3

defined above. In many instances, APRNs own or manage their own private practice to provide primary and/or specialty care.

MNA has members with compromised immune systems. Certain MNA members with compromised immune systems are "qualified individuals with a disability" for purposes of the ADA, 42 U.S.C. §§ 12102, 12131, 12181.

MNA members treat patients with compromised immune systems.

MNA members are employed alongside individuals who may have compromised immune systems.

Mont. Code Ann. §§ 49-2-312 and 49-2-313 prevent, or at least substantially limit, MNA members from working in a safe environment, for themselves and their patients, and inhibit MNA members' ability to practice ethical and effective nursing care.

**B. Jurisdiction and Venue**

Plaintiff-Intervenor asserts eight claims against Defendants: Claim One (violation of the ADA, 42 U.S.C. § 12112(b)(5)(A)), Claim Two (violation of the public accommodation provision of the ADA, 42 U.S.C. § 12102(1)(A)), Claim Three (violation of OSHA, 29 U.S.C. § 654(a)(1)), Claim Four (violation of OSHA regulation 29 C.F.R. § 1910.504), Claim Five (violation of the Montana Constitution's clean and healthful environment guarantee in Article II, Section 3), Claim Six (violation of the Montana Constitution's equal protection guarantee in

4

Article II, Section 4), Claim Seven (violation of the Equal Protection Clause of the Fourteenth Amendment), and Claim Eight (violation of 42 C.F.R. § 482).

Jurisdiction for Claims One through Four and Claim Eight is founded on 28 U.S.C. § 1331. Jurisdiction for Claim Seven is founded on 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Jurisdiction for Claims Five and Six is founded on 28 U.S.C. § 1367.

Though it is not an independent source of jurisdiction, Plaintiff-Intervenor also seeks declaratory relief under 28 U.S.C. § 2201.

Venue is proper for all claims under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff-Intervenor's claims occurred in this judicial district.

### C. Factual Basis for Plaintiff-Intervenor's Claims

In addition to those facts stated in Plaintiffs' Preliminary Pretrial Statement and any facts stipulated to by all parties, MNA provides the following:

MNA members are employed and provide direct nursing care to patients in healthcare settings across Montana, including "health care facility[ies]," as defined in Mont. Code Ann. § 50-5-101(26)(a), hospitals, offices of private physicians, "state and local public health agencies and their public and private sector partners," Mont. Code Ann. § 50-1-101(12), federally qualified health centers, federal health

5

facilities, state and local institutional settings like jails and correctional facilities, school settings, and others.

APRNs, who have enjoyed full practice authority for over 40 years in Montana, provide primary and specialty healthcare as independent practitioners. In many instances, APRNs own or manage their own private practice to provide primary and/or specialty care.

MNA has members with compromised immune systems.  Certain MNA members with compromised immune systems are "qualified individuals with a disability" for purposes of the ADA, 42 U.S.C. §§ 12102, 12131, 12181.

MNA members treat patients with compromised immune systems.

MNA members are employed alongside individuals who may have compromised immune systems.

The operation of Mont. Code Ann. §§ 49-2-312 and 49-2-313 denies MNA members the protection of federal law and the Montana Constitution.  The statutes prevent MNA members who own or manage healthcare settings from complying with requirements of the federal law and the Montana Constitution that govern the operation of healthcare settings.  The statutes deny MNA members their protections under the ADA.  The statutes create an unsafe workplace for MNA members who work in healthcare settings.  And the statutes impact MNA members in their capacity as patients.

**D. Legal Theories Underlying Plaintiff-Intervenor's Claims**

Pursuant to the Supremacy Clause, U.S. Const. art. VI, cl. 2, federal statutes and regulations preempt incompatible state laws. Mont. Code Ann. § 49-2-312 is preempted by 42 U.S.C. § 12112(b)(5)(A), 42 U.S.C. § 12182, 29 U.S.C. § 654(a)(1), 29 U.S.C. § 654(a)(2), 29 C.F.R. § 1910.502, 42 C.F.R. § 482 because Mont. Code Ann. § 49-2-312 undercuts the purposes of, interferes with, and is incompatible with these federal statutes and regulations. MNA members are injured by the conflict between state and federal law.

