IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, et al., | CV 21–108–M–DWM |
| Plaintiffs, | ORDER |
| and | |
| MONTANA NURSES ASSOCIATION, | |
| Plaintiff-Intervenor, | |
| vs. | |
| AUSTIN KNUDSEN, et al., | |
| Defendants. | |

Under Rule 16(a) of the Federal Rules of Civil Procedure, the Court may conduct a pretrial conference to further such purposes as, *inter alia*, "expediting disposition of the action; establishing early and continuing control so that the case will not be protected because of lack of management; discouraging wasteful pretrial activities; [and] improving the quality of the trial through more thorough preparation." Pursuant to the Court's preliminary pretrial conference order, (Doc. 63), Plaintiffs, Plaintiff-Intervenors, and Defendants submitted their respective preliminary pretrial statements, (Docs. 70, 66, 68), and a joint discovery plan,

1

(Doc. 67). The parties' documents frustrate the stated goals of Rule 16. Accordingly,

IT IS ORDERED that the parties must file supplemental preliminary pretrial statements. Specifically, the parties must file a bullet point list of each claim or defense that indicates the claim or defense at issue and the elements that must be proven. This list should begin with an initial bullet indicating the claim or defense, followed by indented bullets that include short, conclusory statements of the elements of that claim or defense; no citation to authority is necessary. An example is attached to this Order as an exhibit.

IT IS FURTHER ORDERED that the parties shall file such supplemental statements no later than 12 p.m. on May 19, 2022.

IT IS FURTHER ORDERED that the parties are advised that Rule 16(c)(2) of the Federal Rules of Civil Procedure authorizes the Court to take action at the preliminary pretrial conference including, *inter alia*, simplifying the issues and eliminating frivolous claims or defenses, obtaining additional admissions and stipulations about facts and documents, controlling and scheduling discovery, and "adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." Consistent with the Federal Rules of Civil Procedure, the Court provides notice that it is contemplating such action. To accomplish this

object the parties are directed to state specifically what subject listed in the discovery plan is essential to preserve evidence to support a claim or defense and a detailed explanation of why that proof is essential. The discovery plan submitted does not fulfill the purpose of Rule 26, nor does it meet the requirements of Rule 16 or the Local Rules.

IT IS FURTHER ORDERED that the parties must comply with the directive in the May 5, 2022 Order that "[i]n all documents filed with the Court, the parties shall not use any acronyms or initialisms." (Doc. 63 at 2.)

DATED this 18th day of May, 2022.

10:31 A.M.

Donald W. Molloy, District Judge
United States District Court

Exhibit: Plaintiffs' Claims

- Claim I: Violation of employers' obligation to make reasonable accommodations pursuant to the Americans with Disabilities Act
    - Plaintiff must prove that the reasonable accommodations provision of the ADA preempts Mont. Code Ann. § 49–2–312(b)(3)
        - Conflict preemption:
            - compliance with both federal and state regulations is impossible; or
            - state law stands as an accomplishment and execution of the full purposes and objectives of Congress