Raph Graybill
GRAYBILL LAW FIRM, PC
300 4th Street North
Great Falls, MT 59403
Phone: (406) 452-8566
Email: rgraybill@silverstatelaw.net

*Attorney for Plaintiff-Intervenor*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, et al., | Cause No. 9:21-cv-108 |
| Plaintiffs, | Hon. Donald W. Molloy |
| and | |
| MONTANA NURSES ASSOCIATION, | |
| Plaintiff-Intervenor | **PLAINTIFF-INTERVENOR'S SUPPLEMENTAL PRELIMINARY PRETRIAL STATEMENT** |
| v. | |
| AUSTIN KNUDSEN, Montana Attorney General, and LAURIE ESAU, Montana Commissioner of Labor and Industry, | |
| Defendants. | |

Plaintiff-Intervenor the Montana Nurses Association respectfully submits

this Supplemental Preliminary Pretrial Statement pursuant to the Court's Order

dated May 18, 2022. (Doc. 71).

1

**A. Summary of Plaintiff-Intervenor's Claims**

- Claim I: Violation of requirement to make reasonable accommodations under the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5)(A)
    - Plaintiff-Intervenor must prove that the reasonable accommodations provision of the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5)(A), preempts Mont. Code Ann. § 49-2-312
        - Conflict preemption:
            - Compliance with both federal and state regulations is impossible; or
            - State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress

- Claim II: Violation of public accommodation provision of the Americans with Disabilities Act, 42 U.S.C. § 12182
    - Plaintiff-Intervenor must prove that the public accommodation provision of the Americans with Disabilities Act, 42 U.S.C. § 12182, preempts Mont. Code Ann. § 49-2-312
        - Conflict preemption:
            - Compliance with both federal and state regulations is impossible; or
            - State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress

- Claim III: Violation of requirement that workplace is to be free from recognized hazards under the Occupational Safety and Health Act, 29 U.S.C § 654(a)(1) in that vaccine-preventable diseases are recognized hazards that are causing or are likely to cause death or serious physical harm to Plaintiff-Intervenor's members in healthcare settings
    - Plaintiff-Intervenor must prove that 29 U.S.C. § 654(a)(1) preempts Mont. Code Ann. § 49-2-312
        - Conflict preemption:
            - Compliance with both federal and state regulations is impossible; or

- State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress

- Claim IV: Violation of Occupational Safety and Health Administration Regulations
  - o Plaintiff-Intervenor must prove that Occupational Safety and Health Administration Regulations, specifically the Emergency Temporary Standard codified at 29 C.F.R. § 1910.502 as well as related regulation such as a permanent standard (currently under public comment) and the Personal Protective Equipment and Respiratory Protection Standards at 29 C.F.R. § 1910 Subpart I, preempt Mont. Code Ann. § 49-2-312
    - ▪ Conflict preemption:
      - Compliance with both federal and state regulations is impossible; or
      - State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress

- Claim V: Violation of right to a clean and healthful environment, and to seek safety and health, under Article II, Section 3 of the Montana Constitution
  - o Plaintiff-Intervenor must prove that Mont. Code Ann. § 49-2-312 is unconstitutional under Mont. Const., art. II, § 3
  - o Plaintiff-Intervenor must prove that Mont. Const., art. II, § 3 protects Plaintiff-Intervenor's members right to seek health in healthcare settings free from unreasonable risks of the transmission of diseases, and that Mont. Code Ann. § 49-2-312 infringes upon this right
  - o Plaintiff-Intervenor must prove that vaccination requirements in healthcare settings protect from unreasonable risks of the transmission of diseases
  - o Strict scrutiny under Montana law:
    - ▪ Applies to laws that burden rights contained in Article II of the Montana Constitution
    - ▪ Defendants bear the burden of establishing that Mont. Code Ann. § 49-2-312 is narrowly tailored to serve a compelling government interest

- Claim VI: Violation of the right to equal protection of the laws under the Montana Constitution
    - Plaintiff-Intervenor must prove that Defendants, through Mont. Code Ann. §§ 49-2-312 and 49-2-313, adopted classifications that affect two or more similarly situated groups in an unequal manner
    - Plaintiff-Intervenor must prove that Mont. Code Ann. §§ 49-2-312 and 49-2-313 impinge on the fundamental right to seek health, that Plaintiff-Intervenor's members in other healthcare setting are similarly situated to Plaintiff-Intervenor's members or their equivalent in nursing homes, long-term care facilities, and assisted living
        - Strict scrutiny under Montana law:
            - Applies to laws that burden rights contained in Article II of the Montana Constitution
            - Defendants bear the burden of establishing that Mont. Code Ann. § 49-2-312 is narrowly tailored to serve a compelling government interest

- Claim VII: Violation of the right to equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States
    - Plaintiff-Intervenor must prove that Defendants, through Mont. Code Ann. §§ 49-2-312 and 49-2-313, adopted classifications that affect two or more similarly situated groups in an unequal manner
    - Plaintiff-Intervenor must prove that Mont. Code Ann. §§ 49-2-312 and 49-2-313 implicate a fundamental right, that Plaintiff-Intervenor's members in other healthcare settings are similarly situated to Plaintiff-Intervenor's members or their equivalent in nursing homes, long-term care facilities, and assisted living facilities
        - In order to satisfy strict scrutiny, Defendants must establish Mont. Code Ann. §§ 49-2-312 and 49-2-313 must further a compelling state interest and be narrowly tailored to accomplish that interest
    - If no fundamental right is implicated, Plaintiff-Intervenor must prove that Plaintiff-Intervenor's members in other healthcare settings are similarly situated to Plaintiff-Intervenor's members or their equivalent in nursing homes, long-term care facilities, and assisted living facilities, and that the classifications created by Mont. Code Ann.

