Justin K. Cole
Kathryn S. Mahe
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
jkcole@garlington.com
ksmahe@garlington.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, et al., | Case No. CV 21-00108-DWM |
| Plaintiffs, | |
| and | |
| MONTANA NURSES ASSOCIATION, | PLAINTIFFS' SUPPLEMENTAL PRELIMINARY PRETRIAL STATEMENT AND DISCOVERY PLAN |
| Plaintiff-Intervenors, | |
| v. | |
| AUSTIN KNUDSEN, et al., | |
| Defendants. | |

Pursuant to this Court's May 18, 2022 Order (Doc. 71), Plaintiffs Montana

Medical Association, Five Valleys Urology, PLLC, Providence Health & Services

– MT, Western Montana Clinic, PC, Pat Appleby, Mark Carpenter, Lois

1

Fitzpatrick, Joel Peden, Diana Jo Page, Wallace L. Page, and Cheyenne Smith,

respectfully file this Supplemental Preliminary Pretrial Statement and Discovery

Plan.

**A.    Plaintiffs' Claims**

- Claim I:  Violation of Employers' Obligation Under the Americans with Disabilities Act to Make Reasonable Accommodations
    - Plaintiffs must prove that the reasonable accommodations provision of the Americans with Disabilities Act preempts Montana Code Annotated § 49-2-312
        - Conflict preemption:
            - Compliance with both federal and state law is impossible; or
            - State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

- Claim II:  Violation of the Public Accommodation Provision of the Americans with Disabilities Act
    - Plaintiffs must prove that the public accommodations provision of the Americans with Disabilities Act, prohibiting discrimination against individuals with disabilities in the full and equal enjoyment of places of public accommodation, preempts Montana Code Annotated § 49-2-312
        - Conflict preemption:
            - Compliance with both federal and state law is impossible; or
            - State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

- Claim III:  Violation of the Occupational Safety and Health Act
    - Plaintiffs must prove that 29 U.S.C. § 654(a)(1) preempts Montana Code Annotated § 49-2-312 in that vaccine-preventable diseases are

recognized hazards that are causing or are likely to cause death or serious physical harm to employees of Hospitals and/or Offices of Private Physicians

- Conflict preemption:
  - Compliance with both federal and state regulations is impossible; or
  - State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress

- Claim IV:  Violation of Occupational Safety and Health Act Regulation
  - Plaintiffs must prove that Occupational Safety and Health Regulations, specifically the Emergency Temporary Standard codified at 29 C.F.R. § 1910.502 as well as related regulations such as a permanent standard (currently under public comment) and the Personal Protective Equipment and Respiratory Protection Standards at 29 C.F.R. § 1910 Subpart I), preempt Montana Code Annotated § 49-2-312(1)
    - Conflict preemption:
      - Compliance with both federal and state regulations is impossible; or
      - State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress

- Claim V:  Violation of Montanans' Constitutional Right to a Safe and Healthy Environment
  - Plaintiffs must prove that Montana Code Annotated § 49-2-312 is unconstitutional under Article II, section 3 of the Montana Constitution
  - Plaintiffs must prove that Article II, section 3 of the Montana Constitution protects patients' right to seek health in healthcare settings free from unreasonable risks of the transmission of diseases, and that Montana Code Annotated § 49-2-312 infringes upon this right
  - Plaintiffs must prove that vaccination requirements protect patients in healthcare settings from unreasonable risks of the transmission of diseases
  - Strict scrutiny under Montana law:

3

- ▪ Applies to laws that burden rights contained in Article II of the Montana Constitution
- ▪ Defendants bear the burden of establishing that Montana Code Annotated § 49-2-312 is narrowly tailored to serve a compelling government interest

- • Claim VI: Violation of Montana's Constitutional Obligation to Provide Equal Protection under the Laws
  - o Plaintiffs must prove that Defendants, through Montana Code Annotated §§ 49-2-312 and 49-2-313, have adopted classifications that affect two or more similarly situated groups in an unequal manner, thereby denying equal protection of the law.
    - ▪ Plaintiffs must prove that Hospitals and/or Critical Access Hospitals are similarly situated to nursing homes, long-term care facilities, and assisted living facilities and that there is no rational basis for their different treatment under Montana Code Annotated §§ 49-2-312 and 49-2-313;
      - • Rational basis scrutiny:
        - o the objective of the statutes must be legitimate and bear a rational relationship to the classification used
    - ▪ Plaintiffs must prove that Offices of Private Physicians are similarly situated to health care facilities, as defined in Montana Code Annotated § 50-5-101, and that there is no rational basis for their different treatment under Montana Code Annotated § 49-2-312;
      - • Rational basis scrutiny:
        - o the objective of the statute must be legitimate and bear a rational relationship to the classification used
    - ▪ Plaintiffs must prove that Offices of Private Physicians are similarly situated to nursing homes, long-term care facilities, and assisted living facilities and that there is no rational basis for their different treatment under Montana Code Annotated §§ 49-2-312 and 49-2-313;
      - • Rational basis scrutiny:

