AUSTIN KNUDSEN
Montana Attorney General
DAVID M.S. DEWHIRST
  *Solicitor General*
CHRISTIAN B. CORRIGAN
 *Assistant Attorney General*
BRENT MEAD
 *Assistant Solicitor General*
P.O. Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
Fax: (406) 444-3549
david.dewhirst@mt.gov
christian.corrigan@mt.gov
brent.mead2@mt.gov

EMILY JONES
  *Special Assistant Attorney General*
Jones Law Firm, PLLC
115 N. Broadway, Suite 410
Billings, MT 59101
Phone:  (406) 384-7990
emily@joneslawmt.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, ET. AL.,<br><br>PLAINTIFFS,<br><br>and<br><br>MONTANA NURSES ASSOCIATION,<br><br>PLAINTIFF-INTERVENORS,<br><br>v.<br><br>AUSTIN KNUDSEN, ET AL.,<br><br>DEFENDANTS. | No. CV-21-108-M-DWM<br><br>**DEFENDANTS' SUPPLEMENTAL PRELIMINARY PRETRIAL STATEMENT** |

1

Pursuant to this Court's May 18, 2022, Order, Doc. 71, Defendants Montana Attorney General Austin Knudsen and Montana Commissioner of Labor and Industry Laurie Esau (collectively "Defendants") hereby submit this Supplemental Preliminary Pretrial Statement. This Court ordered each party to submit "a bullet point list of each claim or defense that indicates the claim or defense at issue and the elements that must be proven," including "indented bullets that include short, conclusory statements of the elements of that claim or defense." Doc. 71 at 2.

- **Claim I**: **Violation of Employers Obligations Under the Americans with Disabilities Act to Make Reasonable Accommodations**
  - Plaintiff must prove that an employee vaccine mandate or immunity passport is the only reasonable accommodation available under the ADA
  - Plaintiff must prove that the reasonable accommodations provision of the ADA preempts Mont. Code. Ann. § 49-2-312(b)(3)
    - Conflict preemption:
      - Compliance with both federal and state regulations is impossible; or
      - state law stands as an obstacle to the full purposes and objectives of congress
- Defenses to Claim I:
  - Plaintiffs fail to state a claim upon which relief can be granted
  - Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested
  - Plaintiffs can mitigate some or all of their alleged injuries
  - Plaintiffs Lack Standing
    - Associational standing Plaintiffs must prove:

2

- (1) its members would otherwise have standing to sue in their own right;
- (2) the interests that the suit seeks to protect are germane to the organization's purpose;
- (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
  - Individual and Institutional Plaintiffs must prove they:
    - (1) suffered an injury in fact,
    - (2) that is fairly traceable to the challenged conduct of the defendant
    - (3) that is likely to be redressed by a favorable judicial decision.

- **Claim II: Violation of the Public Accommodation Provision of the Americans with Disabilities Act**
  - Plaintiff must prove that an employee vaccine mandate or immunity passport is the only public accommodation available under the ADA
  - Plaintiffs must prove that the public accommodation of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), preempts Mont. Code. Ann. § 49-2-312
    - Conflict preemption
      - Compliance with both federal and state regulations is impossible; or
      - state law stands as an obstacle to the full purposes and objectives of congress
- Defenses to Claim II:
  - Plaintiffs fail to state a claim upon which relief can be granted
  - Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested
  - Plaintiffs can mitigate some or all of their alleged injuries
  - Plaintiffs Lack Standing
    - Associational standing Plaintiffs must prove:
      - (1) its members would otherwise have standing to sue in their own right;
      - (2) the interests that the suit seeks to protect are germane to the organization's purpose;

- (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
    - Individual and Institutional Plaintiffs must prove they:
        - (1) suffered an injury in fact,
        - (2) that is fairly traceable to the challenged conduct of the defendant
        - (3) that is likely to be redressed by a favorable judicial decision.

