IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, et al., <br><br>　　　　Plaintiffs, <br><br>and <br><br>MONTANA NURSES ASSOCIATION, <br><br>　　　　Plaintiff-Intervenor, <br><br>vs. <br><br>AUSTIN KNUDSEN, et al., <br><br>　　　　Defendants. | CV 21–108–M–DWM <br><br><br>ORDER |

A preliminary pretrial conference in this case was held on May 19, 2022, in Missoula, Montana. Plaintiff was represented by Justin Cole. Plaintiff-Intervenor was represented by Raph Graybill. Defendant was represented by Brent Mead. After discussion and upon the parties' agreement, the following order is entered.

**1.　The following schedule will govern all further pretrial proceedings:**

| | |
|---|---|
| Deadline for indicating whether written expert reports may be used in lieu of direct testimony so long as experts are subject to cross: | May 27, 2022 |

| | |
|---|---|
| Deadline for Amending Pleadings: | June 3, 2022 |
| Simultaneous Disclosure of All Experts: | July 8, 2022 |
| Discovery Deadline: | August 19, 2022 |
| Motions Deadline (including motions *in limine*) (fully briefed): | September 16, 2022 |
| Attorney Conference to Prepare Final Pretrial Order: | week of October 10, 2022 |
| File Proposed Final Pretrial Order, Proposed Findings of Fact/Conclusions of Law, and Trial Briefs and e-mail to dwm_propord@mtd.uscourts.gov (Trial Briefs are optional): | October 17, 2022 |
| Notice to Court Reporter of Intent to Use Real-Time: | October 17, 2022 |
| Notice to I.T. Supervisor of Intent to Use Electronic Exhibits or Videoconferencing: | October 17, 2022 |
| Final Pretrial Conference and Bench Trial: | October 24, 2022, at 9:00 a.m.[1] Russell Smith Federal Courthouse Missoula, Montana |

**The Court will not continue the above deadlines absent compelling reasons.**

**The parties may stipulate to the extension of any of the above deadlines that precede the motions deadline. The parties need not inform the Court of such**

---

[1] Pursuant to 18 U.S.C. § 3161(h) and Federal Rule of Criminal Procedure 50, criminal matters take priority over civil matters in the event of a conflict. Accordingly, all civil trial settings are subject to the Court's criminal calendar.

**stipulations, and the Court will not issue an order to confirm or adopt such stipulations. Parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court. Such motions will not be granted absent compelling reasons, which do not include delay attributable to the parties' stipulated extensions.**

NOTE: In all documents filed with the Court, the parties shall not use any acronyms or initialisms.

**IT IS FURTHER ORDERED:**

**2. Local Rules and Electronic Filing.** Parties are advised that revised Local Rules for the District of Montana became effective March 1, 2022, and apply in all cases pending when changes become effective. In addition, all counsel must register and file electronically unless good cause can be shown. Fed. R. Civ. P. 5(d)(3)(A). Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. *See also* L.R. 1.4.

**3. Amended Pleadings.** A party seeking to amend the pleadings after the date specified in paragraph 1 must show "good cause" for amendment under Federal Rule of Civil Procedure 16(b)(4). Only when that showing has been made will the Court consider whether amendment is proper under Federal Rule of Civil Procedure 15.

**4. Stipulations.** Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the following facts are admitted and agreed upon:

    a.    Montana House Bill 702, of the 67th Legislature, Regular Session (Mont. 2021) was codified at Montana Code Annotated §§ 49–2–312 and 49–2–313.

    b.    The Montana Medical Association ("MMA") has members who are physicians and who practice in all medical specialties

    c.    MMA has members who are employed in Hospitals as identified in Mont. Code Ann. § 50–5–101(31) ("Hospitals").

    d.    Providence Health & Services – MT ("Providence") is a nonprofit corporation located in Montana.

    e.    Providence operates a Hospital that employs physicians and health care professionals who provide care and treatment for patients in clinical settings.

    f.    Austin Knudsen is the Montana Attorney General.

    g.    Laurie Esau is the Montana Commissioner of Labor and Industry.

    h.    Since its enactment, the Montana Human Rights Bureau has received numerous complaints alleging discrimination in violation of Mont. Code Ann. § 49–2–312.

  i.  Providence participates in the federal Medicare and Medicaid programs and cares for patients covered by Medicare and Medicaid.

  j.  Hospitals, private physician offices, nursing homes, long-term care facilities, and assisted living facilities participating in Medicare and Medicaid are subject to CMS regulations.

  k.  Licensed nursing homes, long term care facilities, and assisted living facilities treat patients with compromised immune systems.

