Raph Graybill
GRAYBILL LAW FIRM, PC
300 4th Street North
Great Falls, MT 59403
Phone: (406) 452-8566
Email: rgraybill@silverstatelaw.net

*Attorney for Plaintiff-Intervenor*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, et al., | Cause No. 9:21-cv-108 |
| Plaintiffs, | Hon. Donald W. Molloy |
| and | |
| MONTANA NURSES ASSOCIATION, | |
| Plaintiff-Intervenor | **PLAINTIFF-INTERVENOR'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| AUSTIN KNUDSEN, Montana Attorney General, and LAURIE ESAU, Montana Commissioner of Labor and Industry, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff-Intervenor the Montana Nurses Association ("the Nurses") respectfully moves the Court to enter summary judgment on Claims I, II, III, VI, VII, and VIII, and issue the declaratory

1

and injunctive relief sought in the Nurses' Amended Complaint (ECF No. 38). There are no material facts in dispute, and Plaintiff-Intervenor is entitled to judgment as a matter of law.

The Court should hold that Montana Code Annotated §§ 49-2-312 and 49-2-313 violate the Montana and United States Constitutions' guarantees to equal protection because they effect an arbitrary distinction between Montana nurses who work in Exempted Facilities and those who work elsewhere. Montana nurses in the two classes are similarly situated with respect to the workplace risk from vaccine-preventable disease. The differential treatment between classes is not supported by a legitimate—much less a compelling—state interest. To the extent there is a state interest, it is completely unmoored from the arbitrary distinction the policy draws between nurses who work in Exempted Facilities and those who do not.

The Court should also hold that § 49-2-312 is preempted by federal law: the Americans with Disabilities Act, the Occupational Safety and Health Act, and the Centers for Medicare and Medicaid Services ("CMS") Interim Final Rule and Guidance regarding immunizations for healthcare workers.

The Court should then enter a permanent injunction preventing Defendants from enforcing § 49-2-312 in healthcare settings in Montana. The Court should limit the scope of the injunction to the employment context. Injunctive relief

against § 49-2-313 is unnecessary if § 49-2-312 is enjoined.

This Motion is supported by Plaintiff-Intervenor's Brief in Support of Motion for Summary Judgment, the Declaration of Vicky Byrd dated August 26, 2022 and exhibits, the Statement of Undisputed Facts prepared jointly by Plaintiffs the Montana Medical Association, et al. ("Plaintiffs") and the Nurses, and Plaintiffs' Brief in Support of Motion for Summary Judgment and associated foundational declarations.

DATED this 26th day of August, 2022.

/s/ Raph Graybill
Raph Graybill

Attorney for Plaintiff-Intervenor

## CERTIFICATE OF SERVICE

    I hereby certify that on August 26, 2022, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

                                /s/ Raph Graybill
                                Raph Graybill

                                Attorney for Plaintiff-Intervenor