# Exhibit 1



AN ACT PROHIBITING DISCRIMINATION BASED ON A PERSON'S VACCINATION STATUS OR

POSSESSION OF AN IMMUNITY PASSPORT; PROVIDING AN EXCEPTION AND AN EXEMPTION;

PROVIDING AN APPROPRIATION; AND PROVIDING EFFECTIVE DATES.


        WHEREAS, as stated in section 50-16-502, MCA, the Legislature finds that "health care information is

personal and sensitive information that if improperly used or released may do significant harm to a patient's

interests in privacy and health care or other interests"; and

        WHEREAS, the Montana Supreme Court in State v. Nelson, 283 Mont. 231, 941 P.2d 441 (1997),

concluded that "medical records fall within the zone of privacy protected by Article II, section 10, of the Montana

Constitution" and "are quintessentially private and deserve the utmost constitutional protection".


BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MONTANA:


        **Section 1.   Discrimination based on vaccination status or possession of immunity passport**

**prohibited -- definitions.** (1) Except as provided in subsection (2), it is an unlawful discriminatory practice for:

        (a)   a person or a governmental entity to refuse, withhold from, or deny to a person any local or state

services, goods, facilities, advantages, privileges, licensing, educational opportunities, health care access, or

employment opportunities based on the person's vaccination status or whether the person has an immunity

passport;

        (b)   an employer to refuse employment to a person, to bar a person from employment, or to

discriminate against a person in compensation or in a term, condition, or privilege of employment based on the

person's vaccination status or whether the person has an immunity passport; or

        (c)   a public accommodation to exclude, limit, segregate, refuse to serve, or otherwise discriminate

against a person based on the person's vaccination status or whether the person has an immunity passport.


*Legislative*
*Services*
*Division*

*Authorized Print Version* – HB 702

                                                                        **ENROLLED BILL**

(2)   This section does not apply to vaccination requirements set forth for schools pursuant to Title 20, chapter 5, part 4, or day-care facilities pursuant to Title 52, chapter 2, part 7.

(3)   (a)  A person, governmental entity, or an employer does not unlawfully discriminate under this section if they recommend that an employee receive a vaccine.

(b)   A health care facility, as defined in 50-5-101, does not unlawfully discriminate under this section if it complies with both of the following:

(i)   asks an employee to volunteer the employee's vaccination or immunization status for the purpose of determining whether the health care facility should implement reasonable accommodation measures to protect the safety and health of employees, patients, visitors, and other persons from communicable diseases. A health care facility may consider an employee to be nonvaccinated or nonimmune if the employee declines to provide the employee's vaccination or immunization status to the health care facility for purposes of determining whether reasonable accommodation measures should be implemented.

(ii)  implements reasonable accommodation measures for employees, patients, visitors, and other persons who are not vaccinated or not immune to protect the safety and health of employees, patients, visitors, and other persons from communicable diseases.

(4)   An individual may not be required to receive any vaccine whose use is allowed under an emergency use authorization or any vaccine undergoing safety trials.

(5)   As used in this section, the following definitions apply:

(a)   "Immunity passport" means a document, digital record, or software application indicating that a person is immune to a disease, either through vaccination or infection and recovery.

(b)   "Vaccination status" means an indication of whether a person has received one or more doses of a vaccine.


**Section 2.   Exemption.** A licensed nursing home, long-term care facility, or assisted living facility is exempt from compliance with [section 1] during any period of time that compliance with [section 1] would result in a violation of regulations or guidance issued by the centers for medicare and medicaid services or the centers for disease control and prevention.



**Section 3.    Appropriation.** There is appropriated $200 from the general fund to the department of

labor and industry for the biennium beginning July 1, 2021, for the purposes of:

(1)    notifying local boards of health of the requirements of [section 1] and requiring local boards of

health to prominently display notice of the requirements of [section 1] on the home page of their website, if

available, for at least 6 months after [the effective date of this act]; and

(2)    requiring the department of public health and human services to prominently display notice of the

requirements of [section 1] on the home page of the department's website for at least 6 months after [the

effective date of this act].


**Section 4.    Codification instruction.** [Sections 1 and 2] are intended to be codified as an integral

part of Title 49, chapter 2, part 3, and the provisions of Title 49, chapter 2, part 3, apply to [sections 1 and 2].


**Section 5.    Severability.** If a part of [this act] is invalid, all valid parts that are severable from the

invalid part remain in effect. If a part of [this act] is invalid in one or more of its applications, the part remains in

effect in all valid applications that are severable from the invalid applications.


**Section 6.    Effective date.** (1) Except as provided in subsection (2), [this act] is effective on passage

and approval.

(2)    [Section 3] is effective July 1, 2021.

- END -


*Legislative*
*Services*
*Division*

I hereby certify that the within bill,

HB 702, originated in the House.

_____

Chief Clerk of the House

_____

Speaker of the House

Signed this _____day

of_____, 2021.

_____

President of the Senate

Signed this _____day
of_____, 2021.

HOUSE BILL NO. 702

INTRODUCED BY J. CARLSON, D. SKEES, J. READ, D. LENZ, W. GALT, S. BERGLEE, J. HINKLE, M. NOLAND, V. RICCI, B. TSCHIDA, S. GUNDERSON, M. REGIER, L. SHELDON-GALLOWAY, J. TREBAS, D. BARTEL, C. KNUDSEN, B. USHER, J. PATELIS, S. VINTON, M. HOPKINS, F. FLEMING, J. FULLER, R. KNUDSEN, J. KASSMIER, T. MOORE, B. LER, B. PHALEN, F. NAVE, L. BREWSTER, B. MITCHELL, A. REGIER, S. KERNS, S. GALLOWAY, S. GIST, E. HILL, J. SCHILLINGER, K. SEEKINS-CROWE, M. STROMSWOLD, J. GILLETTE, C. HINKLE, M. BINKLEY, R. MARSHALL


AN ACT PROHIBITING DISCRIMINATION BASED ON A PERSON'S VACCINATION STATUS OR POSSESSION OF AN IMMUNITY PASSPORT; PROVIDING AN EXCEPTION AND AN EXEMPTION; PROVIDING AN APPROPRIATION; AND PROVIDING EFFECTIVE DATES.