# Exhibit 9

Justin K. Cole
Kathryn S. Mahe
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
jkcole@garlington.com
ksmahe@garlington.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>and<br><br>MONTANA NURSES ASSOCIATION,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>AUSTIN KNUDSEN, et al.,<br><br>Defendants. | Case No. CV 21-00108-DWM<br><br><br>PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST COMBINED DISCOVERY REQUESTS |

Plaintiffs submit the following answers/responses to Defendants' First

Combined Discovery Requests dated June 29, 2022.

4893-1479-1463                                                                                                 1

These answers/responses are prepared and submitted in accordance with Federal Rules of Civil Procedure 26, 33, 34, and 36.  Plaintiffs do not recognize or accept any obligation to supplement answers/responses to discovery requests except as required by Federal Rule of Civil Procedure 26(e).  The preface included in these discovery requests is not within the express or implied provisions of the Federal Rules of Civil Procedure and, as such, has been disregarded in preparing these answers/responses.

In the event Plaintiffs inadvertently or otherwise produce copies of documents that are subject to protection from discovery under the doctrines of attorney-client privilege, work-product, trade secrets, confidentiality, proprietary or confidential business or commercial information, or are not relevant and not reasonably calculated to lead to the discovery of the admissible evidence, any production herewith shall not be deemed a waiver of such protection or any subsequent obligation to use for admissibility in any proceedings herein.

**INTERROGATORY NO. 1:** Please identify each and every person who prepared or assisted in the preparation of answering these discovery requests.

**ANSWER:** The following individuals prepared or assisted in preparing these responses, with the assistance of counsel:

1. Jean Branscum

2. Kirk Bodlovic

3.  Karyn Trainor

4.  Tammy Powers

5.  Meghan Morris

6.  John O'Connor

7.  Mark Carpenter

8.  Pat Appleby

9.  Diana Jo Page

10. Wallace L. Page

11. Cheyenne Smith

**INTERROGATORY NO. 2:** Please identify each and every person known by you to have knowledge of the facts, events, and circumstances related to this action, including a brief summary of the facts, events, and circumstances known by each person.

**ANSWER:**

1.     Jean Branscum or other representatives of Montana Medical Association ("MMA"), c/o Garlington, Lohn & Robinson, PLLP.  Jean Branscum has knowledge regarding the impact of the law related to MMA members, impact of the law regarding patient care and employment, hiring, accommodations, attempted compliance efforts, harm caused by the law, and additional information regarding the facts set forth in the Second Amended Complaint and Defendants'

defenses, as well as infectious disease prevention.  Ms. Branscum may also have knowledge regarding patient care and treatment and professional obligations of medical practitioners.

2.      John O'Connor, Karl Westenfelder, M.D., or other representatives of Five Valleys Urology ("Five Valleys"), c/o Garlington, Lohn & Robinson, PLLP. Five Valleys representatives have knowledge regarding the impact of the law related to Five Valleys and offices of private physicians, impact of the law in various clinical settings, impact of the law regarding patient care and employment, hiring, accommodations, attempted compliance efforts, harm caused by the law, Five Valleys' policies and procedures, and additional information regarding the facts set forth in the Second Amended Complaint and Defendants' defenses.  Five Valleys representatives may also have knowledge regarding CDC guidelines, as well as infectious disease prevention.  Five Valleys representatives may also have knowledge regarding patient care and treatment and professional obligations of medical practitioners. Please also see Plaintiffs' expert disclosures.

3.      Joyce Dombrowski, Kirk Bodlovic, Karyn Trainor, Tammy Powers or other representatives of Providence Health and Services ("Providence"), c/o Garlington, Lohn & Robinson, PLLP.  Providence representatives have knowledge regarding the impact of the law related to Providence, offices of private physicians, hospitals, and other various clinical settings, impact of the law regarding patient

care and employment, hiring, accommodations, attempted compliance efforts,

harm caused by the law, Providence's policies and procedures, and additional

information regarding the facts set forth in the Second Amended Complaint and

Defendants' defenses.  Providence representatives may also have knowledge

regarding CDC, OSHA, and CMS guidelines, including but not limited to the CMS

COVID vaccination mandate, well as infectious disease prevention.  Providence

representatives may also have knowledge regarding patient care and treatment and

professional obligations of medical practitioners. Please also see Plaintiffs' expert

disclosures.

4.      Meghan Morris, Dirk Gottman, M.D., or other representatives of

Western Montana Clinic ("Clinic"), c/o Garlington, Lohn & Robinson, PLLP.

Clinic representatives have knowledge regarding the impact of the law related to

Clinic, offices of private physicians, and other various clinical settings, impact of

the law regarding patient care and employment, hiring, accommodations,

attempted compliance efforts, harm caused by the law, Clinic's policies and

procedures, and additional information regarding the facts set forth in the Second

Amended Complaint and Defendants' defenses.  Clinic representatives may also

have knowledge regarding CDC and OSHA guidelines, as well as infectious

disease prevention.  Clinic representatives may also have knowledge regarding

patient care and treatment and professional obligations of medical practitioners. Please also see Plaintiffs' expert disclosures.

5.     Pat Appleby, c/o Garlington, Lohn & Robinson, PLLP.  Ms. Appleby has knowledge regarding her medical conditions, treatment, vaccination/immunity status, and medical advice she has received.  Ms. Appleby has knowledge regarding the types of activities she can safely engage in, and her tactics for preventing contracting communicable diseases.

6.     Mark Carpenter, c/o Garlington, Lohn & Robinson, PLLP.  Mr. Carpenter has knowledge regarding his medical conditions, treatment, vaccination/immunity status, and medical advice he has received.  Mr. Carpenter has knowledge regarding the types of activities he can safely engage in, and his tactics for preventing contracting communicable diseases.

7.     Diana Jo Page, c/o Garlington, Lohn & Robinson, PLLP.  Ms. Page has knowledge regarding her medical conditions, treatment, vaccination/immunity status, and medical advice she has received.  Ms. Page has knowledge regarding the types of activities she can safely engage in, and her tactics for preventing contracting communicable diseases.

8.     Wallace L. Page, c/o Garlington, Lohn & Robinson, PLLP.  Mr. Page has knowledge regarding his medical conditions, treatment, vaccination/immunity status, and medical advice he has received.  Mr. Page has knowledge regarding the

types of activities he can safely engage in, and his tactics for preventing

contracting communicable diseases.

9.     Cheyenne Smith, c/o Garlington, Lohn & Robinson, PLLP.  Ms.

Smith has knowledge regarding her medical conditions, treatment,

vaccination/immunity status, and medical advice she has received, as well as

knowledge regarding this information for her infant child.  Ms. Smith has

knowledge regarding the types of activities she, and her infant child, can safely

engage in, and her tactics for preventing contracting communicable diseases.

10.     Austin Knudsen, Derek Oestreicher and other representatives of the

Attorney General's Office and/or Department of Justice, c/o Defendants' counsel.

Mr. Knudsen and Derek Oestreicher likely have knowledge regarding enforcement,

interpretation and application of Montana Code Annotated § 49-2-312, as well as

Defendants' defenses.

11.     Laurie Esau, and other representatives of the Department of Labor and

Industry, c/o Defendants' counsel.  Ms. Esau likely has knowledge regarding

enforcement, interpretation and application of Montana Code Annotated § 49-2-

312, as well as Defendants' defenses.

12.     David King, M.D., 931 Highland Boulevard, Suite 3103, Bozeman,

MT 59715, 406-414-5000.  Please see Plaintiffs' expert disclosures.

