# Exhibit 10

**GARLINGTON | LOHN | ROBINSON**
MONTANA'S ATTORNEYS SINCE 1870

August 12, 2022

*Sent Via Email Only*
Christian Corrigan
Department of Justice
215 North Sanders
P.O. Box 201401
Helena, MT  59620
Christian.corrigan@mt.gov

RE:  Montana Medical Association et al. v. Austin Knudsen et al.

Dear Christian:

This letter is in response to your 19-page meet and confer letter which was sent to us at 5:28 p.m. on August 10, 2022.  We will respond to each issue you raised in your letter, as follows.  As always, our goal is to work with you to attempt to resolve these issues.

As to your allegations of timing of production of documents, the discovery requests propounded on the Plaintiffs were extraordinarily broad.  Defendants did not serve discovery until June 29, 2022, despite the fact the lawsuit was initiated in September 2021.  Defendants served 45 requests for production and 13 interrogatories.  The requests for production are improperly broad and unduly burdensome on Plaintiffs, particularly in a case in which both parties acknowledge and agree that the issues to be litigated are primarily legal – not factual.  Standing has already been established in this case, and numerous of the requests made in the discovery responses and again in your meet and confer letter appear designed to require Plaintiffs to factually establish standing.

Despite the breadth and unduly onerous nature of the requests, Plaintiffs have endeavored to provide full and complete responses to the discovery.  Typically, given the volume and scope of the requests and documents implicated by the requests, Plaintiffs would have sought one or more extensions of time.  Given depositions were commencing just two days after Plaintiffs' deadline under the rules due to when Defendants served the requests, Plaintiffs timely responded to Defendants' discovery requests on July 29, 2022, to the extent they were able.  Plaintiffs responded to all requests and provided 1,447 documents.

Plaintiffs continued to search for responsive documents, and pursuant to FRCP 26(e), timely supplemented responses one week later (37 days after the requests were served) and provided

4861-0012-8558

P.O. Box 7909   |   350 Ryman St.   |   Missoula, MT 59807-7909   |   PHONE: (406) 523-2500   |   FAX: (406) 523-2595         garlington.com
Professional Limited Liability Partnership

additional documents.  Plaintiffs again supplemented three days later and provided additional documents.  Plaintiffs provided the additional documents as quickly as counsel was able to obtain and review the documents, and we worked very hard to get as many documents to you as we could prior to additional depositions.  Plaintiffs again supplemented three days after that (43 days after the discovery requests were served).  All of these productions have been unprompted, within the discovery deadline and have occurred as soon as possible after the documents were located and identified.

We appreciate the challenges presented with the tight discovery deadline and numerous depositions, which have been compounded by the incredibly broad discovery requests propounded by Defendants.  It does not appear that any of the documents you cite in your letter as being produced in supplemental discovery were utilized as deposition exhibits, despite your acknowledgement that you were reviewing them prior to the depositions.  In fact, some of the documents were identified as potential exhibits, but Defendants ultimately chose not to utilize them in the depositions.  Nonetheless, we certainly understand the document production schedule in this case has been tight given when Defendants' initial requests were served.  We can assure you we do not engage in gamesmanship – that is not how we practice law.  We will continue to work with you in good faith as we press forward in this litigation and conclude discovery.

**Request for Production No. 4**

We are working with the individual Plaintiffs to obtain narrow medical record documentation confirming their medical diagnoses.  Most individuals do not have direct access to these records and these need to be obtained from their medical providers.  We supplemented discovery and provided you with medical records confirming the diagnoses for Wally and Jo Page.  We do dispute your characterization of the extent to which these individual Plaintiffs have placed their medical condition at issue.  These individuals have alleged their medical conditions generally, and in our discovery we provided you with the specific medical conditions of each Plaintiff.  But participation in this lawsuit has not put all of Plaintiffs' medical records or medical conditions at issue.  They do not seek damages, and this is not a personal injury case.  If there is specific information, other than their diagnoses, that you believe you need, please let us know and we consider such requests.  To expedite and avoid the need to have each of these individuals deposed, we are happy to provide you with declarations attesting to the medical diagnoses as set forth in the discovery.  Please let us know if this will suffice.

