AUSTIN KNUDSEN
Montana Attorney General
DAVID M.S. DEWHIRST
  *Solicitor General*
CHRISTIAN B. CORRIGAN
  *Deputy Solicitor General*
BRENT MEAD
 *Assistant Solicitor General*
P.O. Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
Fax: (406) 444-3549
david.dewhirst@mt.gov
christian.corrigan@mt.gov
brent.mead2@mt.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, ET. AL., <br><br> *Plaintiffs,* <br><br> and <br><br> MONTANA NURSES ASSOCIATION, <br><br> *Plaintiff-Intervenors,* <br><br> v. <br><br> AUSTIN KNUDSEN, ET AL., <br><br> *Defendants.* | No. CV-21-108-M-DWM <br><br> **DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE TO LIMIT THE TESTIMONY OF VICKY BYRD** |

## INTRODUCTION

Defendants request this Court exclude portions of Vicky Byrd's testimony under Fed. R. Civ. P. 37(c)(1). Defendants served Plaintiff-Intervenor with discovery requests on July 5, 2022. The parties agreed to extend the date by which Plaintiff-Intervenor must respond to August 15, 2022. Plaintiff-Intervenor objected to the three specific requests at issue in this motion: Request for Production Number 4, Interrogatory Number 9, and Integratory Number 10. *Plaintiff-Intervenor's Responses to Defendants' First Combined Discovery Requests*, at 7–8, 30–32.[1] Plaintiff-Intervenor Montana Nurses Association CEO Vicky Byrd now seeks to enter testimony on topics to which Plaintiff-Intervenor objected and claimed it had no responsive information during discovery. (Doc. 85-1, ¶¶ 7–9, 11–12, 15–22). This Court should limit Vicky Byrd's testimony to evidence produced during discovery.

## LEGAL STANDARD

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

---

[1] Excerpts of Plaintiff-Intervenor's August 15, 2022 responses to discovery requests are attached as Exhibit 6 to the Declaration of Brent Mead (September 2, 2022).

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response[.]" Fed. R. Civ. P. 26(e)(1). Rule 37's provision is "self-executing" and "automatic." *Goodman v. Staples the Off. Superstore, LLC,* 644 F.3d 817, 827 (9th Cir. 2011). "Because the rule is 'self-executing,' a Rule 37(c) sanction does not require that a litigant first move to compel." *Giard v. Burlington N. & Santa Fe Ry.*, 2014 U.S. Dist. LEXIS 1025, at *13 (D. Mont. Jan. 6, 2014) (quoting Schwarzer, et al., Federal Civil Procedure Before Trial § 11:2341 (2011)).

## ARGUMENT

Defendants propounded three specific requests:

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents, including medical information substantiating the claims made in Paragraphs 16 and 17 of the First Amended Complaint that the MNA has members that have "a compromised immune system" that qualify as disabilities under the Americans with Disabilities Act.

**INTERROGATORY NO. 9**: Please explain in detail the current infectious disease prevention protocols (as that term is used in Paragraph 20 of the First Amended Complaint) in

> operation at healthcare settings (as that term is defined in Paragraph 6 of the First Amended Complaint) that employ MNA members.
>
> **INTERROGATORY NO. 10:** Please explain in detail the infectious disease prevention protocols (as that term is used in Paragraph 20 of the First Amended Complaint) in operation at healthcare settings (as that term is defined in Paragraph 6 of the First Amended Complaint) that employ MNA members between January 1, 2019, and March 1, 2020.

Plaintiff-Intervenor objected on various grounds. *See* Mead Decl., Ex. 6. Regarding RFP No. 4, Plaintiff-Intervenor represented "[n]o documents are known by Plaintiff-Intervenor to be in its possession." Ex. 6 at 3. Plaintiff-Intervenor answered the Interrogatories by saying "MNA does not maintain a data set that would permit a response to this request as drafted." Ex. 6 at 31.

