AUSTIN KNUDSEN
Montana Attorney General
DAVID M.S. DEWHIRST
  Solicitor General
CHRISTIAN B. CORRIGAN
  Deputy Solicitor General
BRENT MEAD
 Assistant Solicitor General
P.O. Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
Fax: (406) 444-3549
david.dewhirst@mt.gov
christian.corrigan@mt.gov
brent.mead2@mt.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA,
MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, ET. AL.,<br><br>*Plaintiffs,*<br><br>and<br><br>MONTANA NURSES ASSOCIATION,<br><br>*Plaintiff-Intervenors,*<br><br>v.<br><br>AUSTIN KNUDSEN, ET AL.,<br><br>*Defendants.* | No. CV-21-108-M-DWM<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE PORTIONS OF THE RULE 30(B)(6) TESTIMONY OF MONTANA DEPARTMENT OF JUSTICE, MONTANA DEPARTMENT OF LABOR AND INDUSTRY, MONTANA HUMAN RIGHTS BUREAU,** |

AND MONTANA
DEPARTMENT OF
PUBLIC HEALTH AND
HUMAN SERVICES

## INTRODUCTION

Despite repeated warnings, Plaintiffs elicited improper legal contention testimony from Defendants' and third-party's Rule 30(b)(6) deponents. Such testimony is outside the scope of Rule 30(b)(6). This Court should prevent the use of such improper testimony by Plaintiffs and exclude the testimony of Montana Department of Justice, Montana Department of Labor and Industry, Montana Human Rights Bureau, and Montana Department of Public Health and Human Services referenced in paragraphs 9, 20, 45, 69, 70, 71, 78, 81, 82, 85, 86, 87, 92, and 93 of Plaintiffs' Statement of Undisputed Facts (Doc. 83).[1]

---

[1] Plaintiffs previously filed the relevant excerpts of each deposition. *See* (Doc. 86.15) (Montana Department of Justice); (Doc. 86.10) (Montana Department of Labor and Industry); (Doc. 86.14) (Montana Human Rights Bureau); (Doc. 86.9) (Montana Department of Public Health and Human Services). Defendants point the Court to the previously filed transcripts rather than duplicating their production as exhibits for this motion.

Defendants objected to Plaintiffs' improper 30(b)(6) topics prior to the depositions.  *See* Mead Decl., Exhibits 7–10.  Defendants objected during the depositions.  Defendants object now to the improper use of 30(b)(6) testimony.  Plaintiffs cannot use such testimony as foundation for "undisputed facts," because these contentions are legal, not factual, and such testimony cannot bind a party's legal position.

## LEGAL STANDARD

While a party may ask a deponent questions which call for legal conclusions, "a Rule 30(b)(6) deponent's own interpretation of the facts or legal conclusions do not bind the entity." *Snapp v. United Transp. Union*, 889 F.3d 1088, 1104 (9th Cir. 2018) (quoting 7 James Wm. Moore, et al., Moore's Federal Practice § 30.25[3] (3d ed. 2016)), *cert. denied sub nom. Snapp v. Burlington Northern Santa Fe Ry. Co.*, 139 S. Ct. 817, 202 L. Ed. 2d 577 (2019)); *accord Mankins Family Ltd. Liab. Co. v. Tillamook Cty.*, 2022 U.S. Dist. LEXIS 91592, at *9 (D. Or. Feb. 7, 2022) (citing *Snapp*, 889 F.3d at 1104); *Sharp Mem'l Hosp. v. Regence Bluecross Blueshield of Utah*, 2018 U.S. Dist. LEXIS 231593, at *7 (S.D. Cal. June 26, 2018) (citing *Snapp*, 889 F.3d at 1104).

That's precisely why "a 30(b)(6) deposition is not an appropriate vehicle for taking discovery into legal contentions." *Zeleny v. Newsom*, 2020 U.S. Dist. LEXIS 100944, at *6 (N.D. Cal. June 9, 2020) (citing *Lenz v. Universal Music Corp.*, 2010 U.S. Dist. LEXIS 47873, 2010 WL 1610074, at *3 (N.D. Cal. April 20, 2010); *3M Co. v. Kanbar*, 2007 U.S. Dist. LEXIS 47513, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007)); *see also Shreves v. Frontier Rail Corp.*, 2021 U.S. Dist. LEXIS 54899, at *9 (E.D. Wash. Mar. 23, 2021) (granting protective order on 30(b)(6) topics covering Defendant's interpretation of federal railroad safety laws and regulations).

For example, in *Zeleny* a plaintiff sought to depose the Office of the California Attorney General (a named defendant) about its interpretation of the "authorized participant" exception to the State's ban on the open carry of firearms. 2020 U.S. Dist. LEXIS 100944, at *1–3. Denying a motion to compel a 30(b)(6) witness to testify, the court said, "oral testimony in which the witness has to answer questions on the spot about a party's legal contentions is an improper use of a deposition." *Id.* at *7.

And it's not just legal conclusions that are improper. Even deposition testimony that "do[es] not call directly for legal conclusions" is impermissible if the "facts requested would collectively amount to legal conclusions about what these constitutional standards require." *Mitchell v. Atkins*, 2019 U.S. Dist. LEXIS 203464, at *6 (W.D. Wash. Nov. 22, 2019) (granting protective order because 30(b)(6) topics sought information relevant to whether the challenged law would pass intermediate constitutional scrutiny).

Plaintiffs also cannot elicit "legislative facts" regarding the State's interest from a 30(b)(6) witness. *Id.* at *6-7. Legislative facts, indeed, may not be a proper topic for contention discovery either. *See id.* at *7 ("The question of if and when DOL may be required to answer interrogatories on these topics is not currently before the Court. However, the Court notes that the type of legislative facts Plaintiffs seek may not be proper objects of interrogatories or requests for production at all.").

