Justin K. Cole
Kathryn S. Mahe
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
jkcole@garlington.com
ksmahe@garlington.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, et al., | CV 21-108-M-DWM |
| Plaintiffs, | |
| and | |
| MONTANA NURSES ASSOCIATION, | REPLY BRIEF IN SUPPORT OF PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT MOTION IN LIMINE |
| Plaintiff-Intervenors, | |
| v. | |
| AUSTIN KNUDSEN, et al., | |
| Defendants. | |

Plaintiffs and Plaintiff-Intervenor respectfully file this reply brief in support of their Motion in Limine to Exclude Improper Expert Opinions.  As detailed the opening brief and below, Defendants should be precluded, in limine, from offering

4891-0848-4916

1

any expert opinions outside the scope of the initial expert reports of Jayanta

Bhattacharya, M.D., Ph.D. and Ram Duriseti, M.D., Ph.D.

## I.      DISCUSSION

Defendants should not be allowed to introduce new expert opinions that

were not timely or properly disclosed.  Defendants argue that the late-disclosed

opinions of their experts should be allowed because the information relates to their

original report.  However, these opinions are clearly intended to rebut the opinions

of Plaintiffs' experts and provide new opinions that were not initially disclosed and

not included within Defendants' experts' reports.  As such, they should be

excluded in limine.

Defendants' claim that these untimely disclosed opinions are not rebuttal is

not supportable.  After Plaintiffs finished their questioning of Dr. Bhattacharya,

Defendants attempted to introduce entirely new opinions, outside the scope of

Plaintiffs' questioning and Dr. Bhattacharya's report.  For example, Dr.

Bhattacharya specifically opined that he did not believe Plaintiffs' expert, Dr.

Taylor's, analysis of a particular study was correct and then went on to opine as to

why he believed Dr. Taylor's analysis was incorrect.  Dep. Bhattacharya 51:1-

53:19, Doc. 98-2 at 5.  Dr. Bhattacharya did not and could not have incorporated

Dr. Taylor's opinions into his initial report, as the reports were disclosed

simultaneously.  Dr. Bhattacharya then goes on to criticize Dr. Taylor's

4891-0848-4916

interpretation of other studies and claim Dr. Taylor's opinions are "naïve" and inaccurate.  Dep. Bhattacharya 54:1-60:2, Doc. 98-2 at 6-7.  Similarly, Dr. Bhattacharya directly criticizes Plaintiffs' expert, Dr. King's, opinions.  Dr. Bhattacharya opines that Dr. King's opinions are "unlikely to be true" and then attempts to provide analysis to undermine Dr. King's opinions that are not found within Dr. Bhattacharya's report.  Dep. Bhattacharya 61:10-66:15, Doc. 98-2 at 7-9.  These opinions are not merely expanding upon Dr. Bhattacharya's report, but directly aimed at rebutting Plaintiffs' experts' opinions, and Defendants failed to meet deadline for disclosing such rebuttal testimony.  At a minimum, these opinions are inadmissible as neither Dr. Bhattacharya's, nor Dr. Duriseti's, reports were sufficiently complete so as to put Plaintiffs on notice of these additional opinions and bases for their opinions.  *See Arneson v. Mich. Tissue Bank*, No. CV 05-189-M-JCL, 2007 U.S. Dist. LEXIS 95918, at *11 (D. Mont. Mar. 26, 2007).  Thus, they are not admissible and should be excluded.

Likewise, the opinions contained in Dr. Duriseti's "notes" were not properly disclosed.  Dr. Duriseti's original report was twenty-six pages long, with thirty footnotes with links to studies.  Doc. 86-6.  In contrast, Dr. Duriseti's "notes" are forty-seven pages long, with seventy-eight footnotes with links to studies.  Dep Duriseti 10:24-11:15, Doc. 98-3 at 4.  Dr. Duriseti admitted that the notes contain studies not cited in his original report.  Dep. Duriseti 28:12-21, Doc. 98-3 at 7.

There is no possible way that Plaintiffs could have, on the fly, deposed Dr. Duriseti[1] related to those notes and those studies.  While Defendants claim the "notes" are merely aimed at defending Dr. Durisetti's original opinions, they offer no explanation for the *new* opinions within his "notes," such as those related to the alleged harm caused by COVID-19 vaccines.  Those opinions are found nowhere in his original report.  *See* Doc. 86-6.  Moreover, Dr. Duriseti offers direct criticism of Dr. King's and Dr. Taylor's opinions.  *See e.gs.* Doc. 98-3 at 13-14, 17-21, 45. Defendants' attempt to claim that Plaintiffs somehow opened the door to these untimely opinions is also unsupportable.  Dr. Duriseti, who was appearing remotely, testified he was utilizing the notes to testify.  Dep. Duriseti 10:10-23, Doc. 98-3 at 4.  Plaintiffs' counsel had the notes marked for the record, to clarify what Dr. Duriseti had been utilizing in his testimony, prior to seeing them.  The notes were not disclosed by Defendants prior to Dr. Duriseit's deposition.  After receiving the notes during the deposition, Plaintiffs objected that the "notes" were improper.  Dep. Duriseti 29:16-30:7, Doc 98-3 at 7-8.  Even if Plaintiffs had not

---

[1] Defendants wholly misconstrue comments of counsel related to the "notes."  Doc. 116 at 15.  Counsel for Plaintiff-Intervenor did not state that he would need an additional two hours to depose Dr. Duriseti related to the notes. Instead, counsel stated he assumed Defendants' counsel would be taking two hours to go through the notes as direct testimony at the end of the deposition, as they had done with the untimely opinions of Dr. Bhattacharya.  Dep. Duriseti 25:14-24, Doc. 98-3 at 7.  Moreover, Plaintiffs did indicate they reserved the right to reopen the deposition if the notes were not excluded.  Dep. Duriseti 30:5-7, Doc. 98-3 at 8.

objected, the mere act of marking a document as an exhibit during a deposition does not equate to a waiver of all objections to the admissibility of the document or the information therein.  *See United States v. Kearney*, 560 F.2d 1358, 1364 (9th Cir. 1977) ("only objections which can be obviated if presented at the time of taking the deposition are waived if not presented at that time").  The opinions in Dr. Duriseti's forty-seven pages of "notes," presented in numbered paragraphs, directed to the Court, and signed under penalty of perjury, are improper rebuttal, exceed his initial disclosure, and were not timely disclosed.

## II.     CONCLUSION

This Court should preclude Defendants from offering opinions from Dr. Duriseti and Dr. Bhattacharya that were not disclosed with their initial reports.


DATED this 27th day of September, 2022.



/s/  Kathryn S. Mahe
Attorneys for Plaintiffs



/s/  Raph Graybill
Attorneys for Plaintiff-Intervenor

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this Reply Brief in Support of Plaintiffs' and Plaintiff-Intervenor's Joint Motion in Limine is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Word for Microsoft 365 MSO, is 904 words long, excluding Caption, Certificate of Service and Certificate of Compliance.

/s/  Kathryn S. Mahe
Attorneys for Plaintiffs


/s/  Raph Graybill
Attorneys for Plaintiff-Intervenor