IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANA MEDICAL ASSOCIATION, et al., | CV 21–108–M–DWM |
| Plaintiffs, | |
| and | ORDER |
| MONTANA NURSES ASSOCIATION, | |
| Plaintiff-Intervenor, | |
| vs. | |
| AUSTIN KNUDSEN, et al., | |
| Defendants. | |

Plaintiffs and Plaintiff-Intervenor jointly move in limine to exclude the untimely rebuttal opinions of Defendants' experts, Jayanta Bhattacharya, M.D., Ph.D. and Ram Duriseti, M.D., Ph.D (the "Doctors"). (Doc. 96.) The motion is granted as outlined below.

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Experts that are "retained or specially employed to provide expert testimony in the case" are required to provide a written report. Fed. R. Civ. P. 26(a)(2)(B), (D). The May 20, 2022, Scheduling

1

Order ("Scheduling Order") requires rebuttal expert testimony to be disclosed within 30 days of initial expert disclosures. (Doc. 77 at ¶ 13.) Noncompliant materials may not be used "to supply evidence on a motion, at a hearing, or at trial." Fed. R. Civ. P. 37(c)(1). "Federal courts strictly enforce the expert witness disclosure requirements." *Wilderness Dev., LLC. v. Hash*, No. CV–08–54–M–JCL, 2009 WL 564224, at *3 (D. Mont. Mar. 5, 2009).

Pursuant to the Scheduling Order, (Doc. 77), and to stipulation by the parties, the rebuttal expert disclosure deadline was August 15, 2022, (Doc. 98 at ¶ 2). Plaintiffs disclosed their rebuttal experts and reports on that date. (*Id.* ¶ 6.) Defendants did not disclose any rebuttal experts. (*Id.* ¶ 7.)

Nevertheless, the Doctors' deposition testimony responded to Plaintiffs' rebuttal experts, especially to Dr. David Taylor's, M.D., MSc., and was outside of the scope of their initial expert disclosures. (Docs. 98-2, Bhattacharya Dep. 44:11–66:15, 98-3, Dep. Duriseti 28:12–21, ¶¶ at 1–3.) Their depositions included rebuttal testimony that specifically responded to Plaintiffs' expert disclosures and could not have been included in their initial reports. Because these rebuttal opinions were not timely disclosed in violation of the Scheduling Order, they are excluded under Rule 37(c)(1), unless the party's failure to comply was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). No such showing has

2

been made here. *Yeti by Molly, Ltd. v. Deckers Outdoor Co.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (explaining that the burden is on the party facing sanctions).

Accordingly, IT IS ORDERED that Plaintiffs and Plaintiff-Intervenor's motion in limine (Doc. 96) is GRANTED. The testimony of Dr. Bhattacharya and Dr. Duriseti is limited to what is fairly disclosed in their initial expert reports. (*See* Docs. 86-5, 86-6.)

DATED this 12th day of October, 2022.

Donald W. Molloy, District Judge
United States District Court