IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| MONTANA MEDICAL ASSOCIATION, et al., | CV 21–108–M–DWM |
| Plaintiffs, |  |
| and | |
| MONTANA NURSES ASSOCIATION, | FINAL PRETRIAL ORDER |
| Plaintiff-Intervenors, | |
| v. | |
| AUSTIN KNUDSEN, et al., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 16, L.R. 16.4 and the Court's Scheduling Order (Doc. 77), the parties submit this proposed Final Pretrial Order to govern the course of trial in this matter.

## I.     Nature of Action.

This case seeks declaratory judgment and a permanent injunction, prohibiting enforcement of Montana Code Annotated § 49-2-312 ("MCA 49-2-312") against hospitals, critical access hospitals, offices of private physicians, and healthcare settings that are owned by, or employ, nurses.  On May 7, 2021, Governor Gianforte signed House Bill 702 into law, which was codified as MCA, 49-2-312 to 313.  These statutes generally make it an unlawful discriminatory practice to discriminate based on vaccination status or possession of an immunity passport.

Plaintiffs and Plaintiff-Intervenor contend that MCA 49-2-312 is preempted by the Americans with Disabilities Act ("ADA"), the Occupational Safety and Health Act ("OSHA") and regulations, and the Centers for Medicare and Medicaid Services ("CMS") regulations.  Plaintiffs and Plaintiff-Intervenor further contend that MCA 49-2-312 is unconstitutional under the Montana Constitution's rights to a healthful environment and to seek safety and health (Mont. Const. art. II, § 3). Finally, Plaintiffs and Plaintiff-Intervenor contend that MCA 49-2-312 is unconstitutional because it, and the distinction created by Montana Code Annotated § 49-2-313, violate the equal protection provisions of the Montana Constitution and the United States Constitution.  Mont. Const. art. II, § 4; U.S. Const. amend. XIV.

## II.     Jurisdiction and Venue.

Plaintiffs and Plaintiff-Intervenor assert this Court has jurisdiction over Plaintiffs' and Plaintiff-Intervenor's claims pursuant to 28 U.S.C. § 1331, providing federal-question jurisdiction, 28 U.S.C. § 1343(a)(3), providing jurisdiction for cases involving the deprivation of civil rights, and 28 U.S.C. § 1367, allowing the exercise of supplemental jurisdiction.  Venue is proper in the Missoula Division as Plaintiffs Five Valleys Urology, PLLC ("Five Valleys"), Providence Health & Services – MT ("Providence"), and Western Montana Clinic, PC ("Clinic") have principal places of business and provide healthcare services in Missoula County.  Additionally, Plaintiff Mark Carpenter is a resident of and seeks healthcare services in Missoula County, Plaintiffs Wallace and Diana Page are residents of and seek healthcare services in Flathead County, Pat Appleby is a resident of and seeks healthcare services in Ravalli County.  Accordingly, a substantial part of the events giving rise to this action occurred in the Missoula Division.  28 U.S.C. § 1391(b)(2); L.R. 1.2(c)(5), 3.2(b).  Defendants do not contest venue.  (Doc. 68 at 3.)

Defendants, as noted in briefing, contest and reserve jurisdictional defenses based on the Court's Article III subject matter jurisdiction limits.  (*E.g.*, Doc. 92 at 37.)

**III.   Nonjury.**

Neither party has requested a jury trial.

**IV.   Agreed Facts.**

The following facts are agreed upon and require no proof:

(a)     Montana House Bill 702, of the 67th Legislature, Regular Session (Mont. 2021) was codified at Montana Code Annotated §§ 49-2-312 and 49-2-313.

(b)     The Montana Medical Association ("Medical Association") has members who are physicians and who practice in all medical specialties.

(c)     The Medical Association has members who are employed in hospitals, critical access hospitals, and offices of private physicians.

(d)     Providence is a nonprofit corporation located in Montana and provides healthcare services in Missoula County.

(e)     Providence operates a hospital and critical access hospital that employ physicians and healthcare professionals who provide care and treatment for patients in clinical settings.

(f)     The Clinic provides healthcare services in Missoula County.

(g)     Five Valleys provides healthcare services in Missoula County.

(h)     Plaintiff Mark Carpenter resides in Missoula County and seeks healthcare in Missoula County.

(i)     Mr. Carpenter is a kidney transplant recipient and is immunocompromised.

(j)     Plaintiff Wallace Page resides and seeks healthcare in Flathead County.

(k)     Mr. Page has been diagnosed with non-Hodgkins lymphoma and multiple myeloma, requiring ongoing chemotherapy treatment.

(l)     Mr. Page is immunocompromised.

(m)     Plaintiff Diana Jo Page is a breast cancer survivor, which required chemotherapy.

(n)     Ms. Page's breast cancer and treatments compromised her immune system.

(o)     Cheyenne Smith has Rheumatoid Arthritis.

(p)     As a result of her health condition, Ms. Smith has a compromised immune system.