Specifically with regard to preemption:

- Because Mont. Code Ann. § 49-2-312 prevents employers in healthcare settings from complying with 42 U.S.C. § 12112(b)(5)(A), thus denying these protections to MNA members if employers follow state law, and because it makes it more difficult for MNA members (including and especially those who require an accommodation because of an immunocompromise) to obtain employment in healthcare settings, Mont. Code Ann. § 49-2-312 undercuts the purposes of the ADA § 12112(b)(5)(A) and is preempted.
- Because Mont. Code Ann. § 49-2-312 prevents healthcare settings from complying with 42 U.S.C. § 12182, because it denies MNA members the benefits of the protection of federal law, and because it reduces the

7

accessibility of healthcare settings to persons with compromised immune systems, including MNA members, it is preempted by the ADA.

- Because Mont. Code Ann. § 49-2-312 impedes employers in healthcare settings from identifying or controlling the placement of employees based upon vaccination status, employers in healthcare settings are unable to comply—or are at least impeded from complying—with OSHA § 654(a)(1). As a direct result, MNA members employed in healthcare settings are denied the benefits of federal law. Further, Mont. Code Ann. § 49-2-312 limits the ability of those persons with compromised immune systems who now work at healthcare settings, or who may wish to work in healthcare settings, from securing the benefits of OSHA § 654(a)(1). Because Mont. Code Ann. § 49-2-312 undercuts the purposes of OSHA § 654(a)(1), it is preempted.

- Because Mont. Code Ann. § 49-2-312 prevents—or at least impedes—healthcare settings, from complying with OSHA § 654(a)(2) and OSHA Regulation § 1910.502, and other similar regulations, it is preempted.

- To the extent that Mont. Code Ann. § 49-2-312 prohibits Montana healthcare settings that employ MNA members from complying with the CMS Conditions of Participation, including requiring vaccination of their staff under 42 C.F.R. § 482, or undercuts the purpose of the CMS Regulations, Mont. Code Ann. § 49-2-312 is preempted.

Mont. Code Ann. § 49-2-312 also violates the Montana Constitution's right to a clean and healthful environment by interfering with measures to ensure the safety and health of MNA members. Mont. Code Ann. § 49-2-312 prevents MNA members from enjoying their constitutional right to a healthful environment, both in their workplace and when they receive their own care.

Finally, Mont. Code Ann. § 49-2-312, in conjunction with the operation of Mont. Code Ann. § 49-2-313, denies MNA members equal protection of the laws secured by Article II, Section 4 of the Montana Constitution and the Fourteenth Amendment to the Constitution of the United States by exempting certain healthcare settings from the requirements of Mont. Code Ann. § 49-2-312 while imposing the requirement on other similarly situated healthcare settings. Under the two statutes, MNA members in certain healthcare settings, are treated more stringently than those employed nursing homes, long term care facilities, or assisted living facilities. The statutes thereby draw an unreasonable and baseless distinction between all other healthcare setting and certain facilities that treat the same types of patients. Immunocompromised and other disabled Montana citizens, including MNA members, are disparately and adversely affected by the statutes as compared with other similarly situated Montana citizens. For example, immunocompromised MNA members who work or receive care in licensed nursing home facilities are entitled to work alongside and/or receive treatment only

9

from vaccinated providers, whereas immunocompromised MNA members who work or receive care in other clinical settings are not. There is no state interest in, or rational basis for, for the disparate treatment.

### E. Computation of Damages

Plaintiff-Intervenor does not seek the recovery of monetary damages from Defendants, other than its request for attorney's fees, litigation expenses, and costs. Such costs are unknown at this time and contingent on the course and outcome of the litigation.

### F. Pendency and Disposition of Related Litigation

*Netzer Law Office, P.C. and Donald Netzer v. State of Montana* is currently on appeal before the Montana Supreme Court, No. DA 22-0109. That case challenges Mont. Code Ann. §§ 49-2-312 and 49-2-313 outside the healthcare context on theories somewhat similar to those presented in this case. The state district court denied the Plaintiffs' request for preliminary injunctive relief, which is now the subject of the pending appeal. The Plaintiffs have not yet filed their opening brief.