§§ 49-2-312 and 49-2-313 are not rationally related to a legitimate state interest;

- Rational basis scrutiny: the classification drawn by the statute(s) must be rationally related to a legitimate state interest

- Claim VIII: Violation of Centers for Medicare & Medicaid Services Regulation
  - Plaintiff-Intervenor must prove that the Centers for Medicare & Medicaid Services Conditions of Participation for Hospitals and Critical Access Hospitals codified in the Code of Federal Regulations, preempt Mont. Code Ann. § 49-2-312 as to all vaccines
    - Conflict preemption:
      - Compliance with both federal and state regulations is impossible; or
      - State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress
  - Plaintiff-Intervenor must prove that the Centers for Medicare & Medicaid Services Omnibus Covid-19 Health Care Staff Vaccination Rule preempts Mont. Code Ann. § 49-2-312 as to the COVID-19 vaccine
    - Conflict preemption:
      - Compliance with both federal and state regulations is impossible; or
      - State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress

Plaintiff-Intervenor reserves the right to supplement this summary.

## B. Statement on Discovery Plan

Further, pursuant to this Court's Order, Plaintiff-Intervenor states that it believes discovery in this case is limited, and that the primary issues before the Court are questions of law. Plaintiff-Intervenor believes the following subjects are

essential for discovery to support Plaintiff-Intervenor's claims and defend against

Defendants' defenses:

- Defendants' interpretation, implementation and enforcement of Mont.
  Code Ann. §§ 49-2-312 and 49-2-313 and the vaccine mandate by the
  Centers for Medicare & Medicaid Services.  This is necessary to
  demonstrate Plaintiff-Intervenor meets the standard for a permanent
  injunction.  Specifically, that Plaintiff-Intervenor's members will suffer
  irreparable injury, remedies at law are inadequate, the balance of the
  equities justifies the injunction, and that the injunction is in the public
  interest.  Defendants appear to continue to contest this.

- Private enforcement of Mont. Code Ann. §§ 49-2-312 through 49-2-313
  through the Human Rights Bureau.  This is necessary to demonstrate
  Plaintiff-Intervenor meets the standard for a permanent injunction.
  Specifically, that Plaintiff-Intervenor's members will suffer irreparable
  injury, remedies at law are inadequate, the balance of the equities
  justifies the injunction, and that the injunction is in the public interest.
  Defendants appear to continue to contest this.

- The purported state interest in enacting and enforcing Mont. Code Ann.
  §§ 49-2-312 through 49-2-313.  This is necessary to establish that the
  statutes violate equal protection principles including the applicable level
  of scrutiny.

- Defendants' enforcement of the Centers for Medicare and Medicaid
  Services Conditions of Participation related to the COVID-19 vaccine.
  Defendants contend that the CMS regulations do not preempt Mont.
  Code Ann. § 49-2-312.  However, Defendants are actively enforcing the
  Conditions of Participation against healthcare providers and discovery is
  necessary to determine Defendants' position on whether, and how, they
  have found a way for individuals and facilities to comply with both the
  federal regulations and the state statute.

- Defendants' position on and evidentiary support for the efficacy of
  vaccines and the effect of vaccines on the spread of disease and safety in
  healthcare settings.  This is necessary to address Defendants' defenses
  that Plaintiff-Intervenor can mitigate some or all of its members' alleged

6

injuries, that there are steps available to adequately protect the health and safety of Plaintiff-Intervenor's members without vaccines, and whether there are equally effective reasonable accommodations that can be implemented beyond vaccines. Further, Defendants have indicated that there is no preemption because the Centers for Medicare and Medicaid Services regulations do not contain a vaccine mandate. However, the federal regulations require "programs for the surveillance, prevention, and control of HAIs [healthcare-associated infections] and other infectious diseases . . . The programs must demonstrate adherence to nationally recognized infection and control guidelines . . . as well as to best practices for . . . infection prevention." Accordingly, discovery is needed regarding whether Defendants agree that vaccines are effective for infection prevention, nationally recognized, and/or best practices. Additionally, this evidence is also relevant to Defendants' defense that the statutes at issue do not violate the right to seek health and equal protection principles.

- Plaintiff-Intervenor included discovery on Defendants' position on Plaintiff-Intervenor's claims, because it was not clear what those positions are. Discovery may be needed to address Defendants' defense that nursing homes, assisted living facilities, and long-term care facilities are not similarly situated to other healthcare settings.

DATED this 19th day of May, 2022.

/s/ Raph Graybill

Raph Graybill

Attorney for Plaintiff-Intervenor

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing supplemental preliminary pretrial statement complies with the requirements of Rule 1.5, is double spaced, except for footnotes, quoted, and indented material, and it is proportionately spaced utilizing a 14 point Times New Roman type face.

/s/ Raph Graybill
Raph Graybill

Attorney for Plaintiff-Intervenor

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

/s/ Raph Graybill
Raph Graybill

Attorney for Plaintiff-Intervenor