4

- o the objective of the statutes must be legitimate and bear a rational relationship to the classification used
  - ▪ Plaintiffs must prove that Montana Code Annotated §§ 49-2-312 and 49-2-313 impinge on the fundamental right to seek health, that patients of Offices of Private Physicians are similarly situated to patients of nursing homes, long-term care facilities, and assisted living facilities;
    - Strict scrutiny review:
      - o Defendants must establish that Montana Code Annotated §§ 49-2-312 and 49-2-313 further a compelling state interest and have been narrowly tailored to accomplish that interest
  - ▪ Plaintiffs must prove that Montana Code Annotated § 49-2-312 impinges on the fundamental right to seek health, that patients of Offices of Private Physicians are similarly situated to patients of health care facilities, as defined in Montana Code Annotated § 50-5-101; or,
    - Strict scrutiny review:
      - o Defendants must establish that Montana Code Annotated § 49-2-312 furthers a compelling state interest and has been narrowly tailored to accomplish that interest
  - ▪ Plaintiffs must prove that Montana Code Annotated §§ 49-2-312 and 49-2-313 impinge on the fundamental right to seek health, that patients of Hospitals and/or Critical Access Hospitals are similarly situated to patients of nursing homes, long-term care facilities, and assisted living facilities.
    - Strict scrutiny review:
      - o Defendants must establish that Montana Code Annotated §§ 49-2-312 and 49-2-313 further a compelling state interest and have been narrowly tailored to accomplish that interest

- Claim VII:  Violation of Equal Protection Clause of the Fourteenth Amendment of the United States Constitution

o Plaintiffs must prove that Defendants, through Montana Code Annotated §§ 49-2-312 and 49-2-313, have adopted classifications that affect two or more similarly situated groups in an unequal manner, thereby denying equal protection of the law.

- Plaintiffs must prove that Hospitals and/or Critical Access Hospitals are similarly situated to nursing homes, long-term care facilities, and assisted living facilities and that the classifications created by Montana Code Annotated §§ 49-2-312 and 49-2-313 are not rationally related to a legitimate state interest;
  - Rational basis scrutiny
    - o the classification drawn by the statutes must be rationally related to a legitimate state interest
- Plaintiffs must prove that Offices of Private Physicians are similarly situated to health care facilities, as defined in Montana Code Annotated § 50-5-101 and that the classifications created by Montana Code Annotated § 49-2-312 are not rationally related to a legitimate state interest;
  - Rational basis scrutiny
    - o the classification drawn by the statute must be rationally related to a legitimate state interest
- Plaintiffs must prove that Offices of Private Physicians are similarly situated to nursing homes, long-term care facilities, and assisted living facilities and that the classifications created by Montana Code Annotated §§ 49-2-312 and 49-2-313 are not rationally related to a legitimate state interest;
  - Rational basis scrutiny:
    - o the classification drawn by the statute(s) must be rationally related to a legitimate state interest
- Plaintiffs must prove that Montana Code Annotated §§ 49-2-312 and 49-2-313 implicate a fundamental right, that patients of Offices of Private Physicians are similarly situated to patients of nursing homes, long-term care facilities, and assisted living facilities;
  - Strict scrutiny:

6

- o The statutes must further a compelling state interest and be narrowly tailored to accomplish that interest
- If no fundamental right is implicated, Plaintiffs must prove that patients of Offices of Private Physicians are similarly situated to patients of nursing homes, long-term care facilities, and assisted living facilities, and that the classifications created by Montana Code Annotated §§ 49-2-312 and 49-2-313 are not rationally related to a legitimate state interest;
  - Rational basis scrutiny:
    - o the classification drawn by the statutes must be rationally related to a legitimate state interest
- Plaintiffs must prove that Montana Code Annotated §§ 49-2-312 implicates a fundamental right, that patients of Offices of Private Physicians are similarly situated to patients of health care facilities, as defined in Montana Code Annotated § 50-5-101;
  - Strict scrutiny:
    - o The statutes must further a compelling state interest and be narrowly tailored to accomplish that interest
- If no fundamental right is implicated, Plaintiffs must prove that patients of Offices of Private Physicians are similarly situated to patients of health care facilities, as defined in Montana Code Annotated § 50-5-101, and that the classifications created by Montana Code Annotated §§ 49-2-312 and 49-2-313 are not rationally related to a legitimate state interest;
  - Rational basis scrutiny:
    - o the classification drawn by the statutes must be rationally related to a legitimate state interest
- Plaintiffs must prove that Montana Code Annotated §§ 49-2-312 and 49-2-313 implicate a fundamental right, that patients of Hospitals and/or Critical Access Hospitals are similarly situated to patients of nursing homes, long-term care facilities, and assisted living facilities; or,
  - Strict scrutiny:

7

- - - o The statutes must further a compelling state interest and be narrowly tailored to accomplish that interest
    - ▪ If no fundamental right is implicated, Plaintiffs must prove that patients of Hospitals and/or Critical Access Hospitals are similarly situated to patients of nursing homes, long-term care facilities, and assisted living facilities, and that the classifications created by Montana Code Annotated §§ 49-2-312 and 49-2-313 are not rationally related to a legitimate state interest.
      - • Rational basis scrutiny:
        - o the classification drawn by the statute(s) must be rationally related to a legitimate state interest

- • Claim VIII:  Violation of Centers for Medicare & Medicaid Services Regulation
  - o Plaintiffs must prove that the Centers for Medicare & Medicaid Services Conditions of Participation for Hospitals and Critical Access Hospitals, codified in the Code of Federal Regulations, preempt Montana Code Annotated § 49-2-312 as to all vaccines.
    - ▪ Conflict preemption:
      - • Compliance with both the federal regulations and Montana Code Annotated § 49-2-312 is impossible; or
      - • Montana Code Annotated § 49-2-312 stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.
  - o Plaintiffs must prove that the Centers for Medicare & Medicaid Services Omnibus Covid-19 Health Care Staff Vaccination Rule, codified in the Code of Federal Regulations, preempts Montana Code Annotated § 49-2-312 as related to the COVID-19 vaccine.
    - ▪ Conflict preemption:
      - • Compliance with both the federal regulations and Montana Code Annotated § 49-2-312 is impossible; or
      - • Montana Code Annotated § 49-2-312 stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

**B.     Plaintiffs' Subjects of Discovery**

Further pursuant to this Court's Order, Plaintiffs state that they believe

discovery in this case is limited, and that the primary issues before the Court are

questions of law.  Plaintiffs believe the following subjects are essential for

discovery to support Plaintiffs' claims and defend against Defendants' defenses:

- Defendants' interpretation, implementation and enforcement of Montana
  Code Annotated §§ 49-2-312 through 49-2-313 and the Centers for
  Medicare & Medicaid Services COVID vaccine mandate.  Plaintiffs believe
  this is necessary to demonstrate they meet the standard for a permanent
  injunction.  Specifically, that they will suffer irreparable injury, remedies at
  law are inadequate, the balance of the equities justifies the injunction, and
  that the injunction is in the public interest.  Defendants appear to continue to
  contest this.

- Private enforcement of Montana Code Annotated §§ 49-2-312 through 49-2-
  313 through the Department of Labor.  Plaintiffs believe this is necessary to
  demonstrate they meet the standard for a permanent injunction.  Specifically,
  that they will suffer irreparable injury, remedies at law are inadequate, the
  balance of the equities justifies the injunction, and that the injunction is in
  the public interest.  Defendants appear to continue to contest this.

- Defendants' interest in enacting and enforcing Montana Code Annotated §§
  49-2-312 through 49-2-313.  Plaintiffs believe this is necessary to establish
  that the statutes violate equal protection principles.  Specifically, this is
  needed to establish that the statutes do not meet the requisite level of
  scrutiny applicable to Plaintiffs' constitutional claims.

- Defendants' enforcement of the Centers for Medicare & Medicaid Services
  Conditions of Participation related to the COVID-19 vaccine.  Defendants
  contend that the Centers for Medicare & Medicaid Services regulations do
  not preempt Montana Code Annotated § 49-2-312.  However, they are
  actively enforcing the Conditions of Participation against healthcare
  providers and discovery is necessary to determine Defendants' position on

whether (and how) individuals and facilities may comply with both the federal regulations and the state statute.

- Defendants' position on and evidentiary support for the efficacy of vaccines and the diseases that they prevent.  Plaintiffs believe this is necessary to address Defendants' defenses that Plaintiffs can mitigate some or all of their alleged injuries, that there are steps available to adequately protect the health and safety of patients without vaccines, and whether Defendants contend there are equally effective reasonable accommodations that can be implemented beyond vaccines.  Further, Defendants have indicated that there is no preemption because the Centers for Medicare & Medicaid Services regulations do not contain a vaccine mandate.  However, the federal regulations require "programs for the surveillance, prevention, and control of HAIs [healthcare-associated infections] and other infectious diseases. … The programs must demonstrate adherence to nationally recognized infection and control guidelines … as well as to best practices for … infection prevention."  Accordingly, discovery is needed regarding whether Defendants agree that vaccines are effective for infection prevention, are nationally recognized tools for infection prevention, and/or comport with best practices in healthcare settings.  Additionally, this evidence is also relevant to Defendants' defense that the statutes at issue do not violate the right to seek health and equal protection principles.

- Plaintiffs included discovery on Defendants' position on Plaintiffs' claims, because it was not clear what those positions are.  Discovery may be needed to address Defendants' defense that nursing homes, assisted living facilities, and long-term care facilities are not similarly situated to Hospitals or Offices of Private Physicians.


DATED this 19th day of May, 2022.



        /s/  Justin K. Cole
        Attorneys for Plaintiffs