- **Claim III**: **Violation of the Occupational Safety and Health Act**
    - Plaintiffs must prove that 29 U.S.C. § 654(a)(1) preempts Mont. Code. Ann. § 49-2-312
        - Conflict preemption:
            - Compliance with both federal and state regulations is impossible; or
            - state law stands as an accomplishment and execution of the full purposes and objectives of congress
- Defenses to Claim III:
    - Plaintiffs fail to state a claim upon which relief can be granted
    - Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested
    - Plaintiffs can mitigate some or all of their alleged injuries
    - Plaintiffs Lack Standing
        - Associational standing Plaintiffs must prove:
            - (1) its members would otherwise have standing to sue in their own right;
            - (2) the interests that the suit seeks to protect are germane to the organization's purpose;
            - (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
        - Individual Plaintiffs and Institutional must prove they:
            - (1) suffered an injury in fact
            - (2) that is fairly traceable to the challenged conduct of the defendant

4

- (3) that is likely to be redressed by a favorable judicial decision.
  - To the extent 29 U.S.C. § 654(a)(1) is interpreted to preempt Mont. Code. Ann. § 49-2-312, it violates the Tenth Amendment to the United States Constitution
    - Defendants must prove the statute
      - seeks to exercise power beyond what was delegated to the federal government
  - To the extent 29 U.S.C. § 654(a)(1) is interpreted to preempt Mont. Code. Ann. § 49-2-312, it violates the Anti-Commandeering Doctrine of Tenth Amendment to the United States Constitution
    - Defendants must prove the statute:
      - issues a direct order to a state government; and
      - commandeers state officers into administering federal law

- **Claim IV: Violation of Occupational Safety and Health Act Regulation**
  - Plaintiff must prove that 29 C.F.R. § 1910.502 preempts Mont. Code. Ann. § 49-2-312
    - Conflict preemption:
      - Compliance with both federal and state regulations is impossible; or
      - state law stands as an accomplishment and execution of the full purposes and objectives of congress
- Defenses to Claim IV
  - Plaintiffs fail to state a claim upon which relief can be granted
  - Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested
  - Plaintiffs can mitigate some or all of their alleged injuries
  - Plaintiffs Lack Standing
    - Associational standing Plaintiffs must prove:
      - (1) its members would otherwise have standing to sue in their own right;
      - (2) the interests that the suit seeks to protect are germane to the organization's purpose;

- (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
    - Individual and Institutional Plaintiffs must prove they:
        - (1) suffered an injury in fact
        - (2) that is fairly traceable to the challenged conduct of the defendant;
        - (3) that is likely to be redressed by a favorable judicial decision.
- To the extent 29 C.F.R. § 1910.502 is interpreted to preempt Mont. Code. Ann. § 49-2-312, it violates the Tenth Amendment to the United States Constitution
    - Defendants must prove the statute:
        - seeks to exercise power beyond what was delegated to the federal government
- To the extent 29 C.F.R. § 1910.502 is interpreted to preempt Mont. Code. Ann. § 49-2-312, it violates the Anti-Commandeering Doctrine of Tenth Amendment to the United States Constitution
    - Defendants must prove the regulation:
        - issues a direct order to a state government; or
        - commandeers state officers into administering federal law

- **Claim V: Violation of Article II, Section 3 of the Montana Constitution**
    - Plaintiffs must prove that Mont. Code. Ann. § 49-2-312 violates Montanans right to seek health in all lawful ways
        - Plaintiffs must prove the right to seek health is unconstitutionally infringed by Mont. Code. Ann. § 49-2-312
        - Plaintiffs must prove that Mont. Code. Ann. § 49-2-312 is an invalid exercise of the State's police power
- Defenses to Claim V:
    - Plaintiffs fail to state a claim upon which relief can be granted
    - Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested
    - Plaintiffs can mitigate some or all of their alleged injuries

- o Plaintiffs Lack Standing
  - ▪ Associational standing Plaintiffs must prove:
    - • (1) its members would otherwise have standing to sue in their own right; and
    - • (2) the interests that the suit seeks to protect are germane to the organization's purpose; and
    - • (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
  - ▪ Individual and Institutional Plaintiffs must prove they:
    - • (1) suffered an injury in fact
    - • (2) that is fairly traceable to the challenged classification
    - • (3) that is likely to be redressed by a favorable judicial decision.

- • **Claim VI: Violation of the Equal Protection Clause of the Montana Constitution**
  - o Plaintiff must prove that Mont. Code. Ann. § 49-2-312 and Mont. Code. Ann. § § 49-2-313 violate Article II, § 4 of the Montana Constitution
    - ▪ The State has used a classification of a group; and
    - ▪ The classes are similarly situated; and
      - • Their respective circumstances are:
        - o arguably indistinguishable; or
        - o in all relevant respects alike.
    - ▪ The class has been treated disparately; and
    - ▪ No rational basis exists to support the classification
      - • The classification is not rationally related to a legitimate state interest
- • Defenses to Claim VI:
  - o Plaintiffs fail to state a claim upon which relief can be granted
  - o Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested
  - o Plaintiffs can mitigate some or all of their alleged injuries
  - o Plaintiffs Lack Standing
    - ▪ Associational standing Plaintiffs must prove:

- (1) its members would otherwise have standing to sue in their own right; and
- (2) the interests that the suit seeks to protect are germane to the organization's purpose; and
- (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
  - Individual and Institutional Plaintiffs must prove they:
    - (1) suffered an injury in fact
    - (2) that is fairly traceable to the challenged conduct of the defendant;
    - (3) that is likely to be redressed by a favorable judicial decision.