**5. Cooperation and Proportionality.** The lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1. Discovery is to be proportional to the reasonable needs of the case. Fed. R. Civ. P. 26(b)(1).

**6. Discovery Exhibits.** <u>During discovery, deposition exhibits shall be numbered seriatim.</u> Numbers used for exhibits during depositions must be used at trial for the same exhibit.

**7. Depositions.**

 a. **30(b)(6) Depositions.** Prior to any Rule 30(b)(6) deposition, the parties must meet and confer to identify each person the organization will designate to testify and the topic areas that will be addressed.

**b. 30(a)(2)(A) and 31(a)(2) Depositions.** Defendants shall be allowed to take fourteen depositions so long as such depositions do not interfere with the trial date.

**8. Foundation & Authenticity of Discovery Items.** Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery. However, if counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, prior to the deadline for the close of discovery. If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production. This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial. All other objections are reserved for trial. Failure to comply with this provision constitutes a waiver of any foundation or authenticity objection at trial.

**9. Supplementation of Discovery Responses.** Pursuant to Federal Rule of Civil Procedure 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

**10. Discovery Disputes.** Discovery disputes will be resolved through standard motions practice. The Court does not entertain informal discovery resolution and

the parties should not contact chambers directly. *Compare with* Fed. R. Civ. P. 16(b)(3)(B)(v). Prior to filing a motion to compel discovery, counsel must advise the client that the loser will pay the opposing party's associated fees and costs. *See* Fed. R. Civ. P. 37(a)(5). Counsel must certify its compliance with this requirement in the motion. In addition, at the time the motion is fully-briefed, both parties shall file affidavits with the Court detailing their known fees and costs associated with the motion.

**11. Experts.** The parties informed the Court that they may engage experts in the following areas:

Plaintiff: medical

Defendant: medical

Experts, if engaged, must be disclosed in accordance with the time limits set forth in paragraph 1.

**12. Expert Disclosure.**

    (a)    Retained or Specially Employed.

Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert

is expected to testify. Expert reports must satisfy the specific requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

    (b)    Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written report, pursuant to Rule 26(a)(2)(C), a party must still serve a written disclosure, identifying the evidence and stating:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

(c) Objections to the timeliness or sufficiency of a Rule 26(a)(2) report or disclosure must be filed in the form of a motion within fourteen (14) days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed. In this regard, a treating physician is not considered a retained expert witness unless the testimony offered by the treating physician goes beyond care, treatment, and prognosis. If the treating physician's testimony goes beyond care, treatment, and prognosis then there must be full compliance with the disclosure requirements of Federal Rule of

Civil Procedure 26(a)(2)(B). All other objections to expert testimony may be lodged according to general motion's practice.

**13. Rebuttal Experts.** Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii).

**14. Supplementation of Incomplete or Incorrect Expert Reports.** Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is <u>incomplete</u> or <u>incorrect</u>, through no fault of the proponent or expert witness, must be disclosed no later than ninety (90) days before the date set for trial set forth in paragraph 1.

**15. Motions.** Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), all dispositive motions, discovery motions, and motions in limine shall be fully briefed by the date set forth in paragraph 1. "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the Court. **If the parties can reach an agreement concerning the use of certain**

**confidential and financial commercial information there is no need to seek a protective order from this Court. Unless the parties can show that a negotiated and signed stipulation is insufficient to protect their interests, no order of this Court will be forthcoming concerning protective orders.**

**16. Unopposed Motions.** Unopposed motions shall be accompanied by a proposed order, separate from the motion. The proposed order shall be filed under the heading "Text of Proposed Order" and e-mailed to dwm_propord@mtd.uscourts.gov. The proposed order shall be a Word document and adhere to the standards set out in Standing Order No. DLC-13. Failure to comply with this procedure will result in delayed resolution of the unopposed motion.