13.     David Taylor, M.D., MSc, 931 Highland Boulevard, Suite 3103, Bozeman, MT 59715, 406-414-6109.  Please see Plaintiffs' expert disclosures.

14.     Bonnie Stephens, M.D., 2827 Fort Missoula Rd., Missoula MT 59804. Please see Plaintiffs' expert disclosures.

15.     Marieke Beck, Montana Human Rights Bureau Chief or other representative of the Montana Human Rights Bureau ("HRB").  Ms. Beck or other HRB representative likely has knowledge regarding enforcement, interpretation and application of Montana Code Annotated § 49-2-312.  She (or other HRB representative) also has knowledge regarding the HRB's enforcement and application of the ADA, including reasonable accommodations thereunder, as the HRB is the deferral agency for the EEOC.  Ms. Beck or other HRB representative likely has additional knowledge regarding Plaintiffs' claims, as well as Defendants' defenses.

16.     Vicky Byrd.  20 Old Montana State Highway, Clancy, MT 59634. Ms. Byrd is the CEO of the Montana Nurses Association ("MNA").  Ms. Byrd is believed to have knowledge of MNA, its members, her own experience working in healthcare, personnel policies at Montana healthcare facilities that employ MNA members, the requirements of participation in CMS programs and importance of the same to Montana healthcare facilities, vaccination requirements of CMS-

participating Montana healthcare facilities prior to implementation of House Bill 702, among other information pertinent to the claims made in this case.

17.     Carter Anderson, Inspector General of the Montana Department of Public Health and Human Services ("DPHHS").  2401 Colonial Drive, Helena, MT 59620.  It is believed Carter Anderson has information pertinent to enforcement of CMS regulations in Montana as conducted by DPHHS, as well as information as set forth in the Affidavit of Carter Anderson dated March 2, 2022.  (Doc. 51-1).

18.     Expert witnesses disclosed by Plaintiff-Intervenor and Defendants, as set forth in expert disclosures and expert reports.

19.     Witnesses identified in Discovery and Initial Disclosures.

20.     Witnesses identified by the Defendants and by Plaintiff-Intervenor.

21.     Witnesses necessary for foundation, rebuttal, or impeachment.

This response may be supplemented to the extent additional individuals are identified.

**INTERROGATORY NO. 3:** Please state in detail the damages or injuries you claim in this case and identify all facts supporting your damages or injuries, all witnesses who will testify in this matter regarding your damages or injuries, and all documents supporting your claimed damages or injuries.

**ANSWER:**  Plaintiffs object to the extent this request seeks information protected by the work product doctrine.  Plaintiffs do not seek damages in this

4893-1479-1463                                                                                                    9

case; Plaintiffs seek declaratory and injunctive relief as set forth in the Second Amended Complaint, based upon the irreparable harms caused by the statute at issue in this case, which include but are not limited to:

1.      Conflict with federal law under both the employer and public accommodations obligations under the Americans with Disabilities Act ("ADA"), exposing the institutional Plaintiffs to competing obligations and liabilities under both the ADA and MCA § 49-2-312.

2.      Conflict with federal law under OSHA, exposing the institutional Plaintiffs to competing obligations and liabilities under OSHA rules and regulations and MCA § 49-2-312.

3.      Conflict with federal law under the Centers for Medicare and Medicaid Services ("CMS") both by disallowing covered facilities from complying with recognized national standards of care for infection disease prevention, and from complying with the specific COVID vaccination requirements, exposing Providence and other covered facilities to losing the ability to participate in the Medicare and Medicaid programs.

4.      Exposing hospitals and physician offices to civil and criminal liability for what would otherwise be appropriate and required exercise of infection control prevention protocols, medical ethical standards, applicable standards of care, and

compliance with other legal responsibilities such as but not limited to compliance with other state and federal laws.

5.      Placing medical providers, support staff and other staff in healthcare settings at increased risk of harm of contracting communicable diseases in the work place.

6.      Depriving offices of private physicians, including Western Montana Clinic and Five Valleys Urology, equal treatment under the law.

7.      Depriving hospitals, including Providence Health and Services, equal treatment under the law.

8.      Depriving individuals, including the individual Plaintiffs, with compromised immune systems equal treatment under the law.

9.      Infringing upon the individual Plaintiffs' constitutional right under the Montana Constitution to seek health in a clean and healthy environment.

10.      Placing patients at increased risk of harm of contracting communicable diseases when seeking medical care.

11.      Depriving patients access to safe health care in settings that observe all appropriate infection disease prevention protocols, including staff vaccination.

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents in your possession, custody, or control identified in your Answer to Interrogatory No. 3.

4893-1479-1463                                                                                                                11

**RESPONSE:**  Plaintiffs did not identify any documents in response to the foregoing interrogatory.  Plaintiffs refer Defendants to the documents produced herein and previously identified through initial disclosures and otherwise. Plaintiffs refer Defendants to Plaintiffs' Expert Disclosures and documents referenced therein and produced therewith.  Plaintiffs refer Defendants to the legal authorities referenced in the foregoing interrogatory.

**INTERROGATORY NO. 4:** Please identify all expert witnesses you intend to call to testify at the trial of this matter and for each expert, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**  Plaintiffs refer Defendants to Plaintiffs' Expert Witness Disclosure dated July 8, 2022, and incorporate those disclosures and attachments by this reference.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents in your possession, custody, or control related to the expert witnesses identified in your Answer to Interrogatory No. 4.

**RESPONSE:**  Plaintiffs refer Defendants to Plaintiffs' Expert Witness Disclosure dated July 8, 2022, and incorporate those disclosures and attachments by this reference.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all data, photographs, videos, and other documents or information upon which the opinions of each expert identified in your Answer to Interrogatory No. 4 are based.

**RESPONSE:** Plaintiffs refer Defendants to Plaintiffs' Expert Witness Disclosure dated July 8, 2022, and incorporate those disclosures and attachments by this reference.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents, including medical information substantiating the claims made in paragraph 23 of the Second Amended Complaint that the individual Plaintiffs suffer "from one or more chronic medical conditions, which require frequent care from physicians. Each of them has a compromised immune system, which makes them especially susceptible to acquiring an infectious disease."

**RESPONSE:** Plaintiffs object that this request is overly broad, unduly reasonable, and seeks information beyond the scope of allowable discovery, which is neither relevant to the claims at issue nor proportional to the needs of the case.

As to the non-objectionable portion of the request, limiting the request as only to limited and narrow medical information corroborating the base allegations in the complaint pertaining to the individual Plaintiffs' medical conditions, please see PL 1574-1575 which is medical record information identifying Mark

Carpenter's medical condition.  Additional documentation has been requested and will be supplemented upon receipt.

For completeness, the following is identification of the pertinent medical conditions of each individual Plaintiff:

1.     Mark Carpenter is a kidney transplant patient, which process results in a significantly compromised immune system.

2.     Wally Page has been diagnosed with non-Hodgkins lymphoma and multiple myeloma, requiring ongoing chemotherapy treatment.

3.     Jo Page is a recent breast cancer survivor, which required chemotherapy, radiation, and surgery.  She is Wally's primary caregiver.

4.      Cheyenne Smith has been diagnosed with Juvenile Rheumatoid Arthritis since 1996.  She also was recently pregnant and recently gave birth to a baby boy.

5.     Pat Appleby is a cancer survivor and underwent chemotherapy treatment for granulosa cell ovarian cancer in 2015.  She also continues to treat for type 2 diabetes.

**REQUEST FOR PRODUCTION NO. 5:** Please produce any data, photographs, videos, or other documents stored on the individual Plaintiffs' social media accounts (twitter, Facebook, Instagram, etc.), personal electronic devices, or

other storage devices between March 1, 2020 to the date these discovery requests were served.