**Request for Production No. 5, 6, and 7**

These requests are overly broad, and their overbreadth is apparent by the text of the requests themselves.  The request seeks "any data", "any photographs," "and videos," and "any…other

4861-0012-8558

Christian Corrigan
RE: MMA v. Knudsen
August 12, 2022
Page 3

documents." RFP 5 asks for these categories of data stored either on social media accounts, personal electronic devices, or "other storage devices" for over a two year period. It would be impossible to provide all "data" stored online, on personal electronic devices, or other storage devices. RFP 6 and 7 are not limited to where the data is stored. "Data" or "documents" or "photographs" "related to" attendance at "small or large gatherings" (also not defined, unclear and vague) or Plaintiffs' airline and rail travel is entirely too broad to permit a response. RFP 7 also seeks data and documents "related to…other travel" – excluding only automobile or private transportation in which an individual Plaintiff was accompanied by immediate family members.

The requests are patently overbroad and our objections are supportable. These are not boilerplate objections, but rather tailored to the overbreadth of the request, and in each we explain the manner in which the requests are overly broad or otherwise objectionable, further responding to a limited scope of the request. Again, we struggle to understand how this information is calculated to lead to the discovery of admissible evidence, but nonetheless have worked in good faith to attempt to respond, and will supplement to the extent additional documents are located.

**Request for Production No. 8**

We reviewed our response to RFP 8 and can confirm the response is accurate. The request did seek legal conclusions to the extent you ask the Plaintiffs to determine whether accommodation requests were made pursuant to or under specifically cited law.

**Request for Production No. 9**

The objections to this request are warranted and appropriate and we maintain them. Patients do not make reasonable accommodation requests pursuant to the specific cited statute. And, there is no definition of "reasonable accommodation" under the cited statute so it calls for a legal conclusion to which there is no precise legal definition. Nonetheless, this is a non-issue, as Plaintiffs are not in possession of documents responsive to the request.

**Request for Production No. 11**

We can confirm the response to this request is accurate and all documents that have been identified have been produced with our expert disclosures. Plaintiffs further identify the depositions of Dr. King, Dr. Taylor, Dr. Wilson, and the 30(b)(6) depositions, to the extent they can be deemed responsive.

Christian Corrigan
RE: MMA v. Knudsen
August 12, 2022
Page 4

**Interrogatory No. 5**

We have reviewed the narrative response to this request, and it contains the response for each Plaintiff. As discussed during our call today, we are revisiting this interrogatory with the individual Plaintiffs and may supplement the response.

**Request for Production No. 12**

No documents were identified in the response to Interrogatory No. 5, other than the educational materials referenced in relation to Mark Carpenter, which are not in his possession. Thereby, there are no documents to provide in response to this request for production related to that education. The photographs provided by the individual Plaintiffs may also be responsive, but they have been previously provided.

**Request for Admission No. 1**

Pat Appleby did not attend a "health care facility" as defined by MCA § 50-5-101 but did visit her doctor's office during the requested timeframe, hence the manner in which we articulated the response.

**Request for Admission No. 2**

This request asked Western Montana Clinic, Five Valleys, and Providence to admit the institutions "employ individuals unvaccinated for COVID-19 and other infectious diseases." We admitted the request as it applied to the COVID-19 vaccine with the detail as noted in the response. As to other "infectious diseases", there are many infectious diseases that have an applicable, even beyond those that have been discussed in this lawsuit, some of which do not have an approved vaccine available. The request is therefore overly broad. But in any event, Plaintiffs did admit the request as it pertained to the COVID-19 vaccine. We are happy to have a further dialogue on this request to see what information Defendants are seeking.

**Request for Production No. 15**

This request was not time limited, so Plaintiffs put a reasonable time limit on the request. It is overly broad by the text of the request itself. Plaintiffs provided the OSHA policies for the Clinic, Five Valleys, and Providence. Plaintiffs will follow up and see if there is another OSHA policy document for the Clinic within the limited timeframe, and if so, we will produce it to you.

Christian Corrigan
RE: MMA v. Knudsen
August 12, 2022
Page 5


**Request for Production No. 16**

We note that for the legal preemption issues before the Court, it matters not whether and to what extent individual facilities complied with the various changing laws, rules and requirements. Preemption is a matter of law for the Court to resolve. As for the request, this request seeks a very broad set of documents related to how the institutional Plaintiffs complied with the OSHA healthcare ETS in the midst of the unprecedented COVID-19 pandemic. In the early stages of the pandemic and throughout, circumstances changed on a daily basis. These entities were consumed with attempting to find a way to continue to treat their patients in a safe manner, keep their staff safe, and navigate the unprecedented challenges posed by the global pandemic during this time. Needless to say, it is almost impossible to identify any and all documents related to these issues. Nonetheless, Plaintiffs narrowed the request to the policies pertaining to the ETS and produced them.