In her summary judgment declaration, Vicky Byrd testified that "MNA has members who are vulnerable to vaccine-preventable disease" and "MNA has members whose vulnerability to vaccine-preventable disease qualifies as a disability under the Americans [w]ith Disabilities Act." (Doc. 85-1, ¶¶ 8–9). Vicky Byrd couched this testimony with the qualifier that "MNA does not maintain private health records of its members, and most records of disability accommodation requests are kept between individual members and employers." (Doc. 85-1, ¶ 10).

Defendants clearly sought discovery related to the testimony in (Doc. 85-1, ¶¶ 8–9) and Plaintiff-Intervenor represented it possessed no responsive documents. Ex. 6 at 3. That should trigger Rule 37(c)'s sanction and Vicky Byrd should not be able to testify to information denied to Defendants in discovery.

The qualifier cannot serve as a safe harbor to elude valid discovery inquiries. (Doc. 85-1, ¶ 10). Vicky Byrd fails to establish any foundation for her statements. She does not establish how she came to know of this information. She does not establish who, if anyone, informed her of this information. It is unclear how many MNA members the statements apply to and what settings those members work in. Her statements are effectively untestable because Plaintiff-Intervenor's responded that any further inquiry into the health status of MNA members is "unduly burdensome, oppressive, not proportional to the needs of the case" and raises First Amendment association privileges. Ex. 6 at 4.

Plaintiff-Intervenor should be bound to its discovery response and precluded from introducing any evidence it failed to produce during discovery. This Court should exclude Vicky Byrd's statements in (Doc.

85-1, ¶¶ 8–9) and any further attempt to introduce evidence covered by Request for Production Number 4.

Defendants clearly asked for a narrative response to Montana Nurses Association's claims related to infection control practices. Ex. 6 at 5–6. Plaintiff-Intervenor declined, saying it "does not maintain a data set that would permit a response to this request as drafted." Ex. 6 at 6. Now, however, Vicky Byrd testifies as to "work environments," "workplace safety concerns," and the "risk of vaccine-preventable disease." (Doc. 85-1, ¶ 7); *see also id.*, ¶¶ 11–12, 15–22. This Court should exclude Vicky Byrd's testimony to the extend that "work environments," "workplace safety concerns," and the "risk of vaccine-preventable disease" relates to infectious disease prevention protocols (as Plaintiff-Intervenor uses that term in Paragraph 20 of the First Amended Complaint). Plaintiff-Intervenor should have provided in discovery responses the very information Byrd now supplies in a declaration supporting summary judgment long after discovery closed.

Defendants' interrogatories were limited to the terms used by Plaintiff-Intervenor in its First Amended Complaint. Defendants further limited the interrogatories to the healthcare settings at issue in Plaintiff-

Intervenor's First Amended Complaint. Plaintiff-Intervenor still objected based on overbreadth and declined to formulate an answer. Plaintiff-Intervenor's newfound knowledge should be limited to the documents and information produced in discovery.

## CONCLUSION

This Court should exclude Vicky Byrd's testimony related to Montana Nurses Association members purported vulnerability "to vaccine-preventable disease" and limit her testimony related to infectious disease control practices to the answers given to Interrogatories Numbers 9 and 10.

DATED this 2nd day of September, 2022.

        Austin Knudsen
        Montana Attorney General

        DAVID M.S. DEWHIRST
        Solicitor General

        */s/Brent Mead*
        BRENT MEAD
        *Assistant Attorney General*
        CHRISTIAN CORRIGAN
        *Deputy Solicitor General*
        P.O. Box 201401
        Helena, MT 59620-1401
        christian.corrigan@mt.gov
        brent.mead2@mt.gov
        *Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the word count calculated by Microsoft Word for Windows is 1,093 words, excluding tables of content and authority, certificate of service, certificate of compliance, and exhibit index.

*/s/Brent Mead*
BRENT MEAD

## CERTIFICATE OF SERVICE

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated: September 2, 2022               /s/ *Brent Mead*
                                       BRENT MEAD