## ARGUMENT

This Court should reject Plaintiffs' attempt to use improper 30(b)(6) testimony to establish the elements of their claims. Defendants rightly

objected to the noticed topics in their 30(b)(6) Designations and during the 30(b)(6) depositions. *See* Mead Decl., Exhibits 7–10. Now Plaintiffs attempt to use testimony on these improper topics to satisfy their burden of proof. *See* (Doc. 83, ¶¶ 9, 20, 45, 69, 70, 71, 78, 81, 82, 85, 86, 87, 92, 93). This Court should disallow such improper tactics by excluding those portions of the relevant 30(b)(6) depositions relied on by Plaintiffs.

Statement of Fact 9 improperly uses deposition testimony to establish a legal conclusion as to what health conditions constitute a disability. Defendants' counsel properly objected that such testimony calls for a legal conclusion. (Doc. 86-14 at 92:17-93:21 (counsel objected that the question called for a legal conclusion)).

Statement of Fact 20 improperly uses deposition testimony to establish the legal interest held by a state agency in the "health and safety of healthcare workers." Defendants' counsel properly objected that such testimony calls for a legal conclusion. (Doc. 86-10 at 50:23-51:3 (counsel objected that the question called for a legal conclusion)).

Statement of Fact 45 asserts a legal conclusion as to what "constitutes discrimination under the ADA." (Doc. 83, ¶ 45). The question asked at the deposition involved facts related to the

investigatory process. (Doc. 86-14 at 90:12–91:10). Questions related to discrimination determinations were properly objected to as calling for legal conclusions. (Doc. 86-14 at 91:15–94:11).

Statement of Fact 69 improperly uses deposition testimony to reach a legal conclusion as to whether it "could be" unlawful discrimination if a physician office prevented an unvaccinated individual from caring for patients. Defendants' counsel properly objected that such testimony calls for a legal conclusion. (Doc. 86-14 at 50:21–52:17 (counsel objected that the question called for a legal conclusion)).

Statement of Fact 70 improperly uses deposition testimony to reach a legal conclusion as to whether it is unlawful discrimination to require only unvaccinated individuals to wear masks in a physician office. Defendants' counsel properly objected that such testimony calls for a legal conclusion. (Doc. 86-14 at 52:22–53:16 (counsel objected that the question called for a legal conclusion)); (Doc. 86-15 at 49:2–52:22 (same)).

Statement of Fact 71 uses deposition testimony to reach a legal conclusion that it would be unlawful to terminate an unvaccinated individual at a health care facility if no reasonable accommodations could be put in place. Defendants' counsel properly objected that such

testimony calls for a legal conclusion. (Doc. 86-14 at 58:12–59:9 (counsel objected that the question called for a legal conclusion)).

Statement of Fact 78 improperly uses deposition testimony related to the legal issue of if state and federal law are in conflict. Defendants' counsel properly objected that Statement of Fact 78 called for a legal conclusion. (Doc. 86-14 at 19:17–20:13 (counsel objected that the question called for a legal conclusion)).

Statements of Fact 81 and 82 purport to establish an "intent" to "enforce" MCA § 49-2-312 on the part of Montana Department of Justice and the Montana Department of Labor and Industry, including criminal penalties. These statements were the subject of written discovery to which Defendants denied as stated. (Doc. 86-38 at 3–4). Deposition testimony to the contrary should be excluded.

Statement of Fact 85 improperly uses deposition testimony to establish the State's interest in enacting provisions of HB 702. Defendants' counsel properly objected that Statement of Fact 85 called for a legal conclusion. (Doc. 86-15 at 92:2-95:7 (counsel objected that the question called for a legal conclusion)).

Statement of Fact 86 patently calls for a legal conclusion as to a recognized conflict between "federal vaccine mandates and the penalties imposed on employers by MCA 49-2-312." Deposition testimony on this question should be excluded as it purports to establish as fact a legal element of Plaintiffs' preemption claims. Such testimony cannot be used to establish the legal position of Defendants in this case.

Statements of Fact 92 and 93 incorrectly uses a third-party 30(b)(6) deponent to establish the legal claim that failure to comply with Centers for Medicare and Medicaid Services conditions of participation subjects a facility to termination from participation in the programs. But, even if 30(b)(6) testimony could appropriately establish this legal claim, later testimony made clear that is not a correct statement of the deficiency procedure. (Doc. 86-9 at 111:3–22).

## Conclusion

In each case, Defendants (or the third-party deponent) objected to topics calling for legal conclusions prior to the 30(b)(6) deposition. Plaintiffs ignored those objections and elicited improper testimony.

This Court should simply exclude the improper testimony in accordance with well-established principles. *See Snapp*, 889 F.3d at 1104.

DATED this 2nd day of September, 2022.

    Austin Knudsen
    Montana Attorney General

    DAVID M.S. DEWHIRST
     Solicitor General

    */s/Brent Mead*
    BRENT MEAD
     *Assistant Attorney General*
    CHRISTIAN CORRIGAN
     Deputy Solicitor General
    P.O. Box 201401
    Helena, MT 59620-1401
    christian.corrigan@mt.gov
    brent.mead2@mt.gov

    *Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the word count calculated by Microsoft Word for Windows is 1,513 words, excluding tables of content and authority, certificate of service, certificate of compliance, and exhibit index.

>*/s/Brent Mead*
> BRENT MEAD

## CERTIFICATE OF SERVICE

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated: September 2, 2022              /s/ *Brent Mead*
                                      BRENT MEAD