(q)     Pat Appleby is a cancer survivor and has type 2 diabetes.

(r)     Due to her health condition, Ms. Appleby is immunocompromised.

(s)     Austin Knudsen is the Montana Attorney General.

(t)     Laurie Esau is the Montana Commissioner of Labor and Industry.

(u)     Since its enactment, the Montana Human Rights Bureau ("HRB") has received and investigated numerous complaints alleging discrimination in violation of MCA 49-2-312.

(v)     When claims of discrimination are filed under MCA 49-2-312, the Montana Human Rights Bureau is mandated to conduct informal investigations of alleged violations of MCA 49-2-312, and to promptly and impartially determine whether there is reasonable cause to believe that there has been a violation.

(w)    If the HRB makes a for-cause finding of discrimination under MCA 49-2-312, the case then proceeds to conciliation and, if not resolved, then to a contested case hearing.

(x)     After the HRB makes a for-cause finding, the parties cannot resolve the matter without involving the HRB.

(y)     The HRB requires targeted equitable relief to resolve a matter after there has been a for-cause finding of discrimination, in a manner that eliminates the discriminatory practice.

(z)     After there is a for-cause finding, the HRB has an obligation to seek redress for any discrimination.

(aa)    If a hearing officer finds that an entity engaged in a discriminatory practice, the Department of Labor must order that the party refrain from engaging in discriminatory conduct.

(bb)   The Department of Labor can petition the district court to enforce its orders and sue a party in district court for breach of a conciliation agreement.

(cc)   Providence participates in the federal Medicare and Medicaid programs and cares for patients covered by Medicare and Medicaid.

(dd)   Hospitals, critical access hospitals, private physician offices, nursing homes, and long-term care facilities participating in Medicare and Medicaid are subject to CMS regulations.

(ee)   Assisted living facilities are not Medicare or Medicaid certified facility providers, are not subject to the CMS conditions of participation, and do not risk losing funding from CMS based on not complying with the conditions of participation.

(ff)   Licensed nursing homes, long term care facilities, and assisted living facilities treat patients with compromised immune systems.

(gg)   Hospitals, critical access hospitals, and offices of private physicians treat patients with compromised immune systems.

(hh)   The Measles, Mumps, Rubella vaccine ("MMR"), Tetanus, Diphtheria and Pertussis vaccine ("TDaP"), Polio vaccine, Varicella vaccine, and Hepatitis B vaccine have all been approved by the Federal Drug Administration.

(ii)   Measles is a respiratory virus that transmits through either aerosol droplets or surface contact, and is highly contagious.

(jj)     Hepatitis B is transmitted through body fluid contact.

(kk)    Masking generally does not protect against bloodborne pathogens, or the spread of pathogens through surface contact.

(ll)     The Clinic, Five Valleys, and Providence all employ more than fifteen employees.

(mm) The Clinic, Five Valleys, and Providence are public accommodations.

(nn)    The HRB has made 25 for-cause findings related to violations of MCA 49-2-312, some of which are against hospitals.

(oo)    MCA 49-2-312 applies to all vaccines, not just the COVID-19 vaccine.

(pp)    MCA 49-2-312 prohibits discrimination in the terms and conditions of employment based on vaccination status or possession of an immunity passport.

(qq)    The practices prohibited by MCA 49-2-312 apply to conduct other than firing an employee who fails to provide proof of vaccination status as a condition of employment.

(rr)     On April 28, 2021, Montana Governor Greg Gianforte returned House Bill 702 with a proposed amendment that added the sections codified as MCA § 49-2-312(3)(b) and § 49-2-313.

(ss)     On April 28, 2021, the Montana House of Representatives adopted the Governor's amendment.

(tt)    On April 29, 2021, the Montana Senate adopted the Governor's amendment.

(uu)   On May 7, 2021, Governor Gianforte signed MCA 49-2-312 and 313 into law.

(vv)   Immunocompromised individuals seek healthcare from Montana physicians, hospitals, critical access hospitals, and other healthcare facilities.

(ww)  Natural/recovered immunity reduces the risk of an individual contracting and transmitting vaccine-preventable illnesses.

(xx)   An individual who obtains natural immunity to an infectious disease (through natural infection and recovery) is less likely to contract a vaccine-preventable disease than an individual who does not have such immunity to that same disease.

(yy)   An individual who obtains natural immunity to an infectious disease (through natural infection and recovery) is less likely to spread a vaccine-preventable disease to another than an individual who does not have such immunity to that same disease.

(zz)   Vaccination and/or natural/recovered immunity reduces the risk of Measles infection.

(aaa)  Vaccination and/or natural/recovered immunity reduces the risk of Rubella infection.

(bbb)  Vaccination and/or natural/recovered immunity reduces the risk of Hepatitis B infection.

(ccc)  The MMR and Hepatitis B vaccines have clearly demonstrated reduction in the transmission of disease.

(ddd)  Offices of private physicians are excluded from the definition of "healthcare facility," as defined in Montana Code Annotated § 50-5-101(26).