### G. Proposed Additional Stipulations of Fact and Law

1.     The Montana Nurses' Association (MNA) is a nonprofit professional nurse association that promotes professional nursing practice, standards and education; represents professional nurses; and provides nursing leadership in

promoting high quality healthcare.  MNA represents approximately 18,000 Registered Nurses (RNs) in Montana, including more than 1000 licensed as Advanced Practice Registered Nurses (APRNs).

2. MNA members are employed and provide direct nursing care to patients in healthcare settings across Montana, including "health care facility[ies]," as defined in Mont. Code Ann. § 50-5-101(26)(a), hospitals, offices of private physicians, "state and local public health agencies and their public and private sector partners," Mont. Code Ann. § 50-1-101(12), federally qualified health centers, federal health facilities, state and local institutional settings like jails and correctional facilities, school settings, and others (collectively, "healthcare settings").

3. APRNs, who have enjoyed full practice authority for over 40 years in Montana, provide primary and specialty healthcare as independent practitioners.

4. In many instances, APRNs own or manage their own private practice to provide primary and/or specialty care.

5. MNA has members with compromised immune systems.

6. Certain MNA members with compromised immune systems are "qualified individuals with a disability" for purposes of the ADA, 42 U.S.C. §§ 12102, 12131, 12181.

7. MNA members treat patients with compromised immune systems.

11

8. MNA members are employed alongside individuals who may have compromised immune systems.

**H. Proposed Deadlines to Join Parties or Amend Pleadings**

Upon meeting and conferring with Plaintiffs and Defendants, Plaintiff-Intervenor is in agreement with the mutually proposed date of June 3, 2022, as the deadline to join parties or amend pleadings.

**I. Controlling Issues of Law that May Be Suitable for Pretrial Disposition**

1. Is Mont. Code Ann. § 49-2-312 preempted by the ADA, 42 U.S.C. § 12112(b)(5)(A)?

2. Is Mont. Code Ann. § 49-2-312 preempted by the public accommodation provision of the ADA, 42 U.S.C. § 12182?

3. Is Mont. Code Ann. § 49-2-312 preempted by OSHA, 29 U.S.C. § 654(a)(1)?

4. Is Mont. Code Ann. § 49-2-312 preempted by OSHA, 29 U.S.C. § 654(a)(2) and OSHA regulation, 29 C.F.R. § 1910.502?

5. Does Mont. Code Ann. § 49-2-312 violate Article II, Section 3 of the Montana Constitution?

6. Does Mont. Code Ann. § 49-2-312, in conjunction with the operation of Mont. Code Ann. § 49-2-313, violate Article II, Section 4 of the Montana

Constitution?

7. Does Mont. Code Ann. § 49-2-312, in conjunction with the operation of Mont. Code Ann. § 49-2-313, violate the Fourteenth Amendment of the Constitution of the United States?

8. Is Mont. Code Ann. § 49-2-312 preempted by CMS regulation, 42 C.F.R. § 482?

### J. Persons Having Information Regarding This Case

| Name | Address | Information |
|---|---|---|
| Vicky Byrd | 20 Old Montana State Highway, Clancy, MT 59634 | Vicky Byrd is aware of all matters associated with the Montana Nurses Association and has personal knowledge of |

Any witness disclosed by Plaintiffs or Defendants

Witnesses identified in discovery.

Witnesses necessary for foundation, rebuttal, or impeachment.

### K. Insurance

None.

### L. Prospects for Compromise

The parties have not engaged in settlement discussions and Plaintiff-

13

Intervenor does not believe a resolution is likely through compromise.

### M. Suitability of Special Procedures

None.

Plaintiffs reserve the right to supplement this statement.

DATED this 12th day of May, 2022.

/s/ Raph Graybill
Raph Graybill

Attorney for Plaintiff-Intervenor

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing preliminary pretrial statement complies with the requirements of Rule 1.5, is double spaced, except for footnotes, quoted, and indented material, and it is proportionately spaced utilizing a 14 point Times New Roman type face.

/s/ Raph Graybill
Raph Graybill

Attorney for Plaintiff-Intervenor

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

/s/ Raph Graybill
Raph Graybill

Attorney for Plaintiff-Intervenor