- **Claim VII: Violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution**
  - Plaintiff must prove that Mont. Code. Ann. § 49-2-312 and Mont. Code. Ann. § § 49-2-313 violate the Equal Protection Clause of the Fourteenth Amendment:
    - The State has used a classification of a group; and
    - The classes are similarly situated; and
      - Their respective circumstances are:
        - arguably indistinguishable; or
        - in all relevant respects alike.
    - The class has been treated disparately; and
    - No rational basis exists to support the classification
      - The classification is not rationally related to a legitimate state interest
- Defenses to Claim VII:
  - No federal fundamental right is implicated
  - Plaintiffs fail to state a claim upon which relief can be granted
  - Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested
  - Plaintiffs can mitigate some or all of their alleged injuries
  - Plaintiffs Lack Standing
    - Associational standing Plaintiffs must prove:
      - (1) its members would otherwise have standing to sue in their own right; and

8

- (2) the interests that the suit seeks to protect are germane to the organization's purpose; and
- (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
  - ▪ Individual and Institutional Plaintiffs must prove they:
    - (1) suffered an injury in fact
    - (2) that is fairly traceable to the challenged classification
    - (3) that is likely to be redressed by a favorable judicial decision.

- **Claim VIII: Violation of Centers for Medicare and Medicaid Regulations**
  - o Plaintiff must prove that the Centers for Medicare and Medicaid Conditions of Participation, 42 C.F.R. §482.41, preempts Mont. Code. Ann. § 49-2-312
    - ▪ Conflict preemption:
      - Compliance with both federal and state regulations is impossible; or
      - state law stands as an obstacle to the full purposes and objectives of Congress
- Defenses to Claim VII (42 C.F.R. §482.41)
  - o Plaintiffs fail to state a claim upon which relief can be granted
  - o Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested
  - o Plaintiffs can mitigate some or all of their alleged injuries
  - o Plaintiffs Lack Standing
    - ▪ Associational standing Plaintiffs must prove:
      - (1) its members would otherwise have standing to sue in their own right; and
      - (2) the interests that the suit seeks to protect are germane to the organization's purpose; and
      - (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
    - ▪ Individual and Institutional Plaintiffs must prove they:
      - (1) suffered an injury in fact

9

- - (2) that is fairly traceable to the challenged conduct of the defendant;
  - (3) that is likely to be redressed by a favorable judicial decision.
  - o Plaintiff must prove that the Centers for Medicare and Medicaid Conditions of Participation, 42 C.F.R. §482.42, preempts Mont. Code. Ann. § 49-2-312
    - ▪ Conflict preemption:
      - Compliance with both federal and state regulations is impossible; or
      - state law stands as an obstacle to the full purposes and objectives of Congress
- Defenses to Claim VII (42 C.F.R. §482.42)
  - o Plaintiffs fail to state a claim upon which relief can be granted
  - o Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested
  - o Plaintiffs can mitigate some or all of their alleged injuries
  - o Plaintiffs Lack Standing
    - ▪ Associational standing Plaintiffs must prove:
      - (1) its members would otherwise have standing to sue in their own right; and
      - (2) the interests that the suit seeks to protect are germane to the organization's purpose; and
      - (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
    - ▪ Individual and Institutional Plaintiffs must prove they:
      - (1) suffered an injury in fact
      - (2) that is fairly traceable to the challenged conduct of the defendant;
      - (3) that is likely to be redressed by a favorable judicial decision.