**17. Hearings & Oral Arguments.** Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or hearing.

**18. Bench Trial.** Bench trial of this case shall be conducted in Missoula, Montana, before the Honorable Donald W. Molloy. The parties anticipate the trial will last four to five days.

**19. Attorney Conference for Trial Preparation.** If the case does not settle, counsel for Plaintiff shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to

exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b). The Final Pretrial Order shall comply with the form prescribed by Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(iii) and Local Rule 16.4. Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list. *See generally* Forms D, E, and F, Local Rules Appendix C.

**20. Trial Exhibits.**

(a) Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference. Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

(b) Each exhibit must show the number of the exhibit. If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit. The exhibit list must identify those exhibits the party expects to offer and those the party may offer if the need arises. Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(c) Exhibits marked for use at trial that have not been numbered in discovery shall be marked by Plaintiff using an agreed upon range of arabic numbers and by Defendant using a different agreed upon range of arabic numbers.

(d) Each exhibit must be paginated, including any attachments thereto. <u>Exhibits shall not be duplicated</u>. An exhibit may be used by either of the parties.

(e) Counsel shall file with the Court a CD or DVD of the exhibits, as well as one paper copy of the exhibits. The paper copy shall be formatted as described in (b), above. The electronic files and paper copy shall be delivered to the chambers of Judge Donald W. Molloy on or before the date of the final pretrial conference.

(f) <u>Failure to comply with (a) through (e) above may result in the exclusion of the exhibit at trial.</u>

**21. Final Pretrial Order.** The parties shall file the proposed Final Pretrial Order and e-mail a copy in Word format to dwm_propord@mtd.uscourts.gov, by the date indicated in paragraph 1. Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**22. Final Pretrial Conference.** Counsel for the parties shall appear before the Court in chambers at Missoula, Montana, for the final pretrial conference on the date and time set forth in paragraph 1. Each party should bring Judge Molloy's copy of its trial exhibits if not already delivered to chambers.

**23. Trial Briefs.** Trial briefs are optional but if filed must be received by the Court by the date indicated in paragraph 1.

**24. Expert Reports.** The parties shall provide the Court with one thumbdrive[2] containing a PDF of the expert reports and Rule 26(a)(2)(C) disclosures for all testifying expert witnesses at or before the final pretrial conference. The PDF shall contain a table of contents with hyperlinks to each individual document. The parties shall also provide a binder containing hard copies of the expert reports and Rule 26(a)(2)(C) disclosures for all testifying expert witnesses. The documents may be duplexed but must be individually tabbed and include a table of contents.

**25. Proposed Findings of Fact & Conclusions of Law.**

(a) The parties shall jointly prepare one copy of proposed Findings of Fact upon which they agree, with citations to the record for each Finding of Fact. Each party may also prepare a separate proposed Findings of Fact with citations to the record for each Finding of Fact for matters upon which the parties cannot reach agreement.

(b) The parties shall jointly prepare one copy of proposed Conclusions of Law upon which they agree, with appropriate citations for each Conclusion of Law. Each party may also prepare a separate proposed Conclusions of Law with appropriate citations for each Conclusion of Law for matters upon which the parties cannot reach agreement.

(c) By the date indicated in paragraph 1, the parties shall:

---

[2] Court policy requires that the thumb drive be brand new and not previously used.

(1) file a copy of the Proposed Findings of Fact & Conclusions of Law on CM/ECF;

(2) e-mail a copy in Word format to dwm_propord@mtd.uscourts.gov; and

(3) provide a thumb drive copy containing hyperlinks to the exhibits referenced therein. The thumb drive must not have been used before.

## 26. Calling a Witness at Trial.

When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document, *see* Form I, Local Rules Appendix C, providing the following information about the witness:

i) the full name and current address of the witness;

ii) a brief description of the nature and substance of the witness's testimony;

iii) date witness was deposed or statement taken; and

iv) a listing of each exhibit to which the witness may refer during direct examination.

DATED this 20th day of May, 2022.

Donald W. Molloy, District Judge
United States District Court