**RESPONSE:**  Plaintiffs object that this request is overly broad, unduly burdensome, and seeks information beyond the scope of allowable discovery, which is neither relevant to the claims at issue nor proportional to the needs of the case.  The individual Plaintiffs do not seek individual special or general damages from this case.

As to the non-objectionable portion of the request, narrowing the scope of the request to include social media posts and photographs, please see the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 6:** Please produce any data, photographs, videos, or other documents related to individual Plaintiffs' attendance or participation in small and large gatherings as defined by the Centers for Disease Control and Prevention from March 1, 2020, to the date these discovery requests were served.

**RESPONSE:**  Plaintiffs object that this request is overly broad, not reasonably limited in time, unduly burdensome, and seeks information beyond the scope of allowable discovery, which is not proportional to the needs of the case given the claims at issue.  The request is vague insofar as it seeks "data" "or other documents related to" attendance at gatherings.  Plaintiffs further object that the

definitions referenced in this response are impermissibly vague to permit a response to a discovery request in this context.

As to the non-objectionable portion of the request, the individual Plaintiffs have reasonably searched for photographs that may depict the Plaintiffs attending certain gatherings.  It is impossible to locate every photograph that may depict the Plaintiffs in "small or large gatherings" as defined in the request.  Please see the photographs produced herewith.

**REQUEST FOR PRODUCTION NO. 7:** Please produce any data, photographs, videos, or other documents related to individual Plaintiffs' airline, railway, or other travel from March 1, 2020, to the date these discovery requests were served.  This request excludes any automobile or other private transportation in which the individual Plaintiffs were accompanied only by immediate family members.

**RESPONSE:**  Plaintiffs object that this request is overly broad, not reasonably limited in time, unduly burdensome, and seeks information beyond the scope of allowable discovery, which is not proportional to the needs of the case given the claims at issue.  Plaintiffs further object that the references to "other travel" and "private transportation" are vague.  The request is overly broad and vague to the extent it seeks "data" and "other documents."  Plaintiffs further object to the extent the request seeks data, photos, videos or other documents "related to"

certain types of travel – there can be innumerable types of "data" or "documents" that are related to travel and Plaintiffs cannot reasonably locate all potentially responsive documents for these reasons.

As to the non-objectionable portion of this request, Plaintiffs will identify the airline and railway travel from March 1, 2020 to present, and set forth a summary below.  If Defendants can identify the types of "data, photographs, videos, or other documents" sought that pertain to these travel occasions, and provide an explanation for why the need for this documentation is proportional to the burden of obtaining it, particularly given Plaintiffs' identification of pertinent airline and railway travel below, Plaintiffs will evaluate the request and may attempt to supplement this response.

- Mark Carpenter flew on an airplane on two occasions to Sacramento, CA, one May 14-19, 2020 and one June 11-16, 2020.  He has not had any travel by rail.

- Cheyenne Smith travelled by airplane to Des Moines, Iowa in May of 2021 and to Las Vegas, Nevada in May of 2021.

- Wally and Jo Page have had no airline or railway travel during the requested timeframe.

- Pat Appleby flew on an airplane to Missouri in June 2022.

**REQUEST FOR PRODUCTION NO. 8:** Please produce any documents related to individual Plaintiffs' requests for reasonable accommodations pursuant to the Montana Human Rights Act and any complaints filed under the Montana Human Rights Act by the individual Plaintiffs against any place of public accommodation.  This request seeks responsive documents from the time period beginning January 1, 2018, through the date these discovery requests were served.

**RESPONSE:**  Plaintiffs object to the extent this request seeks reasonable accommodation requests pertaining to anything other than disability discrimination as overly broad and beyond the scope of allowable discovery.  Plaintiffs object that to the extent this request seeks information regarding "reasonable accommodations" under MCA § 39-2-312, as that term is vague and has not been defined.  As to the non-objectionable portion of the request, documents filed under Montana Human Rights Act are in the possession of the Department of Labor and Industry.  While Mark Carpenter has made numerous accommodation requests verbally, Plaintiffs are not in possession of documents responsive to this request. No Plaintiff has filed a complaint before the HRB in the time period requested.

**REQUEST FOR PRODUCTION NO. 9:** Please produce any documents or information related to reasonable accommodations available under MCA § 49-2-312(3)(b) that the individual Plaintiffs have requested or received.

**RESPONSE:**  Plaintiffs object that this request is overly broad, not limited in time or scope, unduly burdensome, and not proportional to the needs of the case, and further object to the extent the request calls for a legal conclusion as to what types of accommodations are "available" under applicable law.  Plaintiffs further object that "reasonable accommodations" available under MCA § 49-2-312(3)(b) is vague and has not been defined, so it is unclear what the request is seeking, particularly because that subsection applies to accommodations provided to employees who do not share vaccination status, not to patients, visitors, or non-employees.  As to the non-objectionable portion of the request, Plaintiffs are not in possession of documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:** Please produce any documents related to reasonable accommodations available under the Americans with Disabilities Act requested, received, or denied by the individual Plaintiffs.

**RESPONSE:**  Plaintiffs object that this request is overly broad, not limited in time or scope, unduly burdensome, and not proportional to the needs of the case, and further object to the extent the request calls for a legal conclusion as to what types of accommodations are "available" under applicable law.  As to the non-objectionable portion of the request, and limiting the time period of the request to the last 5 years, please see the response to Request for Production No. 8.  This response may be supplemented to the extent additional documents are identified.

19

**REQUEST FOR PRODUCTION NO. 11:** Please produce any and all documents that support or substantiate Plaintiffs' allegation in Paragraph 35 of the Second Amended Complaint that "MCA 49-2-312 discourages immune-compromised workers, such as the Patients, from accepting potential employment opportunities otherwise available to them at [Offices of Private Physicians] or at Hospitals."  This request seeks responsive documents from the time period beginning January 1, 2018, through the date these discovery requests were served.

**RESPONSE:**  Please see Plaintiffs' Expert Disclosures and declarations and the documents attached thereto.

**INTERROGATORY NO. 5:** In Paragraph 25 of the Second Amended Complaint, Individual Plaintiffs allege that they must "avoid or minimize contact" with "persons who carry or may carry the COVID-19 virus" and must "avoid commercial and professional establishments" that "fail to take steps to minimize the spread of the virus and other common viruses and germs" and must avoid establishments that "employ unvaccinated workers" or are unable to "take necessary measures to protect against preventable diseases."  Please describe in detail how you define these quoted phrases from Paragraph 25 of the Second Amended Complaint.

**ANSWER:**  The phrases quoted in the response are defined as to their ordinary meaning.  As additional explanation, individuals who are vulnerable due

to age, disability, or health condition are more at risk of contracting and being harmed by vaccine-preventable diseases.  These individuals are required to take particular precaution to avoid contracting vaccine-preventable diseases.  This applies not only to COVID during the current pandemic, but to all infectious diseases.

For Mark Carpenter specifically, as a kidney transplant patient, he was given a significant amount of guidance prior to the transplant and afterwards regarding the risks of infections because of immunosuppressants.  This started back in 2016 when he applied for a kidney transplant and the guidance is ongoing.  This included his entire transplant team at Virginia Mason Hospital in Seattle, his primary care physician in Missoula, his nephrologist in Missoula, his infectious disease specialist in Missoula, and the Missoula County Health Department where he received a large number of vaccinations strongly recommended by his various medical providers.  People on immunosuppressants are given guidance to the extent of avoiding things like salad bars due to the risk of infection for diseases like Hepatitis B.  In order to protect himself during the pandemic, he did extensive research on his own following clinical studies at John Hopkins and elsewhere.  This is how he discovered that the vaccines might not produce antibodies for him and what levels of antibodies are expected to provide protection.  For these reasons, he has not attended large gatherings (conferences, trade shows, sporting

events, festivals, concerts, or weddings) since the pandemic began.  Since March

2020, he has lived at his remote cabin on Salmon Lake and kept his interactions to

a very small group of friends and family who were fully vaccinated and exercised

caution.