**Request for Production No. 17 and 18**

These requests were not limited in time, and seek all documents "related to" compliance with CMS conditions of participation for hospitals that have been in effect for many years and subject to numerous compliance efforts. The request is exceedingly overbroad and Providence could not begin to respond to such an overly broad request. For example, 42 C.F.R. § 482.41 includes matters related to physical safety from fire, compliance with building codes, etc. Similarly, 42 C.F.R. § 482.41 is incredibly broad and Providence reasonably narrowed the request to a reasonable time period and produced its policies related to compliance with the CMS conditions of participation. Please explain why an expanded search is necessary, particularly given that this issue implicates a legal question of federal preemption and the nature of the requests do not appear to be calculated to lead to the discover of admissible evidence.

**Request for Production No. 19**

This request seeks all documents related to how each Plaintiff complies with the CMS COVID vaccine mandate applicable only to CMS participating hospitals. Not only is the request patently overbroad as drafted, it was objectionable on a number of other grounds. This new regulation was imposed around the same time as HB 702 was enacted. All documents related to compliance with the COVID vaccine mandate thereby implicates documents between Providence and legal counsel, which is why we objected to the request to the extent it seeks such documents. We limited the request as seeking policies only from Providence pertaining to infectious disease prevention, as noted in the response. Thereby, no specific documents were withheld as specifically responsive to this request. If you identify other specific documents that you are seeking, we can evaluate those requests.

4861-0012-8558

Christian Corrigan
RE: MMA v. Knudsen
August 12, 2022
Page 6

**Request for Production No. 20**

The response to this request was handled in a similar manner. Communications with counsel regarding attempts at compliance with MCA § 49-2-312 are privileged. As with the prior request, the response to this request was limited to the non-objectionable portion of the request, and Plaintiffs produced the applicable policies of the Clinic, Five Valleys, and Providence.

**Interrogatory No. 7**

Plaintiffs maintain their objections to this request. As further discussed during the depositions of the Clinic, Five Valleys, and Providence, this request simply may not be answered. Plaintiffs took care to explain in detail why the request could not be answered. The request would require each entity to review every single patient record to make a determination as to "relative health status," which is a term too vague to facilitate a response in any event. We identified the average patient volumes of each facility to specifically show the sheer breadth and overly burdensome nature of the request, and to specifically support our objections. Providence has approximately 300,000 patient visits in a six-month period at St. Patrick Hospital, alone. Five Valleys has approximately 1,400 patient visits per month. The Clinic has approximately 385 patient visits per day. The information you have requested is not tracked and would require Plaintiffs to review every patient chart and then cross-reference all of the schedules and cancellations. Moreover, as explained during the depositions, patient status can change over time. You explored this issue in detail during the depositions of the Clinic, Five Valleys, and Providence. You have not identified any limitations that would make responding to this request possible.

**Request for Production No. 22 and 24**

Plaintiffs provided detailed objections to these requests. The requests are unclear and call for a legal conclusion to the extent it seeks reasonable accommodation requests "authorized under" MCA § 49-2-312. The reference to "reasonable accommodations" in the statute only applies, if at all, to Providence. This is made clear in our objections and response to the requests – the requests do not apply to the Clinic or Five Valleys. Further, "reasonable accommodations" is not defined in this context. As for Providence, we articulated the overbreadth and unduly burdensome nature of the request, given the manner in which Providence's written accommodation requests are maintained. Providence has 2,838 employee positions and does not track informal reasonable accommodation requests/responses, to the extent there may be any documents associated with those. As explained in these and other responses, formal written accommodation requests from employees are maintained by a third party administrator, and Providence had 193 cases (implicating many more documents) in the applicable time period. To respond to the request, Providence would need to review each of the 193 cases to determine whether the accommodation

4861-0012-8558

Christian Corrigan
RE: MMA v. Knudsen
August 12, 2022
Page 7

request related to MCA § 49-2-312.  Written accommodation requests from patients are noted in medical records, and requests from visitors and non-employees are maintained in an incident reporting system which does not allow searching or sorting of the requests based on the type or manner of request.  We maintain these facts make this request overly burdensome and not proportional to the needs of this case as it pertains to Providence.

However, we had a productive discussion on these requests on our call today.  Brent suggested a limited scope, or a solution whereby we acknowledge we will not seek to introduce a written accommodation request that was not disclosed.  We would, of course, not attempt to use a document that was not provided to you.  We will review Brent's suggestions and be back in touch with you on these two requests.

**Request for Production No. 23**

This request is objectionable on additional grounds, as noted in the response.  The response remains objectionable as to Providence for the same reasons stated in the prior response.  But as noted above, we will review and consider this response in light of Brent's suggested resolutions.