## V.      Elements of Liability.

Claim I:  ADA preemption based upon the conflict between MCA 49-2-312 and an employers' obligations under the ADA to make reasonable accommodations and engage in the interactive process.  Under this claim, Plaintiffs and Plaintiff-Intervenor must prove that compliance with both the ADA and MCA 49-2-312 is impossible, or that MCA 49-2-312 stands as an obstacle to the accomplishment and execution of the full purposes and objectives of the ADA. Defendants assert Plaintiffs and Plaintiff-Intervenor must also establish a prima facie case under Title I of ADA and that MCA 49-2-312 prohibits implementing all reasonable accommodations under the circumstances of the prima facie case. Plaintiffs and Plaintiff-Intervenor disagree that those are required elements.

Claim II:  ADA preemption based upon the conflict between MCA 49-2-312 and a public accommodations' obligations under the ADA to provide individuals with disabilities the full and equal enjoyment of goods, services, facilities,

privileges, advantages, or accommodations and to make reasonable modifications to afford such enjoyment to individuals with disabilities. Plaintiffs and Plaintiff-Intervenor must prove that compliance with both the public accommodations provisions of the ADA and MCA 49-2-312 is impossible, or that MCA 49-2-312 stands as an obstacle to the accomplishment and execution of the full purposes and objectives of the ADA. Defendants assert Plaintiffs and Plaintiff-Intervenor must also establish a prima facie case under Title III of ADA and that MCA 49-2-312 prohibits implementing all reasonable accommodations under the circumstances of the prima facie case. Plaintiffs and Plaintiff-Intervenor disagree that those are required elements.

Claim III: OSHA preemption based upon the conflict between MCA 49-2-312 and OSHA's general duty clause. Plaintiffs and Plaintiff-Intervenor must prove that compliance with OSHA, 29 U.S.C. § 654(a)(1), and MCA 49-2-312 is impossible, or that MCA 49-2-312 stands as an obstacle to the accomplishment and execution of the full purposes and objectives of OSHA.

Claim IV: OSHA preemption based upon the conflict between MCA 49-2-312 and 29 U.S.C. § 654(a)(2) and OSHA regulations. Plaintiffs and Plaintiff-Intervenor must prove that compliance with OSHA regulations, specifically 29 C.F.R. § 1910.502 (as well as related regulations such as a permanent standard) or 29 C.F.R. § 1910.1030, and MCA 49-2-312 is impossible, or that MCA 49-2-312

11

stands as an obstacle to the accomplishment and execution of the full purposes and objectives of OSHA.

Claim V:  Violation of the Montana constitutional right to seek health.  The individual Plaintiffs and Plaintiff-Intervenor must prove that MCA 49-2-312 unconstitutionally infringes upon their right to seek healthcare, as well as Plaintiff-Intervenor's members' right to seek employment in a safe and healthful manner. This implicates a fundamental right and Defendants bear the burden of establishing MCA 49-2-312 satisfies strict scrutiny.

Claim VI:  Violation of the Montana Constitutional right to equal protection under the law.  Plaintiffs and Plaintiff-Intervenor must prove that Defendants, through MCA 49-2-312 and 49-2-313, have adopted classifications that affect two or more similarly situated groups in an unequal manner, thereby denying equal protection of the law.  Plaintiffs and Plaintiff-Intervenor must prove any one of the following:

- Plaintiffs must prove that hospitals[1] are similarly situated to nursing homes, long-term care facilities, and assisted living facilities ("Exempted Facilities") and that there is no rational basis for their different treatment under MCA 49-2-312 and 49-2-313.

---

[1] The term "hospitals" in this section refers to hospitals and critical access hospitals.

- Plaintiffs must prove that offices of private physicians are similarly situated to Exempted Facilities and that there is no rational basis for their different treatment under MCA 49-2-312 and 49-2-313.

- Plaintiffs must prove that offices of private physicians are similarly situated to "health care facilities," as defined in Montana Code Annotated § 50-5-101, and that there is no rational basis for their different treatment under MCA 49-2-312.

- Plaintiffs must prove that MCA 49-2-312 and 49-2-313 impinge on the fundamental right to seek health, and that patients of hospitals are similarly situated to patients of Exempted Facilities.  Defendants then must establish that the distinctions drawn between patients of hospitals and patients of Exempted Facilities by MCA 49-2-312 and 49-2-313 further a compelling state interest and have been narrowly tailored to accomplish that interest;

- Plaintiffs must prove that MCA 49-2-312 impinges on the fundamental right to seek health, and that patients of offices of private physicians are similarly situated to patients of Exempted Facilities.  Defendants then must establish that the distinctions drawn between patients of offices of private physicians and patients of Exempted Facilities by MCA 49-2-312 and 49-2-313 further a compelling state interest and have been narrowly tailored to accomplish that interest.