  - o Plaintiff must prove that the Centers for Medicare and Medicaid Conditions of Participation, 42 C.F.R. §482.42(g), preempts Mont. Code. Ann. § 49-2-312
    - ▪ Conflict preemption:

- Compliance with both federal and state regulations is impossible; or
- state law stands as an obstacle to the full purposes and objectives of Congress
- Defenses to Claim VII (42 C.F.R. §482.42(g))
  - Plaintiffs fail to state a claim upon which relief can be granted
  - Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested
  - Plaintiffs can mitigate some or all of their alleged injuries
  - Plaintiffs Lack Standing
    - Associational standing Plaintiffs must prove:
      - (1) its members would otherwise have standing to sue in their own right; and
      - (2) the interests that the suit seeks to protect are germane to the organization's purpose; and
      - (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
    - Individual and Institutional Plaintiffs must prove they:
      - (1) suffered an injury in fact
      - (2) that is fairly traceable to the challenged conduct of the defendant;
      - (3) that is likely to be redressed by a favorable judicial decision.
  - 42 C.F.R. §482.42(g) is unenforceable because it exceeds the Agency's statutory authority
    - Defendants must prove 42 C.F.R. §482.42(g) exceeds the authority granted to the Agency by 42 U.S.C. § 1302, 42 U.S.C. § 1395(x)(e)(9), § 1395i–4(e), and § 1395k(a)(2)(F)(i):
      - The agency's interpretation of the statutes are contrary to the plain language of the statutes; or
      - The statutes are ambiguous
        - The Agency's interpretation is unreasonable
  - 42 C.F.R. §482.42(g) is unenforceable because it violates 42 U.S.C. § 1395
    - Defendants must prove the Social Security Act, 42 U.S.C. §1395hh(b)(1), required the Agency to provide for

notice of the proposed regulation in the federal register for 60 days prior to going into effect

- The regulation is a substantive legal standard affecting the payment for services under Medicare

o 42 C.F.R. §482.42(g) is unenforceable because it violates 42 U.S.C. § 1395z

  ▪ Defendants must prove the Agency violated the mandatory consultation requirement in 42 U.S.C. 1395z:

    - The regulation constitutes a major change relating to the determination of conditions of participation by providers of services; and
    - The Agency did not consult with State Agencies during the deferred notice-and-comment period

o 42 C.F.R. §482.42(g) is unenforceable because it violates Sections 5 U.S.C.§ 553 (b)–(c) of the Administrative Procedure Act

  ▪ Defendant must prove the regulation was issued in violation of the Administrative Procedure Act's Notice-and-Comment requirement:

    - 42 C.F.R is a "rule" under the Administrative Procedure Act
    - 42 C.F.R. §482.42(g) was issued without notice-and-comment
    - There was not "good cause" for the Agency to issue 42 C.F.R. §482.42(g) without notice-and-comment pursuant to 5 U.S.C. §553(b)(B) and §553(d)(3)

o 42 C.F.R. §482.42(g) is unenforceable because it violates the Spending Clause

  ▪ Defendants must prove:

    - 42 C.F.R. §482.42(g) is an unconstitutional condition on Defendants' receipt of federal funds
      o Congress did not impose a condition on the grant of federal moneys unambiguously
      o Noncompliance with the regulation threatens a substantial portion of Defendants' budget and leaves them no choice but to acquiesce

12

o 42 C.F.R. §482.42(g) is unenforceable because it violates the Tenth Amendment
  ▪ Defendants must prove the statute:
    • seeks to exercise power beyond what was delegated to the federal government
o 42 C.F.R. §482.42(g) is unenforceable because it violates the Anti-Commandeering Doctrine of Tenth Amendment to the United States Constitution
  ▪ Defendants must prove the regulation:
    • issues a direct order to a state government; or
    • commandeers state officers into administering federal law
o 42 C.F.R. §482.42(g) is unenforceable because it violates the Administrative Procedure Act, 5 U.S.C. § 706
  ▪ Defendants must prove the regulation violates 5 U.S.C. § 706 because it is arbitrary, capricious, and abuse of discretion:
    • The agency has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem; or
    • Offered an explanation for its decision that runs counter to the evidence before the agency; or
    • Is so implausible that it could not be ascribed to a difference in view or the product of agency expertise
o If 42 C.F.R. §482.42(g) is a valid exercise of the Agency's authority under the Social Security Act, it violates the non-delegation doctrine
  ▪ Defendants must prove that, under this interpretation of the Social Security Act, both the degree of agency discretion and the scope of the power conferred are limitless
  ▪ Defendants must prove that whether all healthcare workers must be vaccinated is a major policy question

DATED this 19th day of May, 2022.

Respectfully submitted,

*/s/ Christian Corrigan*

CHRISTIAN B. CORRIGAN
 *Assistant Solicitor General*
P.O. Box 201401
Helena, MT 59620-1401
christian.corrigan@mt.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated: May 19, 2022              */s/ Christian B. Corrigan*
                                       CHRISTIAN B. CORRIGAN