For Wally Page, he avoided seeing people and establishments who

disregarded masking and vaccination recommended by health care professionals.

Jo Page limited places she visited to healthcare establishments, where providers

masked and followed distancing protocols.

Cheyenne Smith was pregnant during the pandemic and exercised caution

when in public.  Pat Appleby also exercised caution when leaving the house or

going to the grocery store.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all documents

in your possession, custody, or control identified in your Answer to Interrogatory

No. 5.

**RESPONSE:**  Plaintiffs did not identify specific documents in the answer to

Interrogatory No. 5.  Mark Carpenter has performed a reasonably diligent search

and has determined he did not retain the educational materials noted in the

response to Interrogatory No. 5, though those educational materials are likely

available online.

**REQUEST FOR ADMISSION NO. 1:** Please admit that the individual

Plaintiffs have visited Providence, or any other health care facility defined by

MCA § 50-5-101, since May 7, 2021.

**RESPONSE:**  Admit as to Mark Carpenter.  Admit as to Cheyenne Smith.

Admit as to Wally and Jo Page.  Denied as to Pat Appleby, although she has

attended other health care establishments during this time frame.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents

in your possession, custody, or control that support or substantiate your Answer to

Request for Admission No. 1.

**RESPONSE:**  Plaintiffs object that this request is vague, overly broad,

unduly burdensome and not proportional to the needs of the case.  It is unclear

what documentation is sought to substantiate the response to the previous request

for admission.

**REQUEST FOR ADMISSION NO. 2:** Please admit that WMC, FVU,

PH&S, and other health care providers employ individuals unvaccinated for

COVID-19 and other infectious diseases.

**RESPONSE:**  Plaintiffs object to the reference to "other infectious

diseases" as vague, overly broad and not sufficiently defined.  As to the non-

objectionable portion of this request, Plaintiffs admit Providence employs

individuals unvaccinated against COVID-19 but who have an approved exemption

4893-1479-1463                                                                                                                23

pursuant to the CMS COVID vaccine requirements; Plaintiffs admit that Five

Valleys and Clinic employ individuals who were, at one point in time, known not

to be vaccinated against COVID-19 when such vaccines were available.

**REQUEST FOR PRODUCTION NO. 14:** Please produce any and all

documents in your possession, custody, or control relating to your decision to

initiate this action, including board minutes, membership polling, membership and

employee communications received and sent, press releases, or communications to

other entities or individuals soliciting joining the action—even if those entities or

individuals declined to join.

**RESPONSE:**  Plaintiffs object that this request seeks information protected

by the attorney client privilege and work product doctrines, and further seeks

information beyond the scope of allowable discovery.  Please see the privilege log

provided herewith.

**INTERROGATORY No. 6:** Please provide to total number of MMA

members for the years 2018, 2019, 2020, 2021, and 2022.

**ANSWER:**  MMA's membership for the noted years is as follows:

| 2018 | 2019 | 2020 | 2021 | 2022 |
|------|------|------|------|------|
| 1402 | 1472 | 1445 | 1469 | 1466 |

**REQUEST FOR PRODUCTION NO. 15:** Please produce any and all

documents in your possession, custody, or control related to how you comply with

29 U.S.C. § 654(a)(1), including but not limited to relevant facility plans, operational plans, employment requirements, and employee assignments.

**RESPONSE:**  Plaintiffs objects that this request is overly broad, not limited in time or scope, unduly burdensome, and not proportionate to the needs of the case.  Plaintiffs further object to the extent this request seeks information from the individual Plaintiffs or the MMA.  Plaintiffs object to the extent this request calls for a legal conclusion, and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.  As to the non-objectionable portion of the request, and limiting the request as seeking OSHA policies pertaining to infectious disease prevention from January 1, 2020 to present, please see the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 16:** Please produce any and all documents in your possession, custody, or control related to how you comply with 29 C.F.R. § 1910.502, including but not limited to relevant facility plans, operational plans, employment requirements, and employment assignments.

**RESPONSE:**  Plaintiffs objects that this request is overly broad, unduly burdensome, and not proportionate to the needs of the case.  Plaintiffs further object to the extent this request seeks information from the individual Plaintiffs or the MMA.  Plaintiffs object to the extent this request calls for a legal conclusion, and to the extent it seeks documents protected by the attorney-client privilege

and/or work product doctrine.  As to the non-objectionable portion of the request, and limiting the request as seeking policies pertaining to 29 C.F.R. § 1910.502 from January 1, 2020 to present, please see the policy documents of the Clinic, Five Valleys and Providence produced herewith.

**REQUEST FOR PRODUCTION NO. 17:** Please produce any and all documents in your possession, custody, or control related to how you comply with 42 C.F.R. § 482.41, including but not limited to facility plans, operational plans, employment requirements, and employee assignments.

**RESPONSE:**  Plaintiffs objects that this request is overly broad, not limited in time or scope, unduly burdensome, and not proportionate to the needs of the case.  Plaintiffs further object to the extent this request seeks information from the individual Plaintiffs, the MMA, Clinic, and Five Valleys. Plaintiffs object to the extent this request calls for a legal conclusion, and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. As to the non-objectionable portion of the request, and limiting the request as seeking policies only from Providence pertaining to infectious disease prevention from January 1, 2020 to present, please see the Providence policy documents produced herewith.

**REQUEST FOR PRODUCTION NO. 18:** Please produce any and all documents in your possession, custody, or control related to how you comply with

42 C.F.R. § 482.42, including but not limited to facility plans, operational plans, employment requirements, and employee assignments.

**RESPONSE:** Plaintiffs objects that this request is overly broad, not limited in time or scope, unduly burdensome, and not proportionate to the needs of the case. Plaintiffs further object to the extent this request seeks information from the individual Plaintiffs, MMA, Clinic, and Five Valleys. Plaintiffs object to the extent this request calls for a legal conclusion, and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. As to the non-objectionable portion of the request, and limiting the request as seeking policies only from Providence pertaining to infectious disease prevention from January 1, 2020 to present, please see the Providence policy documents produced herewith.

**REQUEST FOR PRODUCTION NO. 19:** Please produce any and all documents in your possession, custody, or control related to how you comply with 42 C.F.R. § 482.42(g), including but not limited to facility plans, operational plans, employment requirements, and employee assignments.

**RESPONSE:** Plaintiffs objects that this request is overly broad, not limited in time or scope, unduly burdensome, and not proportionate to the needs of the case. Plaintiffs further object to the extent this request seeks information from the individual Plaintiffs, MMA, Clinic, and Five Valleys. Plaintiffs object to the

4893-1479-1463

extent this request calls for a legal conclusion, and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.  As to the non-objectionable portion of the request, and limiting the request as seeking policies only from Providence pertaining to infectious disease prevention from January 1, 2020 to present, please see the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 20:** Please produce any and all documents in your possession, custody, or control related to how you comply with MCA § 49-2-312, including but not limited to facility plans, operational plans, employment requirements, and employee assignments.