Five Valleys does not have responsive documents.  The Clinic provided its reasonable accommodation requests.  As to your note about the asserted confidentiality and privilege of private personnel information, the documents produced by the Clinic contained specific identities of employees.  Employees have a privacy right in their personnel information, which they have not waived.  This is the basis of the asserted objection, and we draw your attention to the entries on our privilege log noting redactions based on "private personnel information of nonparty."

**Request for Production No. 25**

Please see our prior responses and the objections contained in the responses.  However, as it pertains to the Clinic and Five Valleys, these entities did not have formal, written accommodation requests by non-patients and non-employees, as provided in the response.  As for Providence, we articulated the additional challenges associated with attempting to find specific documents in the general incident reporting process.  We will, however, review in conjunction with the related requests noted above.

**Request for Production No. 27**

We are confirming, consistent with our response, that only Providence has had HRB claims filed against it under MCA § 49-2-312.  As to the objections and claims of privilege, please see the entries on the privilege log for PL 1057-1085.

Christian Corrigan
RE: MMA v. Knudsen
August 12, 2022
Page 8


**Request for Production No. 28**

We are confirming, consistent with our response, that only Providence has had HRB claims filed against it under MCA § 49-2-312, and the Clinic and Five Valleys do not have "notices of non-compliance" to the extent we understood that term as noted in our response. We note that you did not provide any other definition for "notice of non-compliance" and we therefore assume that the definition articulated in the response is sufficient.

**Request for Production No. 33 and 34**

Plaintiffs limited the requests to the last three years such that policies pre-pandemic and current policies have been produced.

**Request for Admission No. 4**

This request does not seek an admission that the Clinic and Five Valleys do not operate as licensed "health care facilities" as defined in MCA § 50-5-101(26), as indicated by your letter. Instead, the plaint language of the request asked for an admission that these physician clinics "chose and continue to choose not to apply and operate" as such licensed facilities. We stand by our response and objection. This request is clearly argumentative. If, as you suggest in your letter, the purpose was to ascertain whether either operate as a "health care facility" as defined in MCA § 50-5-101(26), neither do. This was made clear in the depositions taken of the Clinic and Five Valleys. These entities operate as offices of private physicians.

**Interrogatory No. 9 and 10**

Plaintiffs maintain their objections to these requests. Hospitals and health care entities infection disease prevention protocols are extensive, particularly during these entities' response to the COVID-19 pandemic. As noted in the interrogatory, such protocols include immunizations, handwashing, sanitization of rooms/equipment, sanitization and cleaning of instruments, cleaning protocols, use of PPE, keeping ill individuals out of the care environment or limiting their access to others, health screenings, and ventilation, as well as individual provider recommendations. PPE itself is incredibly broad, as it includes gowns, shields, gloves, scrubs, masks, foot covers, goggles, hazmat suits, etc. For example, Providence is one of only a few hospitals in the nation that has care and isolation room, which is capable of treating patients with the most infectious diseases, in order to support Rocky Mountain Laboratories. There are multiple HEPA filters, specific ductwork, anterooms, surface modifications, full PPE suits, waste disposal protocols, sterilization protocols, etc. The formal policies and protocols are set forth in the documents provided, as noted in the response to this interrogatory. This subject matter was further explored

Christian Corrigan
RE: MMA v. Knudsen
August 12, 2022
Page 9


in the depositions of Five Valleys, the Clinic, and Providence.  Plaintiffs have answered these interrogatories.  It is unclear what further answer or information Defendants seek, particularly given the deposition testimony of the institutional Plaintiffs and the policies provided.

**Request for Production No. 36**

Plaintiffs have no further supplementation of this request for production at this time.  Please see the response to the request and the documents produced, as well as our response noted above. If Defendants identify additional documents requested, Plaintiffs will consider such requests.

**Interrogatory No. 11 and Request for Production No. 38**

Plaintiffs cannot respond to this interrogatory given the overly broad and unduly burdensome nature of the request.  The accompanying request for production carries the same challenges.  The request asks for "every instance" over a more than four and a half year period in which "any Plaintiff" declined to refer a patient to another provider or facility due to the other provider's or facility's staff vaccination status.  Construing the request only as applicable to the Clinic, Five Valleys, and Providence, the request still seeks a review of thousands upon thousands of patient interactions and most of those interactions would not be documented.  Hundreds of individual providers are implicated as well.  To explain the challenges with this request, Plaintiffs identified the total number of referring providers currently employed by the Clinic, Five Valleys and Providence and has identified an estimation of patient visits.  This number increases significantly if we look back to January 1, 2018.  Plaintiffs do not track this information in any obtainable format.  We are unaware of any ability to respond to this request.  However, you had the opportunity to depose these entities on this very topic, and they provided testimony in response to your questions.