- Plaintiffs must prove that MCA 49-2-312 impinges on the fundamental right to seek health, and that patients of offices of private physicians are similarly situated to patients of "health care facilities," as defined in Montana Code Annotated § 50-5-101.  Defendants then must establish that the distinctions drawn between patients of offices of private physicians and patients of "health care facilities" by MCA 49-2-312 further a compelling state interest and have been narrowly tailored to accomplish that interest.

- Plaintiff-Intervenor must prove that MCA 49-2-312 and 49-2-313 impinge on the fundamental right to seek health and the right to seek employment in a safe and healthful manner, and that nurses in hospitals are similarly situated to nurses in Exempted Facilities.  Defendants then must establish that the distinctions drawn between nurses in hospitals and nurses in Exempted Facilities by MCA 49-2-312 and 49-2-313 further a compelling state interest and have been narrowly tailored to accomplish that interest.

- Plaintiff-Intervenor must prove that MCA 49-2-312 impinges on the fundamental right to seek health and the right to seek employment in a safe and healthful manner, and that nurses in offices of private physicians are similarly situated to nurses in Exempted Facilities.  Defendants then must establish that the distinctions drawn between nurses in offices of private physicians and nurses in Exempted Facilities by MCA 49-2-312 and

14

49-2-313 further a compelling state interest and have been narrowly tailored to accomplish that interest.

- Plaintiff-Intervenor must prove that MCA 49-2-312 impinges on the fundamental right to seek health and the right to seek employment in a safe and healthful manner, and that nurses in offices of private physicians are similarly situated to nurses in "health care facilities," as defined in Montana Code Annotated § 50-5-101. Defendants then must establish that the distinctions drawn between nurses in offices of private physicians and nurses in "health care facilities" by MCA 49-2-312 further a compelling state interest and have been narrowly tailored to accomplish that interest.

<u>Claim VII</u>:  Violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Plaintiffs and Plaintiff-Intervenor must prove that Defendants, through MCA 49-2-312 and 49-2-313, have adopted classifications that affect two or more similarly situated groups in an unequal manner, thereby denying equal protection of the law. Plaintiffs and Plaintiff-Intervenor must prove any one of the following:

- Plaintiffs must prove that hospitals are similarly situated to Exempted Facilities and that there is no rational basis for their different treatment under MCA 49-2-312 and 49-2-313.

- Plaintiffs must prove that offices of private physicians are similarly situated to Exempted Facilities and that there is no rational basis for their different treatment under MCA 49-2-312 and 49-2-313.

- Plaintiffs must prove that offices of private physicians are similarly situated to "health care facilities," as defined in Montana Code Annotated § 50-5-101, and that there is no rational basis for their different treatment under MCA 49-2-312.

- Plaintiffs must prove that MCA 49-2-312 and 49-2-313 impinge on the fundamental right to seek health, and that patients of hospitals are similarly situated to patients of Exempted Facilities.  Defendants then must establish that the distinctions drawn between patients of hospitals and patients of Exempted Facilities by MCA 49-2-312 and 49-2-313 further a compelling state interest and have been narrowly tailored to accomplish that interest.

- Plaintiffs must prove that MCA 49-2-312 impinges on the fundamental right to seek health, and that patients of offices of private physicians are similarly situated to patients of Exempted Facilities.  Defendants then must establish that the distinctions drawn between patients of offices of private physicians and patients of Exempted Facilities by MCA 49-2-312 and 49-2-313 further a compelling state interest and have been narrowly tailored to accomplish that interest.

- Plaintiffs must prove that MCA 49-2-312 impinges on the fundamental right to seek health, and that patients of offices of private physicians are similarly situated to patients of "health care facilities," as defined in Montana Code Annotated § 50-5-101.  Defendants then must establish that the distinctions drawn between patients of offices of private physicians and patients of "health care facilities" by MCA 49-2-312 further a compelling state interest and have been narrowly tailored to accomplish that interest.

- Plaintiff-Intervenor must prove that MCA 49-2-312 and 49-2-313 impinge on the fundamental right to seek health and the right to seek employment in a safe and healthful manner, and that nurses in hospitals are similarly situated to nurses in Exempted Facilities.  Defendants then must establish that the distinctions drawn between nurses in hospitals and nurses in Exempted Facilities by MCA 49-2-312 and 49-2-313 further a compelling state interest and have been narrowly tailored to accomplish that interest.

- Plaintiff-Intervenor must prove that MCA 49-2-312 impinges on the fundamental right to seek health and the right to seek employment in a safe and healthful manner, and that nurses in offices of private physicians are similarly situated to nurses in Exempted Facilities.  Defendants then must establish that the distinctions drawn between nurses in offices of private physicians and nurses in Exempted Facilities by MCA 49-2-312 and

17

49-2-313 further a compelling state interest and have been narrowly tailored to accomplish that interest.