**RESPONSE:**  Plaintiffs objects that this request is overly broad, not limited in time or scope, unduly burdensome, and not proportionate to the needs of the case.  Plaintiffs object to the extent this request seeks information or documents from the individual Plaintiffs or from MMA.  Plaintiffs object to the extent this request calls for a legal conclusion, and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.  As to the non-objectionable portion of the request, please see the policy documents of the Clinic, Five Valleys and Providence produced herewith.

**REQUEST FOR PRODUCTION NO. 21:** Please produce any and all documents in your possession, custody, or control related to employment policies at Providence, Five Valleys, and Clinic from January 1, 2018, to the present,

including any amendments, recissions, or additions to hiring and employment
policies.

**RESPONSE:**  Plaintiffs object that this request is overly broad, unduly
burdensome, seeks information beyond the scope of allowable discovery and is not
proportionate to the needs of the case.  The request is overly broad in that "all
policies" "related to" employment policies or practices implicates an innumerable
number of different documents pertaining to things such as clocking in and
clocking out, breaks, dress codes, paid time off policies, and other employment-
related issues that have nothing to do with the claims at issue in this case.  As to
the non-objectionable portion of the request, and limiting the request as seeking
general employee handbooks and policies specifically pertaining to infectious
disease control and disability discrimination, please see documents produced
herewith.

**INTERROGATORY NO. 7:** Please provide data explaining the relative
health status of patients at PH&S, FVU, and WMC, respectively.  Relative health
status means the number of patients who are immunocompromised or otherwise
disabled (as that term is used in Paragraph 64 of the Second Amended Complaint)
compared to the number of patients who are not immunocompromised or otherwise
disabled (as that term is used in Paragraph 64 of the Second Amended Complaint),
both in terms of number of patients and number of patient visits.  Production must

be done for each facility separately.  This response asks for monthly data totals from January 2020 through June 2022.  Defendants provide the following template to the extent Plaintiffs find it helpful in answering this Interrogatory:

**ANSWER:**  Plaintiffs object that this interrogatory is three separate interrogatories and will be counted as such against Defendants' total number of allowable interrogatories.  Plaintiffs object to and are ignoring the suggested template provided in the request as not permitted under the Rules.

Plaintiffs further object that this request is overly broad, unduly burdensome, seeks information beyond the scope of allowable discovery, and is not proportional to the needs of the case. Plaintiffs object that "relative health status" is vague and ambiguous.  Plaintiffs further object to the extent it seeks protected health information of individual patients.

Providence sees approximately 138 inpatients patients per day at the St. Patrick Hospital location alone, and has had 149,207 outpatient visits and 164,795 physician office and ER visits from January 1, 2022 through June 30, 2022. St. Joseph Medical Center sees an average of 6 inpatients per day, and has had 28,214 outpatient visits and 20,881 physician office and ER visits from January 1, 2022 through June 30, 2022. Patient totals for 2021 and 2020 are approximately double these figures.

Five Valleys sees approximately 1,400 patients on average per month.  The Clinic sees approximately 110 patients on average per day, including additional patients of the lab and infusion center, which constitute an additional 40-80 patients per day.

These entities do not maintain a data set that would permit a response to this request as drafted, and moreover a given patient's medical status changes over time and can change over a given course of treatment.

Accordingly, to respond to this request would require Providence, Five Valleys, and the Clinic to review every patient record for the past two and a half years, and attempt to interpret each patient's chart under a vague and ambiguous standard.

**REQUEST FOR PRODUCTION NO. 22:** Please produce any and all documents in your possession, custody, or control related to employee or prospective employee requests at PH&S, FVU, or WMC for reasonable accommodations authorized under MCA § 49-2-312, including any documents related to decisions to grant or deny such accommodations.

**RESPONSE:**  Plaintiffs object that this request is not reasonably limited in time or scope and thereby is overly broad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs further object to the extent the request calls for a legal conclusion as to what types of accommodations are

4893-1479-1463                                                                                                                          31

"available" under applicable law.  Plaintiffs further object that "reasonable

accommodations" available under MCA § 49-2-312(3)(b) is vague and has not

been defined, so it is unclear what the request is seeking.  Plaintiffs object that this

request seeks confidential personnel information of nonparties.

Five Valleys and the Clinic further object that the "reasonable

accommodations" provision in MCA § 49-2-312(3)(b) is not applicable to offices

of private physicians.

Moreover, Providence further objects that their records related to

accomodation requests are not segregated or organized by type of accommodation

request.  Providence states that many accommodation requests are made and

fulfilled without documentation.  Providence has had a total of 193 documented

accommodation requests from employees for calendar years 2020, 2021, and 2022.

**REQUEST FOR PRODUCTION NO. 23:** Please produce any and all

documents in your possession, custody, or control related to employee or

prospective employee requests at PH&S, FVU, or WMC for reasonable

accommodations under the Americans with Disabilities Act, since March 1, 2020,

including any documents related to decisions to grant or deny such

accommodations.

**RESPONSE:**  Plaintiffs object that this request seeks confidential personnel

information of nonparties.  As to Providence, Plaintiffs further object that this

request is overly broad and unduly burdensome, and seeks information beyond the scope of allowable discovery, as ADA accommodation requests implicate a host of issues and subject matter that has nothing to do with the claims at issue in this lawsuit.  Providence has had a total of 193 documented accommodation requests from employees for calendar years 2020, 2021, and 2022.

For the Clinic, the Clinic received 8 requests for exemption from the COVID vaccine mandate (produced herewith) preemptively prior to implementation deadline, which became moot when the OSHA vaccine mandate was enjoined. WMC also handled a request for accommodation related to a hearing impairment, but did so without a formal paperwork process.  Five Valleys is not in possession of documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:** Please produce any and all documents in your possession, custody, or control related to requests by patients, visitors, or other non-employees at PH&S, FVU, or WMC for reasonable accommodations authorized under MCA § 49-2-312, including any documents related to decisions to grant or deny such accommodations.

**RESPONSE:**  Plaintiffs object that this request is overly broad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs further object to the extent the request calls for a legal conclusion as to what types of accommodations are "available" under applicable law.  Plaintiffs further object that

"reasonable accommodations" available under MCA § 49-2-312(3)(b) is vague and has not been defined, so it is unclear what the request is seeking, particularly because that subsection applies to accommodations provided to employees who do not share vaccination status, not to patients, visitors, or non-employees. Plaintiffs further object to the extent this request seeks protected health information of patients, and further states that accommodation requests of any type requested by a patient are documented in the patient's medical record and not separately maintained.

Five Valleys and the Clinic further object that the "reasonable accommodations" provision in MCA § 49-2-312(3)(b) is not applicable to offices of private physicians.

Moreover, Providence further objects based upon the fact that written accommodation requests from non-employees are documented through the general incident report process, and that such reports are not segregated or organized in a manner that would be searchable by type of incident. Providence states that many accommodation requests are made and fulfilled without documentation.

**REQUEST FOR PRODUCTION NO. 25:** Please produce any and all documents in your possession, custody, or control related to requests by patients, visitors, or other non-employees at PH&S, FVU, or WMC for reasonable accommodations authorized under the Americans with Disabilities Act, since

March 1, 2020, including any documents related to decisions to grant or deny such accommodations.

**RESPONSE:**  As to Providence, Plaintiffs object that this request is overly broad and unduly burdensome, and seeks information beyond the scope of allowable discovery, as ADA accommodation requests implicate a host of issues and subject matter that has nothing to do with the claims at issue in this lawsuit

Plaintiffs further object to the extent the request calls for a legal conclusion as to what types of accommodations are "authorized" under applicable law. Plaintiffs further object to the extent this request seeks protected health information of patients, and further states that accommodation requests of any type requested by a patient are documented in the patient's medical record and not separately maintained.