**Request for Production No. 39 and 40**

Plaintiffs supplemented their responses to these to requests for production and provided additional documents that were located by MMA and Providence.  Please see Plaintiffs Third Supplemental Responses to Defendants' First Combined Discovery Requests.  Jean Branscum performed searches of her emails and MMA records for responsive documents.  Following the discussion had on the record during Providence's deposition related to Providence's lobbying activities, Providence conducted additional searches for responsive documents, and identified the emails marked as PL 2007-2030, which have now been produced.  As explained in Providence's deposition, Providence utilizes third party contractors in relation to this request.  Moreover, it is unclear how this information is reasonably calculated to lead to the discovery of admissible evidence.

4861-0012-8558

Christian Corrigan
RE: MMA v. Knudsen
August 12, 2022
Page 10

**Request for Production No. 42**

Contrary to your assertion, Plaintiffs very specifically explained their objections to this request, and we are happy to further explain the basis of our objections. Survey deficiencies as broadly used in the request could implicate the numerous requirements applicable to Five Valleys and the Clinic (as well as their physicians) related to the vast requirements for maintaining the ability to see and bill for Medicare and Medicaid patients. Moreover, Five Valleys and the Clinic have not put Medicare and Medicaid conditions of participation at issue in this litigation. The request, in relation to these entities, would be an improper fishing expedition. This is why we limited the request to Providence only, pertaining to what would amount to a formal survey deficiency under the specific conditions of participation related to a hospital (as the infectious disease CMS conditions of participation are what are at issue in this proceeding). Providence has not had any, but did provide the detailed Joint Commission survey which identifies specific items reviewed and addressed throughout that survey process. We are happy to have further dialogue regarding this request to see if we can come to a consensus as to what additional information is sought.

**Request for Admission No. 7**

We may need to have a conversation to ensure we are on the same page regarding this request and our response. Request for Admission No. 7 asked Plaintiffs to make an admission as to a partially quoted sentence taken from the cited federal register. The partial quote omitted both the introductory clause as well as the actual subject of the sentence. The partial quote, taken out of context, misconstrues what was stated in the federal register. Plaintiffs provided the entire quote. The actual text of the federal register is not at issue in this proceeding. For clarification, Plaintiffs admit that the language is a partial quote and admit that the actual text of the quote states:

> While we have not, until now, required any health care staff vaccinations, we have established, maintained, and regularly updated extensive health and safety requirements (CfCs, CoPs, requirements, etc.) for Medicare- and Medicaid- certified providers and suppliers.

86 Fed. Reg. 61568.

**Request for Admission No. 8**

Again, we invite a conversation so we can understand the dispute with Request for Admission No. 8. The claims in this lawsuit implicate federal preemption by federal laws. The conditions for participation in Medicare and Medicaid are established by CMS. Federal preemption lies in the CMS conditions of participation set forth in the application code of federal regulations.

4861-0012-8558

Christian Corrigan
RE: MMA v. Knudsen
August 12, 2022
Page 11


Moreover, staff vaccination is both specifically required (i.e. the COVID vaccine requirement) and generally required under other applicable regulations. The request regarding conditions of participation set by DPHHS appears to confuse the entity responsible for setting the conditions of participation. Furthermore, this request is not limited in time and it is unknown what DPHHS has purported to do over the entirety of its existence. We are happy to further discuss so we may further understand Defendants' position on this request.

**Interrogatory No. 12**

Plaintiffs' response remains accurate. However, in a good faith attempt to provide additional information and avoid the need for individual depositions, Plaintiffs will follow up with the individual Plaintiffs to see if additional detail can be provided as to this response.

**Interrogatory No. 13**

"Other agencies" refers to CMS and the FDA, as well as professional organizations that have conducted the studies and findings as referenced in Plaintiffs' expert disclosures. Plaintiffs also refer Defendants to their initial disclosures.

**Request for Production No. 44 and Interrogatory No. 14**

In terms of providing responsive documents, Plaintiffs confirm their response to this request is accurate. However, as discussed during expert depositions, the experts draw from countless sources to inform and support their expert opinions. The specific studies cited to support the experts' opinions are identified in Plaintiffs Expert Disclosures, and to the extent additional studies will be relied upon, those will be identified. Additionally, Plaintiffs identified documents in their initial disclosures.

Very truly yours,

GARLINGTON, LOHN & ROBINSON, PLLP

Justin K. Cole
Direct Line: (406) 523-2541
Email: jkcole@garlington.com

JKC:dvt

4861-0012-8558