- Plaintiff-Intervenor must prove that MCA 49-2-312 impinges on the fundamental right to seek health and the right to seek employment in a safe and healthful manner, and that nurses in offices of private physicians are similarly situated to nurses in "health care facilities," as defined in Montana Code Annotated § 50-5-101.  Defendants then must establish that the distinctions drawn between nurses in offices of private physicians and nurses in "health care facilities" by MCA 49-2-312 further a compelling state interest and have been narrowly tailored to accomplish that interest.

Claim VIII:  MCA 49-2-312 is preempted by the CMS Regulations.

- All vaccines:  Plaintiffs and Plaintiff-Intervenor must prove that the CMS Conditions of Participation for hospitals, codified in the Code of Federal Regulations, preempt MCA 49-2-312.  Plaintiffs and Plaintiff-Intervenor must prove that compliance with CMS regulations and MCA 49-2-312 is impossible, or that MCA 49-2-312 stands as an obstacle to the accomplishment and execution of the full purposes and objectives of the CMS regulations.

- Omnibus Covid-19 Health Care Staff Vaccination Rule:  Plaintiffs and Plaintiff-Intervenor must prove that compliance with both the CMS Omnibus Covid-19 Health Care Staff Vaccination Rule, codified in the Code of Federal Regulations, and MCA 49-2-312 is impossible, or that MCA 49-2-312 stands as an obstacle to the accomplishment and execution of the full purposes and objectives of the CMS regulations.

<u>Permanent Injunction</u>:  Plaintiffs and Plaintiff-Intervenor seek a permanent injunction prohibiting Defendants from enforcing MCA 49-2-312 against offices of private physicians, hospitals, critical access hospitals, the physicians who practice in such, and health care entities where nurses work.  Plaintiffs and Plaintiff-Intervenor must prove:

- Actual success on the merits;
    - MCA 49-2-312 is preempted or unconstitutional under one of the claims above.

- They have or likely will suffer irreparable injury;

- Remedies at law are inadequate;

- Balance of hardships justifies the injunction; and,

- The public interest would not be disserved by a permanent injunction.

## VI.  Defense Elements.

The following are elements of defenses asserted by Defendants:

Claim I: Violation of Employers Obligations Under the Americans with Disabilities Act to Make Reasonable Accommodations

- Defenses to Claim I:

  - Plaintiffs[2] fail to state a claim upon which relief can be granted

  - Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested

  - Plaintiffs can mitigate some or all of their alleged injuries

  - Plaintiffs lack standing

Claim II: Violation of the Public Accommodation Provision of the Americans with Disabilities Act

- Defenses to Claim II:

  - Plaintiffs fail to state a claim upon which relief can be granted

  - Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested

  - Plaintiffs can mitigate some or all of their alleged injuries

  - Plaintiffs lack standing

Claim III: Violation of the Occupational Safety and Health Act

---

[2] Unless specifically noted otherwise, Plaintiffs in this section refers to both Plaintiffs and Plaintiff-Intervenor.

- Defenses to Claim III:

    o Plaintiffs fail to state a claim upon which relief can be granted

    o Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested

    o Plaintiffs can mitigate some or all of their alleged injuries

    o Plaintiffs lack standing

    o To the extent 29 U.S.C. § 654(a)(1) is interpreted to preempt Mont. Code. Ann. § 49-2-312, it violates the Tenth Amendment to the United States Constitution

        ▪ Defendants must prove the statute

            • seeks to exercise power beyond what was delegated to the federal government

    o To the extent 29 U.S.C. § 654(a)(1) is interpreted to preempt Mont. Code. Ann. § 49-2-312, it violates the Anti-Commandeering Doctrine of Tenth Amendment to the United States Constitution

        ▪ Defendants must prove the statute:

            • issues a direct order to a state government; and

            • commandeers state officers into administering federal law

<u>Claim IV: Violation of Occupational Safety and Health Act Regulation</u>

- Defenses to Claim IV

    o Plaintiffs fail to state a claim upon which relief can be granted

    o Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested

    o Plaintiffs can mitigate some or all of their alleged injuries

    o Plaintiffs lack standing

    o To the extent 29 C.F.R. § 1910.502 is interpreted to preempt Mont. Code. Ann. § 49-2-312, it violates the Tenth Amendment to the United States Constitution

        ▪ Defendants must prove the statute:

            • seeks to exercise power beyond what was delegated to the federal government

    o To the extent 29 C.F.R. § 1910.502 is interpreted to preempt Mont. Code. Ann. § 49-2-312, it violates the Anti-Commandeering Doctrine of Tenth Amendment to the United States Constitution

        ▪ Defendants must prove the regulation:

            • issues a direct order to a state government; or

- commandeers state officers into administering federal law

## Claim V: Violation of Article II, Section 3 of the Montana Constitution

- Defenses to Claim V:
  - Plaintiffs fail to state a claim upon which relief can be granted
  - Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested
  - Plaintiffs can mitigate some or all of their alleged injuries
  - Plaintiffs lack standing
  - Only the right to seek health in all lawful ways remains at issue in this case