Moreover, Providence further objects based upon the fact that written accommodation requests from non-employees are documented through the general incident report process, and that such reports are not segregated or organized in a manner that would be searchable by type of incident.  Providence states that many accommodation requests are made and fulfilled without documentation.

As to the non-objectionable portion of the request, Five Valleys and the Clinic are not aware of requests for accomodation by non-patients and non-employees.

4893-1479-1463                                                                                              35

**REQUEST FOR PRODUCTION NO. 26:** Please produce any and all documents in your possession, custody, or control related to complaints filed against PH&S, FVU, or WMC under the Americans with Disabilities Act, since March 1, 2020.

**RESPONSE:**  Plaintiffs are not currently in possession of documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:** Please produce any and all documents in your possession, custody, or control related to complaints filed under MCA § 49-2-312.

**RESPONSE:**  Plaintiffs object to the extent "related to" implicates documents protected by the attorney-client privilege and work product doctrine. As to the non-objectionable portion of the request, please see the documents produced herewith related to complaints filed against Providence pursuant to MCA § 49-2-312.

**REQUEST FOR PRODUCTION NO. 28:** Please produce any and all documents in your possession, custody, or control related to notices of non-compliance with MCA § 49-2-312.

**RESPONSE:**  Plaintiffs object that "notices of non-compliance" is vague. If this term is clarified Plaintiffs will re-evaluate this response.  As to the non-objectionable portion of the request, construing "notices of non-compliance" to

mean complaints filed under MCA § 49-2-312, please see the response to Request for Production No. 27 and documents produced thereto.

**REQUEST FOR PRODUCTION NO. 29:** Please produce any and all documents in your possession, custody, or control related to violations of the Americans with Disabilities Act since January 1, 2018.

**RESPONSE:** Plaintiffs object that the request is vague insofar as what is meant by documents "related to violations" of the ADA.  Construing the request as seeking documents pertaining to formal adverse findings of violations of the ADA, Plaintiffs are not currently in possession of documents responsive to the request.

**REQUEST FOR PRODUCTION NO. 30:** Please produce any and all documents in your possession, custody, or control related to violations of the Occupational Safety and Health Act since January 1, 2018.

**RESPONSE:** Plaintiffs object that the request is vague insofar as what is meant by documents "related to violations" of OSHA, and further object that the request is overbroad to the extent OSHA regulates aspects of the workplace wholly unrelated to the claims at issue in this case. Construing the request as seeking documents pertaining to formal adverse findings of violations of OSHA related to infection control or disease prevention, Plaintiffs are not currently in possession of documents responsive to the request.

**REQUEST FOR PRODUCTION NO. 31:** Please produce any and all documents in your possession, custody, or control related to notices of non-compliance with any state or federal rules under the Centers for Medicare & Medicaid Conditions of Participation (referenced in Paragraph 79 of the Second Amended Complaint) since January 1, 2018.

**RESPONSE:**  Plaintiffs object that the request is overly broad and unduly burdensome in that there are many different rules under CMS Conditions of Participation for various types of entities and providers.  Plaintiffs object that the request is vague insofar as what is meant by documents related to "notices of non-compliance" of CMS Conditions of Participation, and further object that the request is overbroad to the extent the CMS Conditions of Participation implicate issues and matters wholly unrelated to the claims at issue in this case.  Plaintiffs object that the CMS Conditions of Participation do not apply directly to the Clinic or Five Valleys, though numerous requirements for individual physician participation in Medicare and Medicaid would apply to individual physicians.

As to the non-objectionable portion of the request, construing the request as seeking documents pertaining to formal adverse findings of violations of the CMS Conditions of Participation, or other formal "notices of non-compliance" related to infection control or disease prevention and as to Providence only, Plaintiffs are not currently in possession of documents responsive to the request.

4893-1479-1463                                                                                          38

**INTERROGATORY NO. 8:** Pertinent to your allegations in Paragraph 83 of the Second Amended Complaint, please provide the amount of Providence's total annual revenue, Providence's total annual operating expenses, Providence's annual Medicare reimbursements, and Providence's annual Medicaid reimbursements for each year beginning in 2018.

**ANSWER:** Please see below.

### Providence Health and Services - Montana
### dba St. Patrick Hospital/Providence Medical Group

|  | **2018** | **2019** | **2020** | **2021** |
|---|---|---|---|---|
| **Patient Revenue** | 395,698,813 | 411,548,125 | 387,672,108 | 433,535,229 |
| **Non-patient Revenue** | 19,279,599 | 20,031,660 | 30,919,393 | 31,735,465 |
| **Expenses** | 393,864,767 | 399,330,514 | 401,408,424 | 438,398,122 |
| **Revenue Medicare %** | 40.89% | 42.08% | 41.58% | 42.81% |
| **Medicaid %** | 12.70% | 13.26% | 14.93% | 14.64% |

### Providence St. Joseph Medical Center

|  | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|
| **Patient Revenue** | 37,101,427 | 38,733,775 | 39,385,849 | 41,387,279 |
|  | 3,524,359 | 3,779,555 | 1,488,109 | 3,507,333 |

**Non-patient Revenue**

| **Expenses** | 40,683,533 | 46,896,746 | 46,128,973 | 48,400,009 |
|---|---|---|---|---|

**Revenue**
| **Medicare %** | 36.52% | 37.07% | 35.81% | 37.40% |
|---|---|---|---|---|
| **Medicaid %** | 34.29% | 34.36% | 36.41% | 35.14% |

**REQUEST FOR PRODUCTION NO. 32:** Please produce all documents supporting or substantiating the answer to Interrogatory 8.

**RESPONSE:** Plaintiffs object that this request is overly broad and unduly burdensome, as it implicates an innumerable number of documents that reflect revenues, expenses, and percentages of Medicare and Medicaid reimbursement. As to the non-objectionable portion of the request, see the IRS Form 990 for St. Patrick Hospital and IRS Form 990 for St. Joseph Medical Center, produced herewith (PL 338-541).

**REQUEST FOR ADMISSION NO. 3:** Please admit the allegations in paragraphs 79 to 92 apply only to PH&S and not to other named Plaintiffs.

**RESPONSE:** Denied as written. To the extent reference is made to the Second Amended Complaint, Plaintiffs state that the allegations set forth in paragraphs 79-83 relate to all facilities required to satisfy the CMS Conditions of Participation for participation in the Medicare and Medicaid programs. Paragraphs

84-92 constitute Plaintiffs' Eighth Claim for Violation of CMS Regulations, and make reference to all applicable CMS Regulations.  These allegations and this claim impacts all physicians (including but not limited to those MMA members and physicians employed or contracted at Five Valleys and Clinic) who are on the medical staffs of facilities subject to the CMS Conditions of Participation. Moreover, Five Valleys (while not directly subject to the CMS regulations at issue) is part owner in an ambulatory surgery center, to which the CMS Conditions of Participation apply.

**REQUEST FOR PRODUCTION NO. 33:** Please produce any and all documents in your possession, custody, or control, including communications to or from employees or members, plans, or policies related to vaccination requirements or recommendations for any disease since January 1, 2018.