## Claim VI: Violation of the Equal Protection Clause of the Montana Constitution

- Defenses to Claim VI:
  - Plaintiffs fail to state a claim upon which relief can be granted
  - Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested
  - Plaintiffs can mitigate some or all of their alleged injuries
  - Plaintiffs lack standing

## Claim VII: Violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution

- Defenses to Claim VII:

    o No federal fundamental right is implicated

    o Plaintiffs fail to state a claim upon which relief can be granted

    o Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested

    o Plaintiffs can mitigate some or all of their alleged injuries

    o Plaintiffs lack standing

## Claim VIII: Violation of Centers for Medicare and Medicaid Regulations

- Defenses to Claim VII (42 C.F.R. §482.41)

    o Plaintiffs fail to state a claim upon which relief can be granted

    o Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested

    o Plaintiffs can mitigate some or all of their alleged injuries

    o Plaintiffs lack standing

- Defenses to Claim VII (42 C.F.R. §482.42)

    o Plaintiffs fail to state a claim upon which relief can be granted

    o Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested

    o Plaintiffs can mitigate some or all of their alleged injuries

    o Plaintiffs Lack Standing

- Defenses to Claim VII (42 C.F.R. §482.42(g))

  o Plaintiffs fail to state a claim upon which relief can be granted

  o Plaintiffs fail to state sufficient facts showing that they are entitled to the relief requested

  o Plaintiffs can mitigate some or all of their alleged injuries

  o Plaintiffs lack standing

  o 42 C.F.R. §482.42(g) is unenforceable because it exceeds the Agency's statutory authority

    ▪ Defendants must prove 42 C.F.R. §482.42(g) exceeds the authority granted to the Agency by 42 U.S.C. § 1302, 42 U.S.C. § 1395(x)(e)(9), § 1395i–4(e), and § 1395k(a)(2)(F)(i):

      • The agency's interpretation of the statutes are contrary to the plain language of the statutes; or

      • The statutes are ambiguous

        o The Agency's interpretation is unreasonable

  o 42 C.F.R. §482.42(g) is unenforceable because it violates 42 U.S.C. § 1395

    ▪ Defendants must prove the Social Security Act, 42 U.S.C. §1395hh(b)(1), required the Agency to provide for notice of the

proposed regulation in the federal register for 60 days prior to going into effect

- The regulation is a substantive legal standard affecting the payment for services under Medicare

o 42 C.F.R. §482.42(g) is unenforceable because it violates 42 U.S.C. § 1395z

■ Defendants must prove the Agency violated the mandatory consultation requirement in 42 U.S.C. 1395z:

- The regulation constitutes a major change relating to the determination of conditions of participation by providers of services; and

- The Agency did not consult with State Agencies during the deferred notice-and-comment period

o 42 C.F.R. §482.42(g) is unenforceable because it violates Sections 5 U.S.C.§ 553 (b)–(c) of the Administrative Procedure Act

■ Defendant must prove the regulation was issued in violation of the Administrative Procedure Act's Notice-and-Comment requirement:

- 42 C.F.R is a "rule" under the Administrative Procedure Act

- 42 C.F.R. §482.42(g) was issued without notice-and-comment

- There was not "good cause" for the Agency to issue 42 C.F.R. §482.42(g) without notice-and-comment pursuant to 5 U.S.C. §553(b)(B) and §553(d)(3)

o 42 C.F.R. §482.42(g) is unenforceable because it violates the Spending Clause

  ▪ Defendants must prove:

  - 42 C.F.R. §482.42(g) is an unconstitutional condition on Defendants' receipt of federal funds

    o Congress did not impose a condition on the grant of federal moneys unambiguously

    o Noncompliance with the regulation threatens a substantial portion of Defendants' budget and leaves them no choice but to acquiesce

o 42 C.F.R. §482.42(g) is unenforceable because it violates the Tenth Amendment

  ▪ Defendants must prove the statute:

  - seeks to exercise power beyond what was delegated to the federal government

- o 42 C.F.R. §482.42(g) is unenforceable because it violates the Anti-Commandeering Doctrine of Tenth Amendment to the United States Constitution
  - ▪ Defendants must prove the regulation:
    - • issues a direct order to a state government; or
    - • commandeers state officers into administering federal law
- o 42 C.F.R. §482.42(g) is unenforceable because it violates the Administrative Procedure Act, 5 U.S.C. § 706
  - ▪ Defendants must prove the regulation violates 5 U.S.C. § 706 because it is arbitrary, capricious, and abuse of discretion:
    - • The agency has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem; or
    - • Offered an explanation for its decision that runs counter to the evidence before the agency; or
    - • Is so implausible that it could not be ascribed to a difference in view or the product of agency expertise
- o If 42 C.F.R. §482.42(g) is a valid exercise of the Agency's authority under the Social Security Act, it violates the non-delegation doctrine

- Defendants must prove that, under this interpretation of the Social Security Act, both the degree of agency discretion and the scope of the power conferred are limitless
- Defendants must prove that whether all healthcare workers must be vaccinated is a major policy question

Permanent Injunction

To be entitled to a permanent injunction, a plaintiff must demonstrate:

(1)    actual success on the merits;

(2)    that it has suffered an irreparable injury;

(3)    that remedies available at law are inadequate;

(4)    that the balance of hardships justify a remedy in equity; and

(5)    that the public interest would not be disserved by a permanent injunction.