**RESPONSE:** Plaintiffs object to the extent this request seeks information from the individual Plaintiffs or the MMA.  Plaintiffs object that this request is overly broad and unduly burdensome as to every communication made to any employee, and further object that the request is vague as to what is meant by "members" and "plans."  Providence currently has 2,838 employee positions in the Montana service area, Five Valleys has 40 employees, and the Clinic has 190 employees.  Plaintiffs cannot possibly know or locate every communication with every person on this topic.  To the extent this topic is limited to the last three years

and relates to official statements and bulletins made on behalf of Providence, Five Valleys, and the Clinic to employees and policies related to vaccination requirements and recommendation, please see the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 34:** Please produce any and all documents in your possession, custody, or control, including communications to or from employees or members, plans, or policies related to minimizing the spread (as that term is used in Paragraph 25 of the Second Amended Complaint) of pathogens since January 1, 2018.

**RESPONSE:** Plaintiffs object to the extent this request seeks information from the individual Plaintiffs or the MMA.  Plaintiffs object that this request is overly broad and unduly burdensome as to every communication made to any employee, and further object that the request is vague as to what is meant by "members" and "plans."  Providence currently has 2,838 employee positions in the Montana service area, Five Valleys has 40 employees, and the Clinic has 190 employees.  Plaintiffs cannot possibly know or locate every communication with every person on this topic.  To the extent this topic is limited to the last three years and relates to official statements and bulletins made on behalf of Providence, Five Valleys, and the Clinic to employees and policies related to vaccination requirements and recommendation, please see the email communications and policies pertaining to Providence, Five Valleys and the Clinic produced herewith.

**REQUEST FOR PRODUCTION NO. 35:** Please produce any and all documents in your possession, custody, or control related to applications or qualifications for participation in Medicare and Medicaid submitted to CMS or the Montana Department of Public Health and Human Services since January 1, 2018.

**RESPONSE:**  Plaintiffs object to the extent this request applies to the individual Plaintiffs or the MMA.  Plaintiffs object that the request is vague as "applications or qualifications" in Medicare and Medicaid and overly broad and unduly burdensome in that there are many different rules and qualifications under CMS Conditions of Participation for various types of entities and providers, implicating issues and matters wholly unrelated to the claims at issue in this case. Plaintiffs object that the CMS Conditions of Participation do not apply directly to the Clinic or Five Valleys, though numerous requirements for individual physician participation in Medicare and Medicaid would apply to individual physicians.

As to the non-objectionable portion of the request, construing the request as seeking documents pertaining survey audits for CMS compliance and for Providence only, please see the Joint Commission audit produced herewith (PL 236-282).

**REQUEST FOR ADMISSION NO. 4:** Please admit that Plaintiffs FVU and WMC chose and continue to choose not to apply and operate as licensed "health care facilit[ies]" as defined in MCA § 50-5-101(26).

4893-1479-1463                                                                                         43

**RESPONSE:** Plaintiffs object to this request as argumentative, assumes facts not in evidence, and not an appropriate request under Rule 36.  Plaintiffs state that Five Valleys and Clinic are not required to apply for separate licensure as a health care facility under Montana's licensure laws to operate a physician practice, nor is there a type of health care facility that is necessarily appropriate for the operation of a physician clinic.

**INTERROGATORY NO. 9:** Please explain in detail the current infectious disease prevention protocols (as that term is used in Paragraph 18 of the Second Amended Complaint) in operation by PH&S, FVU, and WMC.

**ANSWER:**  Plaintiffs object that this request is overly broad, unduly burdensome, as infectious disease prevention protocols are numerous and can take numerous forms.  As to the non-objectionable portion of the request, please see the infection control policies of the institutional Plaintiffs produced herewith.

**REQUEST FOR PRODUCTION NO. 36:** Please produce any and all documents in your possession, custody, or control identified in your Answer to Interrogatory No. 9.

**RESPONSE:** Please see the response to Interrogatory No. 9 and documents produced herewith.

**INTERROGATORY NO. 10:** Please explain in detail the infectious disease prevention protocols (as that term is used in Paragraph 18 of the Second

Amended Complaint) in operation at facilities like PH&S, FVU, and WMC between January 1, 2019, and March 1, 2020.

**ANSWER:**  Plaintiffs object that this request is overly broad and unduly burdensome, as infectious disease prevention protocols are numerous and can take numerous forms.  As to the non-objectionable portion of the request, limited to these entities' policies for the applicable time period, please see the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 37:** Please produce any and all documents in your possession, custody, or control identified in your Answer to Interrogatory No. 10.

**RESPONSE:**  Please see the response to Interrogatory No. 10 and documents produced herewith.

**INTERROGATORY NO. 11:** Please explain in detail every instance, from January 1, 2018, though the date these discovery requests are served, in which any Plaintiff declined to refer a patient to another provider or facility due to that other provider's or facility's staff vaccination status.

**ANSWER:**  Plaintiffs object that this request is overly broad and unduly burdensome, and not proportional to the needs of the case.  Providence has approximately 178 physician providers and 107 midlevel providers in the Montana service area, Five Valleys has 5 physician providers and 2 midlevel providers, and

the Clinic has 31 physicians and numerous midlevel providers. This request

implicates individual medical decisions by individual medical providers.

Moreover, Providence sees approximately 138 inpatients patients per day at the St.

Patrick Hospital location alone, and has had 149,207 outpatient visits and 164,795

physician office and ER visits from January 1, 2022 through June 30, 2022. St.

Joseph Medical Center sees an average of 6 inpatients per day, and has had 28,214

outpatient visits and 20,881 physician office and ER visits from January 1, 2022

through June 30, 2022.  Patient totals for 2021 and 2020 are approximately double

these figures.  Five Valleys sees approximately 1,400 patients on average per

month.  The Clinic sees approximately 110 patients on average per day, including

additional patients of the lab and infusion center, which constitute an additional 40-

80 patients per day.

Plaintiffs further object to the extent this request seeks protected health

information of patients.

**REQUEST FOR PRODUCTION NO. 38:** Please produce any and all

documents in your possession, custody, or control identified in your Answer to

Interrogatory No. 11.

**RESPONSE:**  Plaintiffs incorporate the response and objections to

Interrogatory No. 11.

**REQUEST FOR PRODUCTION NO. 39:** Please produce any and all documents in your possession, custody, or control related to communications from you to members of the Montana Legislature, Montana Department of Health and Human Services, or Montana Governor's Office related to passage and implementation of House Bill 702.

**RESPONSE:**  Plaintiffs object that this request is overly broad and unduly burdensome.  As to the non-objectionable portion of the request, limiting the request as seeking official communications on behalf of the respective entities, please see MMA's letter to Governor Gianforte produced herewith.  PL 1443-1445.

**REQUEST FOR PRODUCTION NO. 40:** Please produce any and all documents in your possession, custody, or control related to support or opposition to HB 702, including internal decisions to support or oppose HB 702, as well as any related employee or member communications.

**RESPONSE:**  Plaintiffs object that this requests is overly broad, unduly burdensome, seeks information beyond the scope of allowable discovery and is not proportional to the needs of the case.  Plaintiffs further object to the extent this request seeks information protected by the attorney client privilege and work product doctrine.  As to the non-objectionable portion of the request, the individual plaintiffs, Providence, Five Valleys, and the Clinic are not in possession of

nonprivileged documents responsive to this request.  Please see enclosed privilege log.  As to the non-objectionable portion of the request related to the MMA, please see the response to Request for Production No. 39, documents produced thereto as well as the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 41:** Please produce all documents in your possession, custody, or control related to your implementation of HB 702, including all internal decision-making communications, as well as any related employee or member communications.

**RESPONSE:**  Plaintiffs object to the request as vague as to what is meant by "implementation of" HB 702.  Individuals and individual facilities do not "implement" a law, much less a bill.  To the extent this request seeks policies and official communications from Providence, Five Valleys and the Clinic implemented after HB 702 was signed into law, please see such documents produced herewith.