- The scope of Plaintiffs' relief is limited to the specific settings identified in the pleadings

-

**VII.  Relief Sought.**

**Plaintiffs seek**:

(a)    A declaration that MCA 49-2-312 is invalid and unenforceable against offices of private physicians (as identified in § 50-5-101(26), MCA)

29

and the physicians who own, run, or practice in offices of private physicians to the following extent:

(i)    The phrases "employment opportunities" and "advantages [and] privileges" (to the extent such advantages and privileges implicate employment opportunities) in MCA 49-2-312(1)(a) are invalid and unenforceable,

(ii)    MCA 49-2-312(1)(b) is invalid and unenforceable in its entirety, and

(iii)    The phrase "or otherwise discriminate" in MCA 49-2-312(1)(c) is invalid and unenforceable.

(b)    A permanent injunction prohibiting the Defendants from enforcing MCA 49-2-312 against offices of private physicians and the physicians who own, run, or practice in offices of private physicians to the following extent:

(i)    A permanent injunction against enforcing the phrases "employment opportunities" and "advantages [and] privileges" (to the extent such advantages and privileges implicate employment opportunities) in MCA 49-2-312(1)(a),

(ii)    A permanent injunction against enforcing MCA 49-2-312(1)(b) in its entirety, and

> (iii)   A permanent injunction against enforcing the phrase "or otherwise discriminate" in MCA 49-2-312(1)(c).

(c)   A declaration that MCA 49-2-312 is invalid and unenforceable against hospitals and critical access hospitals, and the physicians who practice in them to the following extent:

> (i)   The phrases "employment opportunities" and "advantages [and] privileges" (to the extent such advantages and privileges implicate employment opportunities) in MCA 49-2-312(1)(a) are invalid and unenforceable,
>
> (ii)   MCA 49-2-312(1)(b) is invalid and unenforceable, and
>
> (iii)   The phrase "or otherwise discriminate" in MCA 49-2-312(1)(c) is invalid and unenforceable.

(d)   A permanent injunction prohibiting the Defendants from enforcing MCA 49-2-312(1) against hospitals, critical access hospitals, and the physicians who practice in them to the following extent:

> (i)   A permanent injunction against enforcing the phrases "employment opportunities" and "advantages [and] privileges" (to the extent such advantages and privileges implicate employment opportunities) in MCA 49-2-312(1)(a),

31

    (ii)    A permanent injunction against enforcing MCA 49-2-312(1)(b) in its entirety, and

    (iii)   A permanent injunction against enforcing the phrase "or otherwise discriminate" in MCA 49-2-312(1)(c).

(e)    A declaration that MCA 49-2-312 is invalid and unenforceable against facilities covered by the CMS Conditions of Participation.

(f)    A permanent injunction prohibiting the Defendants from enforcing MCA 49-2-312 against facilities covered by the CMS Conditions of Participation.

(g)    Attorney's fees, including litigation expenses, and costs.

**Plaintiff-Intervenor seeks:**

(a)    A declaration that MCA 49-2-312 is invalid and unenforceable within healthcare settings to the following extent:

    (i)    The phrases "employment opportunities" in MCA 49-2-312(1)(a) is invalid and unenforceable,

    (ii)    The terms "facilities, advantages, privileges" and other terms in MCA 49-2-312(1)(a) are invalid and unenforceable to the extent they are construed to apply in the employment context in healthcare settings,

    (iii)   MCA 49-2-312(1)(b) is invalid and unenforceable, and

     (iv)   The terms "exclude," "limit," "segregate," and "or otherwise discriminate" in MCA 49-2-312(1)(c) is invalid and unenforceable in the employment context in healthcare settings.

(b)   A permanent injunction prohibiting the Defendants from enforcing MCA 49-2-312 in healthcare settings to the following extent:

     (i)   A permanent injunction against enforcing the phrase "employment opportunities" in MCA 49-2-312(1)(a),

     (ii)   A permanent injunction against enforcing the terms "Facilities, advantages, privileges" and other terms in in MCA 49-2-312(1)(a) to the extent they are construed to apply in the employment context in healthcare settings,

     (iii)   A permanent injunction against enforcing MCA 49-2-312(1)(b), and

     (iv)   A permanent injunction against enforcing the terms "exclude," "limit," "segregate," or "or otherwise discriminate" in MCA 49-2-312(1)(c) in the employment context in healthcare settings.

(c)   A declaration that MCA 49-2-312 is invalid and unenforceable against healthcare settings in Montana employing Montana Nurses

Association members that are covered by the CMS Conditions of Participation.