**REQUEST FOR PRODUCTION NO. 42:** Please produce any and all documents in your possession, custody, or control related to survey deficiencies, as used in 42 C.F.R. § 488, et seq., issued by any governmental entity or contractor to you pursuant to your conditions of participation in Medicare and Medicaid since January 1, 2018.

**RESPONSE:** Plaintiffs object to the extent this request applies to the

individual Plaintiffs, MMA, the Clinic or Five Valleys.  Plaintiffs object that the

request is vague as to what is meant by "deficiencies," and is overly broad and

unduly burdensome to the extent the CMS Conditions of Participation implicate

issues and matters wholly unrelated to the claims at issue in this case.  Plaintiffs

object that the CMS Conditions of Participation do not apply directly to the Clinic

or Five Valleys, though numerous requirements for individual physician

participation in Medicare and Medicaid would apply to individual physicians.

As to the non-objectionable portion of the request, construing the request as

seeking documents pertaining to formal survey deficiencies as to Providence only,

Plaintiffs are not currently in possession of documents responsive to the request.

For completeness, please see the Joint Commission survey for Providence

produced herewith (PL 236-282).

**REQUEST FOR ADMISSION NO. 5:** Please admit that the CMS,

COVID-19 vaccine mandate, as contained in Interim Final Rule, Medicare and

Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination, 86 Fed.

Reg. 61555 (Nov. 5, 2021), does not mandate covered facilities to require COVID-

19 vaccine booster doses.

**RESPONSE:**  Plaintiffs admit that the current CMS COVID-19 vaccine

mandate does not currently mandate covered facilities to require COVID-19

vaccine "booster" doses, as that term is used and defined in the Interim Final Rule

and regulations, but does require covered facilities to have a process for tracking and securely documenting the COVID-19 vaccination status of any staff who have obtained any booster doses as recommended by the CDC.  There are other CMS Conditions of Participation that require covered facilities to implement appropriate infection disease prevention protocols.

**REQUEST FOR ADMISSION NO. 6:** Please admit that prior to the U.S. Department of Labor's COVID-19 Vaccination and Testing; Emergency Temporary Standard, 86 Fed. Reg. 61,402 (Nov. 5, 2021), the Occupational Safety and Health Act had never previously been used to mandate vaccination for any disease.

**RESPONSE:**  Plaintiffs admit that prior to the OSHA emergency temporary standard noted in the request, OSHA had not issued a regulation, rule or standard mandating vaccination for a disease.  To the extent the request seeks information regarding mandates from a source other than OSHA, the request is overly broad and unduly burdensome and Plaintiffs could not admit or deny the same.

**REQUEST FOR ADMISSION NO. 7:** Please admit that CMS stated in the Interim Final Rule, Medicare and Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination, 86 Fed. Reg. 61555 (Nov. 5, 2021), "we have not, until now, required any health care staff vaccinations" as condition of participation in Medicare or Medicaid.

4893-1479-1463

50

**RESPONSE:** Plaintiffs object that this request is argumentative and omits critical context of the quoted material.  Plaintiffs state that the entire quote partially identified in the response is as follows:

> While we have not, until now, required any health care staff vaccinations, we have established, maintained, and regularly updated extensive health and safety requirements (CfCs, CoPs, requirements, etc.) for Medicare- and Medicaid- certified providers and suppliers.

86 Fed. Reg. 61568.

**REQUEST FOR ADMISSION NO. 8:** Please admit that the Montana Department of Health and Human Services has never required staff vaccination as a condition of participation in Medicaid.

**RESPONSE:**  Plaintiffs object that this request is overly broad, unduly burdensome, argumentative, assumes inaccurate facts, and seeks information not in the possession of Plaintiffs.  Plaintiffs are unable to answer this request as Montana DPHHS is not responsible for establishing the conditions of participation for Medicaid.

**INTERROGATORY NO. 12:** Please explain in detail what steps, if any, individual Plaintiffs took prior to May 7, 2021 to assess the vaccination or immunity status of employees or personnel at any commercial or professional establishment before entering it.

**ANSWER:** Plaintiffs object that this request is overly broad, unduly

burdensome and not limited to a discreet timeframe.  As to the non-objectionable

portion of the request, in general, prior to the COVID pandemic, the individual

plaintiffs did not believe vaccination was an issue, due to the fact that vaccinations

were a common requirement for the military, public schools, and

daycares.  Individual plaintiffs were unaware of the magnitude of the anti-

vaccination movement prior to the pandemic.  Mark Carpenter, for example,

assumed most individuals were vaccinated, as vaccination status had never

previously been a political issue and vaccinations were a common requirement of

people proceeding through the public school system.  In healthcare settings, Mark

Carpenter assumed vaccination was a requirement of employment to protect

patients, given that vaccinations were mandated for public schools and daycares.

**REQUEST FOR PRODUCTION NO. 43:** Please produce all documents

in your possession, custody, or control identified in your Answer to Interrogatory

No. 12.

**RESPONSE:**  Plaintiffs did not identify documents in response to

Interrogatory No. 12.

**INTERROGATORY NO. 13:** Please describe in detail all the studies, data,

statistics, findings, or other information regarding COVID-19 vaccination's

relationship to COVID-19 transmission that you believe support Plaintiffs' claims.

**ANSWER:**  Plaintiffs refer Defendants to Plaintiffs' expert disclosures and the studies and other supporting material referenced therein.  Plaintiffs anticipate relying on studies and data issued by the CDC and other agencies.  Plaintiffs state that the data and studies supporting the efficacy of the COVID vaccines is evolving.

**REQUEST FOR PRODUCTION NO. 44:** Please produce all documents in your possession, custody, or control identified in your Answer to Interrogatory No. 13.

**RESPONSE:**  Please see Plaintiffs' expert disclosures and the supporting documents and information produced therewith and referenced therein.

**INTERROGATORY NO. 14:** Please describe in detail all the studies, data, statistics, findings, or other information regarding the relationship between vaccination for diseases other than COVID-19 and the transmission of those other diseases that you believe support Plaintiffs' claims.

**ANSWER:**  Plaintiffs refer Defendants to Plaintiffs' expert disclosures and the studies and other supporting material referenced therein.

**REQUEST FOR PRODUCTION NO. 45:** Please produce all documents in your possession, custody, or control identified in your Answer to Interrogatory No. 14.

**RESPONSE:**  Please see Plaintiffs' expert disclosures and the supporting

documents and information produced therewith and referenced therein.

DATED this 29th day of July, 2022.

Attorneys for Plaintiffs:

GARLINGTON, LOHN & ROBINSON, PLLP

By _____

Justin K. Cole

CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2022, a copy of the foregoing document was

served on the following persons by the following means:

| | |
|---|---|
| _____ | Hand Delivery |
| 1-3 | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax (include fax number in address) |
| 1-3 | E-Mail (include email in address) |

1.    Austin Knudsen
   Kristin Hansen
   David M.S. Dewhirst
   Christian Corrigan
   Brent Mead
   Office of the Attorney General
   P.O. Box 201401
   Helena, MT  59620
   David.dewhirst@mt.gov
   Christian.corrigan@mt.gov
   Brent.mead2@mt.gov
   *Attorneys for Defendants*

2.    Emily Jones
   Jones Law Firm, PLLC
   115 N Broadway, Suite 410
   Billings, MT 59101
   emily@joneslawmt.com
   *Attorneys for Defendants*

3.    Raph Graybill
   Graybill Law Firm, PC
   300 4th Street North
   Great Falls, MT  59403
   rgraybill@silverstatelaw.net
   *Attorneys for Plaintiff-
   Intervenor*

_____