(d)    A permanent injunction prohibiting the Defendants from enforcing MCA 49-2-312 against healthcare settings in Montana employing Montana Nurses Association members that are covered by the CMS Conditions of Participation.

(e)    Attorney's fees, including litigation expenses, and costs

## V.    Legal Issues

The Parties have outstanding Motions for Summary Judgment and Motions in Limine, which detail the legal issues.  The main legal issues are whether MCA 49-2-312 is preempted by the ADA, OSHA, or CMS regulations and whether MCA 49-2-312 is unconstitutional under the Montana or United States Constitution.  Plaintiffs and Plaintiff-Intervenor further dispute that the defenses asserted by Defendants are viable.  The final issue is whether a permanent injunction should issue.

## VI.    Dismissals

The Parties have previously stipulated to the dismissal of Plaintiffs Joel Peden and Lois Fitzpatrick.

## VII. Discovery Documents

Plaintiffs and Plaintiff-Intervenor may offer the following discovery documents:

### Defendants' Responses to Plaintiffs' First Combined Discovery Requests:

- Response to Request for Admission No. 1
- Response to Request for Admission No. 2
- Response to Request for Admission No. 4
- Response to Request for Admission No. 5
- Response to Request for Admission No. 13
- Response to Request for Admission No. 19
- Response to Request for Admission No. 21
- Answer to Interrogatory No. 8
- Answer to Interrogatory No. 9
- Answer to Interrogatory No. 10

### Defendants' Second Supplemental Responses to Plaintiffs' First Combined Discovery Requests:

- First Supp. Response to Request for Admission No. 7
- First Supp. Response to Request for Admission No. 8
- First Supp. Response to Request for Admission No. 10
- First Supp. Response to Request for Admission No. 12

### Defendants' Responses to Plaintiff's Second Combined Discovery Requests:

- Response to Request for Admission No. 29
- Response to Request for Admission No. 30
- Answer to Interrogatory No. 14

Defendants will offer the following discovery documents:

### Plaintiffs' Responses to Defendants' First Combined Discovery Requests

- Response to Request for Admission No. 5

35

- Response to Request for Admission No. 6
- Response to Request for Admission No. 7
- Answer to Interrogatory No. 5
- Answer to Interrogatory No. 12
- Answer to Interrogatory No. 13
- Answer to Interrogatory No. 14

Plaintiffs' Fourth Supplemental Responses to Defendants First Combined Discovery Requests

- First Supplemental Answer to Interrogatory No. 5
- First Supplemental Answer to Interrogatory No. 12

Plaintiff-Intervenor's Responses to Defendants First Combined Discovery Requests

- Response to Request for Admission No. 1
- Response to Request for Admission No. 2
- Response to Request for Admission No. 14
- Response to Request for Admission No. 15
- Response to Request for Admission No. 16
- Answer to Interrogatory No. 9
- Answer to Interrogatory No. 10
- Answer to Interrogatory No. 12
- Answer to Interrogatory No. 13

## VIII. Estimate of Trial Time

The parties estimate that Plaintiffs and Plaintiff-Intervenor will require two and one-half days of trial to complete their case in chief. Defendants estimate it will require two days to complete their case in chief. Plaintiffs and Plaintiff-Intervenor will call 6 lay witnesses and 5 expert witnesses. Plaintiffs and Plaintiff-Intervenor may call an additional 3 lay witnesses. Defendants will call 3 lay

witnesses and 2 expert witnesses.  The Parties have stipulated that, to the extent Plaintiffs and Plaintiff-Intervenor would typically call some of Defendants' witnesses during their case-in-chief, examination will be done at one time, without regard to the case-in-chief.

## IX. Additional Stipulations Regarding Trial Proceedings

If the Court is in agreement, the Parties stipulate as follows:

a.  The Parties stipulate that expert reports not excluded pretrial through Motions in Limine will serve as each expert's direct testimony, subject to cross-examination at trial.

b.  The Parties stipulate that evidence may presented without regard to each Party's case-in-chief, and that witnesses may be called out of order based upon witness availability.

c.  The parties stipulate that the 30(b)(6) Designees of the Montana Human Rights Bureau (Marieke Beck), the Attorney General's Office (Derek Oestreicher), the Montana Department of Public Health and Human Services (Carter Anderson); and the Montana Department of Labor and Industry (John Elizandro) may be considered witnesses who are identified with a party adverse to the Plaintiffs and Plaintiff-

Intervenor under F. R. Evid. 611(c)(2).  Accordingly, at trial,

Plaintiffs' and Plaintiff-Intervenor's counsel may question Ms. Beck,

Mr. Oestreicher, and Mr. Elizandro using leading questions.

## X.  Supersession.

This Order supersedes the pleadings in this matter.

DATED this 17th day of October, 2022.

_____
Attorneys for Plaintiffs

_____
Attorneys for Plaintiff-Intervenor

_____
Attorneys for Defendants

DATED this ____ day of October, 2022.

_____
Donald W. Molloy, District Judge
United States District Court